# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOVETT AUTO & TRACTOR PARTS, INC., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., and ARVINMERITOR, INC.,<br><br>    Defendants. | Case No.: 08–CV–2046<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Arlander Keys |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PRETRIAL PROCEEDINGS PENDING THE MULTIDISTRICT LITIGATION MOTION TO CONSOLIDATE AND TRANSFER

Defendants[1] seek to stay all pretrial proceedings in these purported antitrust class actions until the Judicial Panel of Multidistrict Litigation (the "MDL Panel") determines plaintiffs' pending motions to consolidate and transfer this action, with at least thirty-two other similar actions, filed in eight different jurisdictions. It is well established that "[t]he interest of judicial economy is often best served by staying preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997).

---

[1]   Defendants are Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Corp LLC, Cummins Filtration Inc., Donaldson Company, Inc., Baldwin Filters Inc., Robert Bosch LLC (incorrectly named by Plaintiffs as Bosch U.S.A.), Mann + Hummel U.S.A., Inc., and ArvinMeritor, Inc.

The Court should grant this motion because (i) a stay will not cause undue prejudice to any party since these actions and the other related actions are at very early stages; (ii) the absence of a stay will cause undue hardship and inequity to Defendants in that they will be forced to expend resources in duplicative efforts in defending, on an individual basis, these actions and the consolidated actions; and (iii) the Court itself can avoid investing time in a case that may be transferred elsewhere.

## PROCEDURAL BACKGROUND

The first of these purported antitrust class actions, S&E Quick Lube, was filed in the District of Connecticut on March 31, 2008. At least thirty-two other substantially similar actions have been filed in eight jurisdictions: the District of Connecticut (16 actions), the Northern District of Illinois (5 actions), the Southern District of Illinois (6 actions), the Eastern District of Tennessee (1 action), the Middle District of Tennessee (1 action), the District of New Jersey (3 actions), and the Northern District of California (1 action).[2]

---

[2]    The following actions currently are pending in the District of Connecticut: *S&E Quick Lube Distributors, Inc. v. Champion Laboratories, Inc.* (Judge Arterton); *Flash Sales Inc. v. Champion Laboratories, Inc.* (Judge Droney); *William C. Bruene d/b/a Lone Star Lube v. Champion Laboratories, Inc.* (Judge Underhill); *T.D.S. Company, Inc., d/b/a TWI Auto Parts & Supplies v. Champion Laboratories, Inc.* (Judge Arterton); *Barjan LLC v. Champion Laboratories, Inc.* (Judge Arterton); *Packard Automotive, Inc. v. Honeywell International Inc.* (Judge Dorsey); *The Parts Plus Group, Inc. v. Champion Laboratories, Inc.* (Judge Arterton); *Ward's Auto Painting & Body Works, Inc. v. Champion Laboratories, Inc.* (Judge Arterton); *Justin Austin III. v. Honeywell International Inc.*, (Judge Dorsey); *Francis Doll III, et al., v. Champion Laboratories, Inc.* (Judge Eginton); *Gemini of Westmont, inc. v. Champion Laboratories, Inc.* (Judge Kravitz); *Gasoline and Automotive Service Dealers of America, Inc. v. Champion Laboratories, Inc.* (Judge Bryant); *G.W.C. Distributors, Inc. v. Champion Laboratories, Inc.* (Judge Droney); *David Stoll v. Honeywell International, Inc.* (Judge Eginton); and *A&L Systems, Inc. v. Champion Laboratories* (TBD). The following actions currently are pending in the Northern District of Illinois: *Lovett Auto & Tractor Parts, Inc. v. Champion Laboratories, Inc.* (Judge Gettleman); *Neptune Warehouse Distributors, Inc. v. Champion Laboratories, Inc.* (Judge Pallmeyer); *S.A.E. Warehouse, Inc. v. Champion Laboratories, Inc.* (Judge Shadur); *Pawnee/S.A.E. Warehouse, Inc. v. Champion Laboratories, Inc.* (Judge Shadur); *Hovis Auto Supply, Inc. v. Robert Bosch LLC* (Judge Norgle); and *Monroe Motor Products Corp. v. Champion Laboratories, Inc.* (Judge Hart). The following actions currently are pending in the Southern District of Illinois: *Manasek Auto Parts, Inc. d/b/a Undercar Warehouse v. Champion Laboratories, Inc.* (Judge Herndon); *Big T., t/d/b/a A to Z Auto Parts v. Champion Laboratories, Inc.* (Judge Herndon); *Cal's Auto Service, Inc. v. Champion Laboratories, Inc.* (Judge Reagan); *WWD Parts, Inc., d/b/a Parts For Imports v. Champion Laboratories, Inc.* (Judge Gilbert); *Muralt's, Inc. v. Champion Laboratories, Inc.* (Judge Herndon); and *G&H Import Auto Inc. v. Champion Laboratories, Inc.* (Gilbert). One case currently is pending in the Eastern District of Tennessee: *Randall Bethea, et al. v. Champion Laboratories, Inc.* (Judge Greer). One case is currently pending in the Middle District of Tennessee: *Werner Aero Services v. Champion Laboratories, Inc.* (Judge Echols). Three actions are currently pending in the District of New Jersey: *Central Warehouse Sales Corporation v. Champion Laboratories, Inc.* (Judge Hayden); *Worldwide Equipment, Inc. v. Honeywell International Inc.* (Judge Walls); and *All American Plazas of New Jersey, Inc. v.*

All thirty-three complaints make essentially the same factual allegations, cover the same time period and products, and are brought against the same group of defendants. Each complaint, in summary, alleges that the Defendants conspired to fix, raise, maintain or stabilize prices, rig bids and allocate customers of replacement (*i.e.*, aftermarket) oil, air, fuel, and transmission filters ("Filters") in the United States in violation of federal and state antitrust law. All complaints propose a class period from January 1, 1999 to the present, and allege classes of plaintiffs (either direct or indirect purchasers) who purportedly suffered injury as a result of the alleged illegal conduct. Nearly all of the complaints contain allegations purportedly based on information provided by a senior sales executive who formerly was employed by two of the defendants. All of these antitrust cases are in their initial procedural stages. Defendants have not yet responded to the complaints. Indeed, some defendants have not been served in several of the cases.

On April 11, 2008, Lovett Auto moved the MDL Panel to consolidate and transfer these actions to the Northern District of Illinois under 28 U.S.C. §1407.[3]  Four days later, on April 15, plaintiff S&E Quick Lube, and other plaintiffs who filed suit in Connecticut, moved the MDL Panel to consolidate and transfer these pending actions to the District of Connecticut.[4]  On May 8, 2008, Defendants filed a memorandum supporting consolidation and transfer of these cases to the District of Connecticut and opposing transferring these actions to the Northern District of Illinois. Also on May 8, Neptune Warehouse Distributors, Inc., joined the Lovett Auto motion affidavit seeking transfer of the cases to Northern District of Illinois.[5]  On May 12, 2008, Big T Inc. and Manasek Auto Parts, Inc., plaintiffs in two of the six actions pending in the Southern

---

*Honeywell International Inc.* (Judge Walls).  One case is currently pending in the Northern District of California: *Ponce v. Honeywell International Inc.* (Judge White).

[3]     A copy of Lovett Auto's Memorandum of Law submitted to the MDL Panel is submitted herewith and annexed as Exhibit 1 to the accompanying Declaration of Patrick M. Collins ("Collins Declaration").
[4]     A copy of William C. Bruene's Memorandum of Law submitted to the MDL Panel is submitted herewith and annexed as Exhibit 2 to the Collins Declaration.
[5]     A copy of Neptune Warehouse Distributors, Inc.'s Joinder submitted to the MDL Panel is submitted herewith and annexed as Exhibit 3 to the Collins Declaration.

District of Illinois, filed a joint motion asking the MDL to consolidate and transfer all of the pending actions to the Southern District of Illinois.[6] Most recently, on May 20, 2008, Worldwide Equipment, Inc. and Central Warehouse Sales Corporation, plaintiffs in two of the three actions pending in the District of New Jersey, filed a motion requesting the MDL consolidate and transfer all of the pending actions to the District of New Jersey.[7] No party has objected to the consolidation of these cases. Thus, there can be no doubt that the MDL Panel will consolidate and transfer these actions; the only real issue is *where* the consolidated cases will reside. On May 15, 2008, the Court entered orders extending to June 12, 2008, the date by which some Defendants must move or otherwise respond to the Lovett Auto Complaint. Docket No. 27.

This motion for a stay of all pretrial proceedings is necessary because the plaintiffs in these actions have refused to consent to a stay of pretrial proceedings despite having themselves filed a motion with the MDL Panel for consolidation and transfer of all the pending related cases to a single jurisdiction. Thus, despite paying lip service to the notions of judicial economy and streamlining litigation by consolidating and coordinating the multitude of pending actions via the MDL process, none of those efficiencies will be realized absent a stay of all pretrial proceedings, including a stay of the parties' obligations under Rules 16 and 26(f) of the Federal Rules of Civil Procedure. If the efficiencies of the MDL procedure are to be realized, a stay of these actions is essential.

---

[6]     A copy of Big T Inc. and Manasek Auto Parts, Inc.'s Memorandum of Law submitted to the MDL Panel is submitted herewith and annexed as Exhibit 4 to the Collins Declaration.
[7]     A copy of Worldwide Equipment Inc. and Central Warehouse Sales Corporation's Memorandum of Law submitted to the MDL Panel is submitted herewith and annexed as Exhibit 5 to the Collins Declaration.

## ARGUMENT

### THE COURT SHOULD STAY THIS ACTION PENDING CONSOLIDATION AND TRANSFER BY THE MDL PANEL

The district court's power to stay pending litigation is well established. The Supreme Court of the United States describes it as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Worldcrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (*citing Landis* and recognizing the district court's inherent power to grant a stay to promote judicial economy); *Vertucci v. Orvis*, 2006 WL 1688078, at *6 (D. Conn. May 30, 2006) (granting motion to stay to promote the efficient use of judicial resources pursuant to its inherent authority to effectively manage its docket).

The Court is plainly justified to grant a stay because identical actions are pending in several jurisdictions and motions to consolidate and transfer these actions are pending before the MDL Panel: "In the context of multidistrict litigation, when a party submits a motion to the MDL Panel for transfer and consolidation, a court may exercise its discretion to stay discovery, postpone ruling on pending motions or generally suspend further rulings." *Azar v. Merck & Co., Inc.*, 2006 WL 3086943 *1 (N.D. Ind. Oct. 27, 2006).

Three factors are relevant under these circumstances: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Azar, supra; citing Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Each factor supports a stay here.

### A.    No Prejudice to Plaintiffs

All of these cases are in beginning stages.  Some defendants have not even been served with all of the complaints.   Defendants have yet to answer or respond to any complaint and plaintiffs have agreed to extend Defendants' time to do so.  There has been no discovery.   Plaintiff has not alleged any facts that support accelerating this case ahead of the others in an uncoordinated fashion.[8]  The stay would not be open-ended as the motion to consolidate and transfer has already been made to the MDL Panel.  *See, e.g., Mathis v. Bristol-Myers Squibb, Co.*, 2003 WL 1193668, at *2 (E.D. La. March 12, 2003) (recognizing that a stay will not prejudice plaintiff since the case is in its early stages).

Plaintiff would be hard pressed to claim prejudice from a stay since it argued to the MDL Panel that "[b]ecause the allegations regarding the Common Defendants in all of the Pending Actions are very similar, the parties in these cases face duplicative discovery if these cases are not consolidated and transferred."[9]  We agree. There is absolutely no purpose in commencing pretrial proceedings until the cases are consolidated.

### B.    Inequity To The Defendants

Defendants, in the absence of a stay, would have to respond to multiple complaints and discovery requests as part of simultaneously defending multiple actions. That would amount to a pointless expenditure of resources in undertaking tasks likely to be unnecessary once the cases are consolidated in a single court.  Any motions or other matters that are presented to this Court for determination would expose the parties and the transferee court to the likelihood of inconsistent rulings.  It is exactly this scenario that the MDL process is designed to prevent.  *See Azar, supra* (granting stay based on finding that "allowing pretrial proceedings to continue poses a significant risk of

---

[8]    Plaintiffs in at least one of the Illinois cases agree that a stay pending consolidation by the MDL Panel is desirable, but they will not agree to a stay because they are concerned that the Connecticut plaintiffs will oppose a stay and use it as a tactical advantage by arguing to the MDL Panel that their case is further advanced.  The Court should enter a stay so as to avoid such tactical gamesmanship.

[9]    *See* Collins Decl. Exh. 1 (Lovett Auto MDL Memorandum of Law at 4).

duplicative motions and discovery that could result in needless expense and inequity to [defendant]"); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp.2d 421, 427-28 (D. N.J. 2003) (granting motion to stay to eliminate the potential for conflicting pretrial rulings); *U.S. Bank v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2003) (granting stay to avoid undue hardship on defendant by having to conduct discovery and file dispositive motions with the Court while motion to consolidate and transfer is pending before MDL Panel).

### C.    Conserving Judicial Resources

Where, as here, a motion to consolidate and transfer is pending, staying the instant action will promote judicial economy and will streamline otherwise cumbersome litigation. Indeed, "it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

A stay will permit the transferee court to order a pretrial schedule on a clean slate without having to supersede various schedules potentially put in place by this and other courts, and will save this Court from having to focus on establishing a litigation schedule that likely will be either abandoned or completely revised once this action is consolidated. Indeed, Plaintiffs argued to the MDL Panel that transfer and consolidation "will best serve the interests of justice and efficiency by permitting a single court to coordinate discovery and resolve disputes common to the Pending Actions, thus avoiding unnecessarily taxing of the judicial system's and the litigant's finite resources."[10] Staying this action pending consolidation and transfer by the MDL Panel will avoid burdening this Court and the parties with duplicative discovery, a litigation schedule that is devised in a piece-meal approach and conflicting pretrial rulings. *See, e.g., Azar, supra*

---

[10]    *See* Collins Dec. Exh. 1 (Lovett Auto MDL Memorandum of Law at 3).

(granting stay of action and finding that "[t]he very purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts."); *Sevel v. AOL Time Warner, Inc.*, 232 F. Supp.2d 615, 616 (E.D. Va. 2002) (granting motion to stay will further the purposes of the MDL Panel proceeding by avoiding confusion and duplication of effort); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal 1997) (granting motion to stay will conserve judicial resources because it will avoid the Court from needlessly expending "its energies familiarizing itself with the intricacies of a case that would be heard by another judge").

## CONCLUSION

Judicial resources will be best used and no undue prejudice to any party will result if this litigation is stayed pending the transfer of all Filter cases to a single court. The ultimate transferee court can set an appropriate schedule for the filing of a consolidated complaint, responsive pleadings, discovery, and class certification proceedings as necessary. Such a result (a) serves the various plaintiffs in other litigations, as it protects those who are transferred from entering a case in which activity with which they are unfamiliar has occurred, without causing any undue prejudice to the Plaintiff in this action; (b) avoids unduly burdening the Defendants, by not requiring them to undertake duplicative efforts in various courts only to redo those efforts upon consolidation and transfer; and (c) serves judicial economy, as this Court and the other courts will not be required to expend time on a case that will be consolidated and transferred.

Dated:  May 30, 2008

Respectfully submitted,

/s/ _Patrick M. Collins_____

Richard G. Parker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Telephone:  202-383-5300
rparker@omm.com

Edward Hassi
Gerald A. Stein
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
Telephone:  212-326-2000
ehassi@omm.com
gstein@omm.com

Patrick M. Collins
PERKINS COIE LLP
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
312-324-8558  direct
312-324-9558  facsimile
pcollins@perkinscoie.com

*Counsel for Honeywell International Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of May 2008, a copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Stay All Proceedings Pending Motion to Consolidate and Transfer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/  Patrick M. Collins_____