## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOVETT AUTO & TRACTOR PARTS, INC., on behalf of itself and all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP, LLC, CUMMINS FILTRATION INC., DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., and ARVINMERITOR, INC.,<br><br>           Defendants. | Case No.: 08–CV–2046<br><br>Judge Robert W. Gettleman<br>Magistrate Judge Arlander Keys |

## DECLARATION OF PATRICK M. COLLINS

I, Patrick M. Collins, declare and state as follows:

1.     I am a partner with the law firm of Perkins Coie LLP. I am licensed to practice law in the state of Illinois and am admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the counsel of record for Honeywell International Inc. in this case.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Memorandum of Law in Support of Motion of Plaintiff Lovett Auto & Tractor Parts, Inc. for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Memorandum of Law in Support of Motion of Plaintiffs S&E Quick Lube Distributors, Inc., et al., in Support of the Transfer and Consolidation of Related Antitrust Actions in the District of Connecticut for Pretrial Proceedings.

4.    Attached hereto as Exhibit 3 is a true and correct copy of Neptune Warehouse Distributors, Inc.'s Joinder to Lovett Auto & Tractor Parts, Inc. Motion for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

5.    Attached hereto as Exhibit 4 is a true and correct copy of Big T Inc. and Manasek Auto Part Inc.'s Joint Motion for Transfer of Related Antitrust Actions to The Southern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings and the Memorandum of Law in Support of that motion.

6.    Attached hereto as Exhibit 5 is a true and correct copy of Worldwide Equipment, Inc. and Central Warehouse Sales Corporation's Joint Memorandum of Law in Support of their Motion Pursuant to 28 U.S.C. § 1407 for Transfer of Actions to the District of New Jersey for Centralized Pretrial Proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008                 Respectfully submitted,

By: /s/ Patrick M. Collins

Patrick M. Collins
Perkins Coie LLP
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
312-324-8558  direct
312-324-9558  facsimile

*Counsel for Defendant Honeywell International Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of May 2008, a copy of the foregoing Declaration of Patrick M. Collins was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/  Patrick M. Collins_____

# EXHIBIT 1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

AYH / ALL
**Transmittal Number: 5719122**
**Date Processed: 04/15/2008**

| | |
|---|---|
| Primary Contact: | Meg Johnson-Law Dept- Ab-2<br>Honeywell International Inc.<br>101 Columbia Rd.<br><br>Morristown, NJ 07962 |

| | |
|---|---|
| **Entity:** | Honeywell International Inc.<br>Entity ID Number  2034040 |
| **Entity Served:** | Honeywell International Inc. |
| **Title of Action:** | Lovett Auto & Tractor Parts, Inc. vs. Champion Laboratories, Inc. |
| **Document(s) Type:** | Schedule of Actions |
| **Nature of Action:** | Other |
| **Case Number:** | Multi-Case |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/14/2008 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Stephen E. Morrissey<br>713-651-9366 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re Filters Antitrust Litigation                    MDL-_____

### Proof of Service

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate of Service was served by First Class U.S. Mail on April 11, 2008, to the following:

Clerk, U.S. District Court
District of Connecticut
141 Church Street
New Haven, Connecticut 06510

Clerk, U.S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Thomas M. Ryan
LAW OFFICES OF THOMAS M. RYAN, P.C.
250 N. Michigan Ave., Suite 2560
Chicago, IL 60601
**Counsel for Plaintiff:** Packard Automotive, Inc., N.D. Ill., 1:08-CV-1950.

Guri Ademi
Shpetim Ademi
David Syrios
ADEMI & O'REILLY, LLP
3620 E. Layton
Cudahy, WI 53110
**Counsel for Plaintiff:** Packard Automotive, Inc., N.D. Ill., 1:08-CV-1950.

Kerry R. Callahan, Esq.
Doug Dubitsky, Esq.
UPDIKE KELLY & SPELLACY, PC
One State St., PO Box 231277
Hartford, CT 06123-1277
**Counsel for Plaintiffs:** S&E Quick Lube Distributors Inc., D. Conn., 3:08-CV-00475-JBA; Flash Sales, Inc., D. Conn., 3:08-CV-00512-CFD; William C. Bruene d/b/a Lone Star Lube, D. Conn., 3:08-CV-00522-SRU; T.D.S. Company, Inc. d/b/a/ TWI Auto Parts & Supplies, D. Conn., 3:08-CV-00528-MRK.

Bernard Persky
Hollis L. Salzman
Eric J. Belfi
Gregory S. Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
**Counsel for Plaintiffs:** S&E Quick Lube Distributors Inc., D. Conn., 3:08-CV-00475-JBA; Flash Sales, Inc., D. Conn., 3:08-CV-00512-CFD; William C. Bruene d/b/a Lone Star Lube, D. Conn., 3:08-CV-00522-SRU; T.D.S. Company, Inc. d/b/a/ TWI Auto Parts & Supplies, D. Conn., 3:08-CV-00528-MRK.

Mark Goldman
GOLDMAN SCARLATO & KARON, PC
101 West Elm Street, Suite 360
Conshohocken, PA 19428
**Counsel for Plaintiff:** Flash Sales, Inc., D. Conn., 3:08-CV-00512-CFD.

Gary Friedman
Tracey Kitzman
FRIEDMAN LAW GROUP LLP
270 Lafayette St., Suite 1410
New York, NY 10012
**Counsel for Plaintiff:** Flash Sales, Inc., D. Conn., 3:08-CV-00512-CFD.

Corey D. Holzer
HOLZER & HOLZER LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338
**Counsel for Plaintiff:** Flash Sales, Inc., D. Conn., 3:08-CV-00512-CFD.

Gregory P. Hansel
Patrick N. Strawbridge
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
**Counsel for Plaintiff:** T.D.S. Company, Inc. d/b/a/ TWI Auto Parts & Supplies, D. Conn., 3:08-CV-00528-MRK.

Robert N. Kaplan
Linda P. Nussbaum
KAPLAN, FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, New York 10022

**Counsel for Plaintiff:** William C. Bruene d/b/a Lone Star Lube, D. Conn., 3:08-CV-00522-SRU.

Richard L. Coffman
THE COFFMAN LAW FIRM
505 Orleans St., Ste. 505
Beaumont, TX 77701
**Counsel for Plaintiff:** William C. Bruene d/b/a Lone Star Lube, D. Conn., 3:08-CV-00522-SRU.

**Counsel for Defendants:** Unknown – Defendants will be served through each party's agent for service of process. The named Defendants are: Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Corp L.L.C.; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; and The Carlye Group.

Before the Judicial Panel on Multidistrict Litigation
MDL-_____ – In re Filters Antitrust Litigation

### SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Lovett Auto & Tractor Parts, Inc.<br>**Movant:** Lovett Auto & Tractor Parts, Inc.<br>**Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | **N.D. Illinois** | 08-CV-2046 | Robert W. Gettleman |
| **Plaintiff:** Packard Automotive, Inc.<br>**Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | **N.D. Illinois** | 1:08-CV-1950 | Matthew F. Kennelly |
| **Plaintiff:** S&E Quick Lube Distributors Inc.<br>**Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | **D. Connecticut** | 3:08-CV-00475-JBA | Janet Bond Arterton |
| **Plaintiff:** Flash Sales, Inc. | **D. Connecticut** | 3:08-CV-00512-CFD | Christopher F. Droney |

| | | | |
|---|---|---|---|
| **Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | | | |
| **Plaintiff:** William C. Bruene d/b/a Lone Star Lube<br><br>**Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | **D. Connecticut** | 3:08-CV-00522-SRU | Stefan R. Underhill |
| **Plaintiff:** T.D.S. Company, Inc. d/b/a TWI Auto Parts & Supplies<br><br>**Defendants:** Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | **D. Connecticut** | 3:08-CV-00528-MRK | Mark R. Kravitz |

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

**In re** Filters Antitrust Litigation          §
                                                §          MDL- _____

## MOTION OF PLAINTIFF LOVETT AUTO & TRACTOR PARTS, INC.
## FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS
## PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
## PRETRIAL PROCEEDINGS

### *Oral Argument Requested*

Lovett Auto & Tractor Parts, Inc. ("Movant"), plaintiff in an action styled *Lovett Auto & Tractor Parts, Inc. v. Champion Labs., Inc. et al.,* United States District Court for the Northern District of Illinois, Case Number 08-CV-2046, respectfully moves the Panel pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation for an Order transferring to the Northern District of Illinois for coordinated or consolidated pretrial proceedings all actions (the "Pending Actions") listed on the Schedule of Actions (attached as Exhibit A) and any and all additional related actions that may be brought to the attention of the Judicial Panel on Multidistrict Litigation ("Panel"). The Pending Actions all involve, among others, Defendants Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; and Arvinmeritor, Inc. (collectively the "Common Defendants").

As indicated in the Schedule of Actions, similar putative class actions are pending in the Northern District of Illinois and the District of Connecticut. As set forth below and in the accompanying Memorandum, the Pending Actions satisfy the requirements for

transfer and consolidation and/or coordination because they concern common questions of fact and law, and consolidation or coordination in the Northern District of Illinois would best serve the convenience of the parties and witnesses and will promote the just and efficient conduct of all actions.

In accordance with Rule 7.2, Movant submits a Memorandum in support of transfer and coordination or consolidation and the Schedule of Actions. For the Panel's reference and convenience, Movant also submit copies of the current Complaints filed in all known Pending Actions (attached as Exhibits B, C, D and E).

As set forth in more detail in the accompanying Memorandum, the grounds of this Motion are as follows:

1.    All Pending Actions arise from the Common Defendants' unlawful price-fixing of oil, air, fuel and transmission filters (collectively "Filters") in violation of Section 1 of the Sherman Act, *15 U.S.C. § 1*,

2.    All Pending Actions allege similar or identical antitrust legal theories and seek class-wide equitable relief, damages, and reasonable attorneys' fees on behalf of a nationwide class of direct or indirect purchasers of Filters.

3.    All Pending Actions were filed within the past few weeks and are in their infancy. Defendants have not filed a responsive pleading in any Pending Action.

4.    Transfer and coordination or consolidation of all Pending Actions and any future "tag-along actions" in the Southern District of Illinois will: (a) promote judicial economy; (b) eliminate the risk of inconsistent rulings on pretrial issues; (c) alleviate duplicative discovery; and (d) best serve the convenience of the parties, the witnesses, and the judiciary.

5.    The Northern District of Illinois is the most appropriate forum for transfer because: (i) four of the ten Common Defendants, Purolator Filters N.A. L.L.C; Bosch U.S.A.; Mann + Hummel U.S.A., Inc.; and Champion Laboratories, Inc. are located in, or in close proximity to, the Northern District of Illinois, and thus substantial documents and discovery are located in or in close proximity to this District; (ii) there is wrongful termination litigation by a former employee of two of the Common Defendants pending in the Southern District of Illinois against Defendant Champion Laboratories, Inc. which involves discovery of the antitrust issues underlying the claims in the Pending Actions and from which the litigants and parties can realize substantial efficiencies; (iii) the Northern District of Illinois has the experience, time and resources to manage this complex litigation; and (iv) the Northern District of Illinois is centrally located and convenient to all parties.

WHEREFORE, Movant respectfully requests that the Panel enter an Order under 28 U.S.C. § 1407, transferring and coordinating or consolidating all Pending Actions, as well as any "tag-along actions" to the Northern District of Illinois for consolidated and/or coordinated pretrial proceedings and for all other appropriate relief.

Respectfully submitted this 11 day of April, 2008.

SUSMAN GODFREY LLP
Vineet Bhatia
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Tel: 713/651-9366
Fax: 713/654-6666

Stephen E. Morrissey
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel: 310/789-3100
Fax: 310/789-3150

**MCCULLEY MCCLUER PLLC**
Stuart H. McCluer
1109 Van Buren Avenue
Oxford, Mississippi 38655
Tel: 662/236-1401
Fax: 662/236-1974

R. Bryant McCulley
One Independent Drive, Suite 3201
Jacksonville, Florida 32202
Tel: 904/482-4073
Fax: 904/354-4813

**WELTMAN LAW FIRM**
Stewart M. Weltman
77 W. Wacker Drive, Suite 4800
Chicago, Illinois 60601
Tel: 312/606-8756

**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
A. Hoyt Rowell, III
Daniel O. Myers
T. Christopher Tuck
James L. Ward, Jr.
P.O. Box 879
Mt. Pleasant, SC 29465
Tel: 843/727-6682
Fax: 843/216-6509

*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Filters Antitrust Litigation      §

                           §     MDL- _____ _____

## BRIEF IN SUPPORT OF PLAINTIFF LOVETT AUTO & TRACTOR PARTS, INC.'S MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

### *Oral Argument Requested*

Lovett Auto & Tractor Parts, Inc. ("Movant"), plaintiff in an action styled *Lovett Auto & Tractor Parts, Inc. v. Champion Labs., Inc., et al.*, United States District Court for the Northern District of Illinois, Case Number 08-CV-2046, respectfully files this Memorandum in Support of Motion for Consolidation and Transfer of Pretrial Proceedings under 28 U.S.C. §1407 and Rule 7.2(a)(1) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("Panel").[1] Specifically, Movant files this Memorandum in Support of its Motion for an Order transferring all actions (the "Pending Actions") listed on the Schedule of Actions (attached as Exhibit A thereto) to the United States District Court for the Northern District of Illinois, where the Movant's action is pending, for consolidated or coordinated proceedings. Movant also respectfully requests that any subsequently filed "tag-along" actions brought in other courts be similarly transferred and consolidated under Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

---

[1]      Pursuant to Panel Rule 7.2(a)(ii), attached as Exhibit "A" to the accompanying Motion is a Schedule of Actions that Movant is seeking to consolidate and transfer.

## I.    BACKGROUND

The Pending Actions have been brought by direct or indirect purchasers of aftermarket oil, air, fuel and transmission filters ("Filters") as class action antitrust lawsuits against, among others, Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; and Arvinmeritor, Inc. (collectively the "Common Defendants"). At present, two actions on behalf of one direct purchaser and one indirect purchaser of Filters are pending in the Northern District of Illinois[2] and four actions on behalf of four direct purchasers of Filters are pending in the District of Connecticut. The plaintiffs in these actions seek damages and injunctive relief as a result of the Common Defendants' unlawful price-fixing of Filters.

Generally, plaintiffs in the Pending Actions allege that the Common Defendants engaged in a deliberate and calculated scheme to unlawfully fix, raise, maintain or stabilize prices of Filters to the detriment of plaintiffs and the class(es) they seek to represent. All Plaintiffs further allege that the Common Defendants' coordinated price increases through secret meetings and illegal exchanges of confidential pricing information.

As a result of the Common Defendants' conduct, plaintiffs in the Pending Actions have alleged violations of the federal antitrust laws on behalf of classes of direct or indirect purchasers of Filters. The Pending Actions necessarily share core common questions of fact, and invariably will generate duplicative and overlapping discovery

---

[2]    Movant filed its complaint in the Northern District of Illinois on April 10, 2008.

requests and disputes. Accordingly, transfer and coordination or consolidation of the actions will best serve the interests of justice and efficiency by permitting a single court to coordinate discovery and resolve disputes common to the Pending Actions, thus avoiding unnecessary taxing of the judicial system's and the litigant's finite resources. As set forth more fully below, given, among other things: (i) the location of four of the ten Common Defendants in the Northern District of Illinois or in close proximity thereto, (ii) this Court's central location and ability to timely preside over this complex litigation, and (iii) the related antitrust discovery which is about to commence in a wrongful termination suit against a Common Defendant action in the Benton Division of the Southern District of Illinois, transfer of the related actions to the Northern District of Illinois will best effectuate the goals of 28 U.S.C. § 1407 and Movant respectfully requests that the Panel transfer all Pending Actions there.

## II.    LEGAL STANDARD

The underlying purpose of transferring related actions under 28 U.S.C. § 1407 is to serve the convenience of the parties and witnesses and promote the just and efficient adjudication of actions pending in multiple districts by providing for the centralized management of pretrial proceedings under a single court's supervision. *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. 2005); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002). Transferring actions to a single court pursuant to Section 1407 is appropriate where, as here, transfer will minimize duplication of discovery requests and disputes and prevent inconsistent procedural determinations by courts of coordinate jurisdiction. *In re*

3

*Temporomandibular Joint (TMJ) Implant Products Liability Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994).

### III.    ARGUMENT

**A.    The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407**

Pretrial transfer and consolidation under Section 1407 is appropriate and necessary for this litigation. The Pending Actions involve similar antitrust allegations and legal standards, and they are numerous. Unless these cases are consolidated, the parties will incur unnecessary and excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of issues.

**1.    The Litigation Involves Common Questions of Fact**

A key factor for transferability and coordination under Section 1407 is the presence of common questions of fact. *In re Federal Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979). In assessing the appropriateness of consolidation under Section 1407, the Panel looks to the pleadings to determine the extent that common questions of fact are present. The Panel has ordered the transfer and consolidation of actions whose complaints contained "substantially similar" and contained "virtually identical allegations of fraudulent conduct." *In re Industrial Wine Contracts Securities Litig.*, 386 F. Supp. 909, 911 (J.P.M.L. 1975) (per curiam).

The complaints in the Pending Actions clearly present common questions of fact. Each complaint is based on Defendants' unlawful acts in fixing, raising, maintaining or stabilizing prices for Filters and seeks overcharge damages on behalf of classes of direct or indirect purchasers of Filters. For example, all of the complaints allege that due to the unlawful acts of the Defendants, prices for Filters have been and are higher than would be

the case absent Defendants' anticompetitive conduct, causing damages to the plaintiffs and the classes they seek to represent.

The Pending Actions thus satisfy 28 U.S.C. § 1407's threshold requirement that civil actions appropriate for transfer share one or more common questions of fact. Such issues include:

- Whether the Common Defendants have engaged in contracts, combinations, or a conspiracy to illegally fix, raise, maintain or stabilize prices of Filters;

- Whether plaintiffs and members of the classes were injured by Defendants' conduct, and, if so, the appropriate class-wide measure of damages for respective class members; and

- Whether plaintiffs and members of the classes are entitled to, among other things, equitable relief.

Moreover, as the Pending Actions at issue are antitrust class actions, they present exactly the type of litigation with complex facts for which consolidation was intended. *In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving IBM*, 302 F. Supp. 796, 799 (J.P.M.L. 1969).

### 2.    The Parties Face Duplicative Discovery Absent Transfer and Consolidation

Because the allegations regarding the Common Defendants in all of the Pending Actions are very similar, the parties in these cases face duplicative discovery if these cases are not consolidated and transferred. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery, eliminate the possibility of conflicting rulings and substantially conserve the time and

efforts of the parties, the witnesses and the federal judiciary." *In Re Resource Exploration, Inc. Securities Litig.*, 483 F.Supp. 817, 821 (J.P.M.L. 1980).

The parties in these actions will clearly engage in duplicative discovery absent consolidation. All plaintiffs will be seeking the same documentation and discovery from the Common Defendants. Similarly, the Common Defendants will likely raise the same discovery objections and seek the same protective orders and privileges in each Pending Action. However, if the Panel consolidates and transfers the cases, the parties will coordinate their efforts and thus avoid duplicative discovery disputes that will strain the resources of the parties, witnesses and the judiciary.

3.    **Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings**

In assessing the appropriateness of consolidation, the Panel often considers the possibility of inconsistent rulings on pretrial issues because of the possible res judicata or collateral estoppel effects on other cases. For example, the Panel granted a transfer in part to prevent inconsistent pretrial rulings in *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002). *See id.* ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary."). Because the similarity of the allegations in the Pending Actions, including the fact that some plaintiffs seek to represent a similarly defined class, there is a strong likelihood of inconsistent rulings should the Pending Actions not be consolidated. Defendants are likely to present the same pretrial motions in each action and assert the same discovery objections and

6

privileges.  Inconsistent rulings would pose a serious problem because the factual and legal allegations are virtually identical in each Pending Action.

Transfer and consolidation are appropriate in these circumstances because they will promote the just and efficient conduct of the litigation from the very outset of all Pending Actions.  Centralized pretrial proceedings will eliminate the possibility of conflicting rulings in parallel proceedings that may interfere with the orderly administration of justice.  *See In re Hotel Tel. Charge Antitrust Litig.*, 341 F. Supp. 771, 772 (J.P.M.L. 1972) ("We have frequently held that...threat of inconsistent judicial decisions of discovery, class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407.") (citing cases).  Absent consolidation and coordination before a single court, different judges may reach conflicting decisions regarding critical issues such as class certification.  The Panel has consistently found that transfer of actions to a single district court for consolidated or coordinated pretrial proceedings is appropriate where, as here, the risk of inconsistent class determinations exists.  *See In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F. Supp. 504, 507 (J.P.M.L. 1976) ("matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency"); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("Secondly, and perhaps crucially, the conflicting and overlapping class allegations contained in the complaints raise the indubitable possibility of inconsistent class determinations by courts of coordinate jurisdiction. We have consistently held that the existence of and the need to

eliminate this possibility presents a highly persuasive reason favoring transfer under Section 1407.").

### 4.    There is Sufficient Numerosity to Support Transfer and Consolidation

There are currently six cases pending before different judges in two separate jurisdictions. Other cases will likely be filed as well. The Panel has routinely ordered consolidation and transfer of three or fewer cases. *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer and consolidation of two cases); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer and consolidation of three cases involving complex patent and antitrust issues); *In re Alodex Corp. Securities Litig.*, 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer and consolidation of three cases); *In re CBS Licensing Antitrust Litig.*, 328 F. Supp. 511 (J.P.M.L. 1971) (granting transfer and consolidation of two cases). Moreover, where, as here, the actions share numerous complex questions of fact, the Panel has consolidated a relatively small number of actions. For example, in *In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995 (J.P.M.L. 1978), the Panel consolidated two actions that arose from the same factual allegations and shared numerous "complex questions of fact." *Id.* at 997. Accordingly, a sufficient number of actions exist to support the transfer and consolidation of the Pending Actions.

### B.    The Northern District of Illinois is the Appropriate Transferee Forum

An analysis of the applicable facts and relevant case law reveals that the Northern District of Illinois is the best choice for transfer and consolidation and/or coordination of pretrial proceedings. As Defendants have not filed a responsive pleading in any Pending

Action, all Pending Actions are in their infancy and thus the Panel can determine the appropriate transferee court based on which district has a geographic nexus to the facts at issue and which district can minimize the costs and inconvenience for all parties. As more fully explained below, the Northern District of Illinois is the most appropriate transferee court as: (i) four of the ten Common Defendants are located in the Northern District of Illinois or in close proximity thereto; (ii) a wrongful termination action with similar antitrust allegations is currently pending in the adjacent Southern District of Illinois;[3] (iii) the Northern District of Illinois has the experience, time and resources to manage this complex litigation; and (iv) the Northern District of Illinois is centrally located and convenient to all parties.

1.  **Four of the Ten Common Defendants are Located in the Northern District of Illinois or In Close Proximity Thereto and Thus This District Has a Geographic Nexus to the Facts at Issue**

Defendant Purolator Filters N.A. L.L.C. and one of its parent companies, Defendant Bosch USA, are located in Broadview, Illinois, approximately twelve miles from the United States District Court for the Northern District of Illinois in Chicago.[4] Defendant Champion Laboratories, Inc. has its headquarters in Albion, Illinois, which is approximately two-hundred and seventy miles from the United States District Court for the Northern District of Illinois in Chicago. Similarly, Defendant Mann + Hummel U.S.A., Inc. is headquartered in Portage, Michigan, which is approximately one hundred

---

[3]     Movant contemplated Benton, Illinois in the Southern District of Illinois, the venue of the related non-class action, as a location for possible transfer and consolidation. However, given that Benton does not have a commercial airport, and for the other reasons stated herein, Movant believes instead that Chicago, in the Northern District of Illinois, is the most appropriate location for consolidation and transfer.

[4]     Though Purolator Filters N.A. L.L.C. is headquartered in North Carolina, it lists its "Principal Mailing Address" with the North Carolina Secretary of State as 2800 S. 25th Ave., Broadview, Illinois 60155.

fifty miles from the United States District Court for the Northern District of Illinois. Thus, four of the ten Common Defendants are located in the Northern District of Illinois or in close proximity thereto.

Where, as here, principal defendants are located in or near a potential transferee court and substantial discovery is likely to take place in this jurisdiction, the Panel has found that this geographic nexus favors transfer to this jurisdiction. *See In re Webloyalty.com, Inc., Marketing and Sales Practices Litig.*, 474 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) ("The Panel is persuaded that the District of Massachusetts is an appropriate transferee district for this litigation. Webloyalty is headquartered nearby and it is likely to be the source of a substantial number of witnesses and documents subject to discovery."); *In re CertainTeed Corp. Roofing Shingle Prods. Liability Litig.*, 474 F. Supp. 2d 1357, 1358 (J.P.M.L. 2007) (transferring to district which encompassed "the headquarters of the common defendant"); *In re Digital Music Antitrust Litig.*, 444 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006) (transferring to district because, *inter alia*, "[m]ost defendants are headquartered [there], and some of the relevant witnesses and documents may be located there"); *In re Ditropan XL Antitrust Litig.*, 429 F. Supp. 2d 1364, 1366 (J.P.M.L. 2006) (transferring to district because, *inter alia*, "many of the relevant witnesses and documents are likely located in this district, where [defendant] is based"); *In re Live Concert Antitrust Litig.*, 429 F. Supp. 2d 1363, 1364 (J.P.M.L. 2006) (transferring to district because, *inter alia*, it was "likely that a substantial number of witnesses and documents" were located there because the defendant whose conduct was at issue was located there); *In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2006) (transferring to district which was the location of the sole

10

common defendant); *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. 2005) (transferring to district because, *inter alia*, it had "a nexus to the litigation" given the presence of two of the defendants in the jurisdiction).

In the instant litigation, many witnesses and documents will likely be found in or near the Northern District of Illinois and thus major discovery issues will likely arise in this jurisdiction. Moreover, as previously noted and fully discussed below, the related non-class litigation pending in the adjacent Southern District of Illinois involves active discovery related to the antitrust claims in the Pending Actions. This core geographic nexus to the litigation, which is not found in the District of Connecticut, strongly favors transfer to the Northern District of Illinois.

### 2. There are Clear Efficiencies to Litigating this Matter in Chicago Given the Similar Antitrust Discovery in the Non-Class Litigation Pending in Benton, Illinois

On January 19, 2006, William G. Burch, former employee of Defendant Champion Laboratories, Inc. ("Champion") and Defendant Purolator Filters N.A. L.L.C., filed a complaint against Champion in state court in Tulsa, Oklahoma, alleging, among other things, that Mr. Burch was wrongfully terminated form his employment with Champion for knowing about, and subsequently reporting to authorities, the alleged antitrust violations at issue in the Pending Actions. Eleven days later, on January 30, 2006, Champion filed a lawsuit against Burch in the United States District Court for the Southern District of Illinois, Benton Division (Case No. 4:06-CV-04031-JPG-PMF, hereinafter the "Illinois Action"). The state court complaint in Oklahoma was removed to the United States District Court for the Northern District of Oklahoma on March 3, 2006 (Case No. 3:06-CV-00135-CVE-SAJ, hereinafter the "Oklahoma Action").

11

The parties filed competing Motions to Dismiss or, In the Alternative, to Transfer Venue.  Illinois Action, Doc. No. 14; Oklahoma Action, Doc. No. 13.  In its papers, Champion noted that the District Court in Illinois had jurisdiction over the claims and that Illinois was an appropriate venue.  Illinois Action, Doc. 13 at 12-13.  Importantly, Champion also noted that *transfer to Illinois would substantially promote the interests of convenience and justice*".  *Id.* at 13, emphasis added.  The same is true in this case.

On November 21, 2006, the Southern District of Illinois denied Burch's motion to transfer venue to the Northern District of Oklahoma, despite Burch's complaint being first filed, finding that venue was appropriate in both courts.  Illinois Action, Doc. No. 45.  Faced with two virtually identical lawsuits pending in two separate jurisdictions, on December 14, 2006, the Oklahoma Court ordered the Oklahoma Action transferred to the Southern District of Illinois.  Oklahoma Action, Doc. No. 43.

The discovery process is now well under way in the consolidated Illinois Action, and the Court recently ruled that extensive discovery related to Burch's antitrust allegations is appropriate.  Illinois Action, Doc. No. 81 (April 1, 2008).  In so doing, the Court also ruled that a protective order requested by Champion to prohibit antitrust-related discovery was due to be denied.  *Id.*  Thus, the parties in this action, including Common Defendant Champion and other third-party Common Defendants, are about to engage in substantial antitrust discovery in Illinois.

Specifically, among other things, Burch has: (i) requested ten years' worth of pricing information from Champion, (ii) proposed to serve more than a dozen subpoenas to Champion's customers and other Common Defendants, and (iii) requested to depose fifteen current and former Champion employees and executives.  Burch also requested:

All documents relating to Champion's pricing of automotive filters, including but not limited to:

a.    all documents relating to the price Champion charges or has proposed to charge any of Champion's customers for its automotive filters;

b.    all documents relating to any discounts Champion provides any of Champion's customers for automotive filters;

c.    copies of all Champion's automotive filter price lists;

d.    all documents relating to internal Champion communications concerning its pricing of automotive filters to any of Champion's customers;

e.    all documents relating to communications between Champion and Champion's competitors concerning Champion's automotive filter pricing; and

f.    all documents relating to evaluations, studies, analyses, presentations, comments, criticisms, or investigations concerning Champion's automotive filter price fixing.

*See* Illinois Action, Doc. No. 77 (March 18, 2008).

Given the commonalties between the antitrust allegations in the non-class Illinois Action and the antitrust claims in the Pending Actions, there are clear efficiencies in consolidating the Pending Actions in the Northern District of Illinois. Indeed, the Pending Actions are premised, in part, upon sworn testimony by Mr. Burch in the Southern District of Illinois action. Moreover, access to parties and witnesses, as well as consolidated document production, will be greatly increased, thus benefiting all involved.

In addition, consolidating the Pending Actions in the Northern District of Illinois removes the possibility of any conflict of law issues. This especially important in antitrust litigation where different Circuit and District Courts may reach different results.

3.  **The Northern District of Illinois Has the Experience, Time and Resources to Manage This Complex Litigation**

In choosing an appropriate transferee court, the Panel often examines whether the candidates have the necessary experience, time and resources to manage the litigation at issue. The Northern District of Illinois has the resources to devote the time to pretrial matters that this litigation is likely to require. The potential strain placed on the transferee Court's docket and resources is an important consideration, and one that militates in favor of the Northern District of Illinois. Given the nexus to the facts at issue and the ability and resources of the Northern District of Illinois, and the absence of such nexus to any other District, Movant respectfully submits that the Northen District of Illinois should be selected as the transferee Court.

4.  **The Northern District of Illinois Is An Accessible, Geographically Central, Metropolitan District Convenient to the Litigants and Witnesses**

In addition to being the Court with the strongest nexus to this litigation, the Northern District of Illinois provides a central location allowing easy access for all litigants and witnesses. As previously noted, four of the ten Common Defendants are located in the Northern District of Illinois or in close proximity thereto. Moreover, Defendant Champion is utilizing Chicago counsel in the previously described action pending in the Southern District of Illinois.

For the parties and litigants not within driving distance of Chicago, Chicago O'Hare International Airport is one of America's best-connected airports. Over 70 million people a year travel through Chicago O'Hare International Airport, which was voted "Best Airport in North America" in 2000 by international travelers surveyed in *Business Traveler* magazine. O'Hare provides convenient access from all points of the

nation due to its geographically central location. Notably, direct flights are currently available from almost all major cities in the United States. Thus, the Northern District of Illinois sitting in Chicago would be a convenient transferee site for those parties and witnesses that are not already located within driving distance of the District. The Panel routinely assesses the ease of access to the transferee forum in selecting the transferee forum. *In re AirCrash Near Van Cleve, Miss., On August 13, 1977*, 486 F. Supp. 926, 928 (J.P.M.L. 1980); *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 543 (J.P.M.L. 1981). Here, not only are four Common Defendants found in or close to the Northern District of Illinois, this District is also accessible and convenient to all litigants and witnesses.

## IV.    CONCLUSION

Because the Pending Actions are in their infancy and Defendants have yet to even file a responsive pleading in any of the cases, the Panel should transfer and consolidate the Pending Actions to a forum which has a substantial nexus to the factual allegations at issue and has the ability, time and resources to manage this complex litigation. Because (i) four of the ten Common Defendants are found in or near the Northern District of Illinois; (ii) the Northern District of Illinois has the resources and ability to manage this litigation; (iii) there is litigation pending in the Southern District of Illinois which includes extensive antitrust discovery relevant to the Pending Actions and (iv) because the Northern District of Illinois is convenient to and accessible by all litigants and witnesses, Movant respectfully submits that the Northern District of Illinois is the most appropriate forum for consolidation or coordination. Accordingly, Movant respectfully

requests that the Panel transfer the Pending Actions under 28 U.S.C. § 1407 for coordination and/or consolidation in the Northern District of Illinois.

Respectfully submitted this 11 day of April, 2008.

SUSMAN GODFREY LLP
Vineet Bhatia
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Tel: 713/651-9366
Fax: 713/654-6666

Stephen E. Morrissey
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel: 310/789-3100
Fax: 310/789-3150

MCCULLEY MCCLUER PLLC
Stuart H. McCluer
1109 Van Buren Avenue
Oxford, Mississippi 38655
Tel: 662/236-1401
Fax: 662/236-1974

R. Bryant McCulley
One Independent Drive, Suite 3201
Jacksonville, Florida 32202
Tel: 904/482-4073
Fax: 904/354-4813

WELTMAN LAW FIRM
Stewart M. Weltman
77 W. Wacker Drive, Suite 4800
Chicago, Illinois 60601
Tel: 312/606-8756

RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
A. Hoyt Rowell, III
Daniel O. Myers
T. Christopher Tuck
James L. Ward, Jr.
P.O. Box 879

16

Mt. Pleasant, SC 29465
Tel: 843/727-6682
Fax: 843/216-6509

*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.*

  


UNITED STATES POSTAGE
$01.48
02 1A
0004389892    APR 11 2008
MAILED FROM ZIP CODE 90067

# FIRST CLASS MAIL



**SUSMAN GODFREY L.L.P.**
SUITE 950
1901 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029

**To**

Honeywell International Inc.
Illinois Corporation Service C
801 Adlai Stevenson Dr.
Springfield, IL 62703



## FIRST CLASS MAIL





# EXHIBIT 2

# Labaton
# Sucharow

APR 2 1 2008

212 907 0827 direct
212 883 7527 fax
email gasciolla@labaton.com

April 15, 2008

**VIA FEDERAL EXPRESS**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC  20002-8004

Re:  *In re Filters Antitrust Litigation*

Dear Clerk of the Panel:

Enclosed please find a computer disc, an original and four copies of Motion of Plaintiffs S & E Quick Lube Distributors, Inc., Flash Sales, Inc., William C. Bruene d/b/a Lone Star Lube, T.D.S. Company, Inc. d/b/a TWI Auto Parts & Supplies and Barjan, LLC for Transfer and Consolidation of Related Antitrust Actions to the District of Connecticut For Pretrial Proceedings; accompanying Memorandum of Law and Exhibits, including the Schedule of Actions; and Certificate of Service, submitted on behalf of Plaintiffs S & E Quick Lube Distributors, Inc., Flash Sales, Inc., William C. Bruene d/b/a Lone Star Lube, T.D.S. Company, Inc. d/b/a TWI Auto Parts & Supplies and Barjan, LLC.

Please feel free to contact me should you have any questions.

Very truly yours,

Gregory Asciolla

Enclosures

cc:  All Counsel on Attached Service List

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE FILTERS
ANTITRUST LITIGATION

MDL DOCKET NO. ____

**MOTION OF PLAINTIFFS S&E QUICK LUBE
DISTRIBUTORS, INC., FLASH SALES, INC., WILLIAM C. BRUENE D/B/A
LONE STAR LUBE, T.D.S. COMPANY D/B/A TWI AUTO PARTS & SUPPLIES AND
BARJAN, LLC  IN SUPPORT OF THE TRANSFER AND CONSOLIDATION OF
RELATED ANTITRUST ACTIONS IN THE DISTRICT OF CONNECTICUT
<u>FOR PRETRIAL PROCEEDINGS</u>**

S&E Quick Lube Distributors, Inc., Flash Sales, Inc., William C. Bruene d/b/a Lone Star

Lube, T.D.S. Company d/b/a TWI Auto Parts & Supplies and Barjan, LLC ("Moving

Plaintiffs"), by their undersigned counsel, respectfully request the Judicial Panel on Multidistrict

Litigation ("Panel") to issue an Order pursuant to 28 U.S.C. § 1407 for transfer and consolidation

in the U.S. District Court for the District of Connecticut for pretrial proceedings of all pending,

currently pending and later filed antitrust actions relating to a conspiracy to fix prices in the

filters market.

1.    To date, six antitrust direct purchaser class actions have been filed alleging a conspiracy to fix prices in the market for oil, air, fuel and transmission filters ("Filters") in violation of Section 1 of the Sherman Act.  The first-filed civil action is a class action filed in the U.S. District Court for the District of Connecticut on behalf of all direct purchasers of Filters (the "Connecticut Action").  A subsequent action was filed in the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Illinois Action").  Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a Schedule of Actions for which consolidation is requested is attached as Exhibit A to the accompanying memorandum in support of this motion (the "Actions").

2.    The Actions proposed for transfer and consolidation are based on the same operative facts and therefore "involv[e] one or more common questions of fact" as required by 28 U.S.C. § 1407(a).  Common questions of fact are:  (a) whether the defendants engaged in a combination and conspiracy among themselves to fix, raise, maintain, and/or stabilize prices of Filters in the United States; (b) the identity of the participants in the Defendants' conspiracy; (c) the duration of the Defendants' conspiracy and the nature and character of the facts performed by Defendants in furtherance of the conspiracy; (d) whether the Defendants' conspiracy violated Section 1 of the Sherman Act; (e) whether the conduct of the Defendants caused injury to the business or property of the Plaintiffs and the members of the proposed class; (f) the effect of the Defendants' conspiracy on the prices of Filters sold in the United States during the class period; and (g) the appropriate measure of damages sustained by the named Plaintiffs and members of the proposed class.  As a consequence, transfer of the Actions for consolidation will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

3.    The U.S. District Court for the District of Connecticut is the appropriate forum for consolidation of the Actions for the reasons that follow.  First, the first-filed case is pending there.  Second, five of the six Actions are pending there and have progressed the farthest.  Third, the most plaintiffs filed actions in the District of Connecticut, and the most plaintiffs and law firms support transfer to the District of Connecticut; Fourth, a major Defendant is located in the District of Connecticut; and Fifth, the District of Connecticut is geographically convenient for witnesses and counsel.

4.    In addition, judicial caseload profiles indicate that the District of Connecticut is well suited to manage this complex litigation.  It has the resources and personnel necessary for the management of an MDL proceeding.

WHEREFORE, the Moving Plaintiffs respectfully request that the MDL Panel issue an Order transferring the Illinois Action and all subsequently-filed related actions in the U.S. District Court in the District of Connecticut for consolidated pretrial proceedings.


Dated:  April 15, 2008                          Respectfully submitted,

                                                *Bernie Persky*

                                                Bernard Persky
                                                Hollis L. Salzman
                                                Eric J. Belfi
                                                Gregory S. Asciolla
                                                LABATON SUCHAROW LLP
                                                140 Broadway
                                                New York, NY  10005
                                                Telephone:  (212) 907-0700
                                                Facsimile:  (212) 818-0477

                                                Doug Dubitsky
                                                Kerry R. Callahan
                                                UPDIKE, KELLY & SPELLACY, P.C.

One State St., PO Box 231277
Hartford, CT 06123-1277
Telephone: 860-548-2643
Fax: 860-548-6043

*Counsel for Plaintiffs S & E Quick Lube*
*Distributors, Inc., Flash Sales, Inc., William*
*Bruene d/b/a Lone Star Lube, T.D.S.*
*Company d/b/a TWI Auto Parts & Supplies,*
*and Barjan, LLC*

Mark Goldman
GOLDMAN SCARLATO & KARON, P.C.
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: 484-342-0700
Fax: 484-342-0701

Gary B. Friedman
Tracey Kitzman
FRIEDMAN LAW GROUP LLP
270 Lafayette Street, 14th Floor
New York, NY 10012
Telephone: 212-680-5150
Fax: 646-277-1151

Corey D. Holzer
HOLZER HOLZER & FISTEL, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338
Telephone: 770-392-0090
Fax: 770-392-0029

*Counsel for Plaintiff Flash Sales, Inc.*

Greg P. Hansel
Patrick N. Strawbridge
PRETI FLAHERTY BELIVEAU &
PACHIOS LLP
One City Center
Portland, ME 04112-9546
Telephone: 207-791-3000
Fax: 207-791-3111

*Counsel for Plaintiff T.D.S. Company d/b/a*
*TWI Auto Parts & Supplies*

4

Robert N. Kaplan
Linda Nussbaum
KAPLAN FOX & KILSHEIMER LLP
685 Third Avenue
26th Floor
New York, NY 10017
Telephone: 212-687-1980

Richard L. Coffman
THE COFFMAN LAW FIRM
505 Orleans Street, Suite 505
Beaumont, TX 77701
Telephone: 409-883-7700
Fax: 866-835-8250

*Counsel for Plaintiff William C. Bruene
d/b/a Lone Star Lube*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: 215-238-1700
Fax: 215-238-1968

*Counsel for Plaintiff Barjan, LLC*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE FILTERS<br>ANTITRUST LITIGATION | MDL DOCKET NO. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS S&E QUICK LUBE DISTRIBUTORS, INC., FLASH SALES, INC., WILLIAM C. BRUENE D/B/A LONE STAR LUBE, T.D.S. COMPANY D/B/A TWI AUTO PARTS & SUPPLIES AND BARJAN, LLC IN SUPPORT OF THE TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST ACTIONS IN THE DISTRICT OF CONNECTICUT FOR PRETRIAL PROCEEDINGS**

Pursuant to Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel"), S&E Quick Lube Distributors, Inc. ("S&E Quick Lube") – plaintiff in the first-filed antitrust action filed in the U.S. District Court for the District of Connecticut – and Flash Sales, Inc. ("Flash Sales"), William C. Bruene d/b/a Lone Star Lube ("Lone Star"), T.D.S. Company d/b/a TWI Auto Parts & Supplies ("TWI") and Barjan, LLC ("Barjan") – plaintiffs in subsequent actions also filed in the U.S. District Court for the District of Connecticut (collectively, "Moving Plaintiffs") – respectfully submit this Memorandum of Law in Support of

their Motion for Transfer and Consolidation of Related Antitrust Actions in the District of

Connecticut for Pretrial Proceedings pursuant to 28 U.S.C. § 1407.

## FACTUAL BACKGROUND

To date, six antitrust actions have been filed alleging a conspiracy to fix prices in the

market for oil, fuel, air and transmission filters ("Filters") in violation of Section 1 of the

Sherman Act—five in the District of Connecticut and one in the Northern District of Illinois

(collectively, the "Actions"). *See* Exhibit A, "Schedule of Actions." The first, filed on March

31, 2008, is a direct purchaser class action filed by S&E Quick Lube in the U.S. District Court

for the District of Connecticut on behalf of all direct purchasers of Filters. This action is

assigned to the Honorable Judge Janet Bond Arterton.

Following the filing of the initial complaint, four other similar class action complaints

were filed in the District of Connecticut. Importantly, the first-filed complaint, along with the

four other complaints filed in Connecticut, base a substantial portion of their allegations,

particularly with respect to the specifics of collusive meetings and agreements between and

among the Defendants and their co-conspirators, on recorded conversations and the personal

knowledge of, and information provided by, a confidential informant who was a senior sales

executive employed by two of the Defendants.

On April 10, 2008, Lovett Auto & Tractor Parts, Inc. ("Lovett") filed a similar action in

the Eastern Division of the Northern District of Illinois. This complaint alleges claims based

almost entirely on the allegations contained in the Connecticut actions. Significantly, Lovett

does not have access and is not personally privy to the knowledge, information and underlying

evidentiary materials provided to the Connecticut plaintiffs by the confidential informant.

2

The Actions involve common allegations of fact and law.  Each alleges that Defendants conspired to fix, raise, maintain or stabilize prices for Filters over the same time period. Furthermore, based on essentially identical facts, the Actions assert antitrust claims under the Sherman Act, and seek similar relief.   Thus, the Actions should be consolidated and transferred to a single District to prevent duplicative discovery and motion practice, avoid the possibility of inconsistent rulings, and conserve the resources of the courts and the litigants.

Plaintiffs submit that the U.S. District Court for the District of Connecticut is the appropriate forum for transfer and consolidation of the Actions for the following reasons:

- The first case was filed in the District of Connecticut;

- The Connecticut cases have progressed the farthest (*e.g.*, plaintiffs in the Connecticut actions have conducted an extensive investigation and have sole access to recorded conversations and the personal knowledge of, and underlying evidentiary information provided by, a confidential informant);

- The most actions are pending (5 of 6) in the District of Connecticut;

- The most plaintiffs (5 of 6) filed actions in the District of Connecticut;

- The most law firms (9 of 13) filed actions and support consolidation in the District of Connecticut;

- A major Defendant has offices and employees in Connecticut;

- The U.S. District Court in the District of Connecticut, located in New Haven, is easily accessible from anywhere in the United States; and

- The District of Connecticut has the experience and resources to handle the Actions.

## ARGUMENT

## I.    The Actions Should Be Transferred and Consolidated For Pretrial Proceedings.

Each of the Actions should be transferred and consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407(a), which permits transfer and consolidation of cases: (1) that "involv[e] one or more common questions of fact;"(2) where transfer will further "the

3

convenience of parties and witnesses;" and (3) where transfer "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a); *see In re Cutter Labs., Inc. "Braunwald-Cutter" Aortic Heart Valve Products Liability Litigation*, 465 F. Supp. 1295, 1296 (J.P.M.L. 1979). Transfer of the Actions to the District of Connecticut will satisfy each of these objectives.

A.    **Transfer Is Appropriate Because The Actions Involve One or More Common Questions of Fact And Law.**

Each of the Actions alleges that Defendants conspired to fix, raise, maintain or stabilize prices for Filters over the same time period, in violation of the Sherman Act. The Panel consistently holds that cases involving overlapping factual and legal issues are particularly appropriate for transfer. *See In re Urethane Antitrust Litig.*, 333 F. Supp. 2d 1379-81 (J.P.M.L. 2004) (transferring related antitrust cases under § 1407 because, among other things, the cases "involved common questions of fact"); *In re Beef Indus. Antitrust Litig.*, 419 F. Supp. 720, 721 (J.P.M.L. 1976) (common factual issues concerning alleged antitrust conspiracy necessitated transfer); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("As is often true in multidistrict antitrust litigation, the private actions raise common questions of fact concerning the existence, scope and effect of the alleged conspiracy."). The Actions share common issues of fact and law, and therefore, should be transferred to one District.

B.    **Transfer and Consolidation for Pretrial Proceedings Will Further the Convenience of Parties and Witnesses.**

Transfer of the Actions and consolidation for pretrial proceedings will also serve "the convenience of the parties and witnesses" in accordance with the second requirement of § 1407(a). Plaintiffs' nearly identical allegations will require duplicative discovery and pretrial proceedings unless the Actions are consolidated for pretrial purposes in one District. In each case, the parties will seek discovery of the same body of documents.

4

For instance, each Plaintiff will seek to prove how Defendants determined and established the prices for Filters and how they communicated with one another. Plaintiffs will also seek to depose the same individuals. There is no reason to require the parties to respond to multiple motions and discovery requests or to require the parties and other witnesses to transmigrate across the U.S. to appear in multiple proceedings. Transfer and consolidation will solve these problems because it will permit the transferee judge to formulate a single, unified pretrial program that minimizes the inconvenience and overall expense for all parties and witnesses. *See In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1229 (J.P.M.L. 1978) (consolidation appropriate where centralization of complex actions with international aspects would prevent duplicative discovery and inconsistent pretrial rulings); *In re European Rail Pass Antitrust Litig.*, No. MDL 1386, 2001 WL 587855, at *1 (J.P.M.L. Feb. 7, 2001) (cases transferred to a single district to avoid duplicative discovery).

### C.    Transfer and Consolidation for Pretrial Proceedings Will Promote The Just and Efficient Conduct of The Actions

Transfer and consolidation of the Actions for pretrial proceedings will also "promote the just and efficient conduct of [the] actions" in accordance with the third requirement of § 1407(a). The Actions will likely involve the same pretrial issues, such as those concerning the nature and scope of discovery and concerning the sufficiency of Plaintiffs' allegations. If each District were forced to resolve these issues in separate pretrial proceedings, scarce judicial resources would be wasted needlessly. Moreover, there would be a substantial likelihood that such duplicative proceedings might result in inconsistent rulings, especially regarding the important issue of class certification. Transfer and consolidation will avoid all of these problems. *See In re A.H. Robins Co. "Dalkon Shield" IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (transfer necessary to prevent duplication of discovery and eliminate possibility of conflicting pretrial

5

rulings); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. at 936 (consolidation of five actions was necessary "in order to prevent duplication of discovery, eliminate the possibility of inconsistent pretrial rulings, and streamline the rest of the pretrial proceedings as well"); *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, No. MDL 1490, 2002 WL 31432881, at *1 (J.P.M.L. Oct. 25, 2002) (consolidation of cases filed nationwide would prevent inconsistent rulings).

## II.    The Actions Should Be Transferred To The District of Connecticut

The U.S. District Court for the District of Connecticut is the most appropriate venue for the transfer and consolidation of the Actions because it is the venue where the first case was filed; where the most cases are pending; where the cases have progressed the farthest; where the most plaintiffs and law firms filed and support consolidation; and where a major defendant is headquartered. It is also the venue that is most convenient to the parties and potential witnesses. Furthermore, the District of Connecticut possesses the requisite experience, resources and unburdened docket that would allow the Actions to move forward in an efficient and expeditious manner.

### A.    The District Court of Connecticut Is Where The First Case Was Filed, Where The Most Cases Are Pending, Where The Cases Have Progressed The Farthest And With The Most Support From Plaintiffs And Law Firms.

The District of Connecticut is the venue where the first case was filed, and it is proceeding apace. All of the Defendants have been served in the first-filed Connecticut action. In addition, and significantly, the actions in Connecticut are each based on a months-long, comprehensive investigation by Labaton Sucharow LLP, which is listed as Counsel or Of Counsel on each of the actions filed in Connecticut. In these efforts, Labaton Sucharow has expended significant investigative and legal resources in working with the confidential informant, investigating the factual bases for the claims, conducting witness interviews, and

reviewing documentary materials and evidence, including probative recorded conversations. The first-filed complaint, along with the four other complaints filed in Connecticut, base a substantial portion of their allegations, particularly with respect to the specifics of collusive meetings and agreements among the Defendants, on recorded conversations and the personal knowledge of, and information provided by, a confidential informant who was a senior sales executive employed by two of the Defendants. The Plaintiffs in the Connecticut actions have exclusive possession of these critical materials and their counsel have sole access to the confidential informant. The plaintiff in the Illinois action does not have direct (or indirect) access to any of this critical underlying information.

The location of the first-filed case, as well as the advancement of the case, are factors the Panel considers important in determining where to transfer cases for consolidation in multidistrict litigation, and thus here, those factors point to the District of Connecticut as the appropriate transferee venue. *See In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 1988 U.S. Dist. LEXIS 17039, *2 (J.P.M.L. Aug. 12, 1998) (stating that transfer to Arizona was appropriate because, *inter alia*, "the first-filed action [was] pending there"); *In re Baldwin-United Corp. Litigation*, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (ordering transfer to New York, where the "first-filed and most advanced actions" were pending); *In re Hotel Telephone Charge Antitrust Litigation*, 341 F. Supp. 771, 773 (J.P.M.L. 1972) (stating that the most suitable transferee district was "where the first action was filed"); *In re Elevator and Escalator Antitrust Litig.*, 350 F.Supp.2d 1351, 1353 (J.P.M.L. 2004) ("*Elevators*").

The District of Connecticut is also the venue where the most cases are pending. Of the six class actions that have been filed to date, five are currently pending in the District of Connecticut. The Panel also has consistently recognized a preference for a forum in which the

greatest number of related cases is pending. *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (transferring twenty-nine actions to District of Minnesota where the greatest number of the actions were pending); *Elevators*, 350 F.Supp.2d at 1353 (holding transferee district "is where the first filed and largest number of actions are pending"); *In re Asbestos Products Liab. Litig. (No. VI)*, 771 F. Supp. 415, 422-23 (J.P.M.L. 1991) (finding relevant that "more asbestos personal injury or wrongful death actions are pending in [transferee] district than any other"); *In re Folding Carton Antitrust Litig.*, 415 F. Supp. 384, 386 (J.P.M.L. 1976) (holding most appropriate transferee forum where "fourteen of the 23 private actions before us are pending there"); *In re Corrugated Container Antitrust Litig.*, 441 F. Supp. 921, 924 (J.P.M.L. 1977) (holding appropriate transferee forum where "seventeen of the 37 actions before us are pending [in transferee district]"); *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002).

In addition, the largest number of Plaintiffs (5 of 6) have filed cases in the District of Connecticut. This is an additional reason why transfer to the District of Connecticut is appropriate. *See In re Air Crash Disaster Near Saigon, South Vietnam, On April 4, 1975*, 404 F. Supp. 478, 480 (J.P.M.L. 1975) (cases transferred to the district involving "the claim of the most significant number of plaintiffs"). Moreover, the most law firms filed cases in Connecticut and support the transfer and consolidation to Connecticut (9 of 13).

Thus, transfer and consolidation in the District of Connecticut is most appropriate for the aforementioned reasons.

**B.     The District of Connecticut Is The Venue Where A Major Defendant Is Located.**

A major Defendant in these Actions is located in Connecticut. Honeywell International's Consumer Products Group ("CPG") is located in Danbury, Connecticut. Headquartered in Connecticut, FRAM® is a unit of Honeywell's CPG, which manufactures and markets FRAM® oil, air, transmission and fuel filters. Honeywell's CPG is one of the largest manufacturers of Filters in the United States, and a key Defendant in the Actions. In addition, FRAM® is the leading brand of automotive filters in North America. Thus, a substantial portion of the documents and witnesses relevant to the Actions are located in Connecticut.

The Panel typically considers the nexus between the evidence and witnesses pertaining to the related actions and the location of the MDL proceeding. *See In re Parcel Tanker Shipping Servs. Antitrust Litigation*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (favoring transfer to Connecticut because "one defendant is located there and documents and witnesses will likely be found there); *In re Carbon Black*, 277 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (consolidating eight actions in the district where one defendant had its principal place of business); *In re Reformulated Gasoline (RFG) Antitrust & Patent Litig.*, 370 F.Supp.2d 1357, 1358-59 (J.P.M.L. 2005) (holding appropriate transferee district where Defendant is located and documents and witnesses will likely be found there). Thus, transfer to the District of Connecticut is proper because a substantial portion of the important evidence and witnesses relating to the claims against defendants is located there.

**C.     The District of Connecticut Has The Required Experience And Resources To Adjudicate Complex Antitrust Actions.**

In deciding where a consolidated action should be transferred, the Panel considers the docket of the potential forums. *In re Nifedipine Antitrust Litigation*, 266 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2003) ( transferee court's docket is "well suited" to receive the consolidated

cases); *In re Pressure Sensitive Labelstock Antitrust Litigation*, 290 F. Supp. 2d 1374, 1376

(J.P.M.L. 2003) (transferee court "enjoys general docket conditions permitting the Panel to effect

Section 1407 assignment to a court with the present resources to devote to the pretrial matters

that this docket is likely to require"); *In re Parcel Tanker Shipping Servs. Antitrust Litigation*,

296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (transferee court "has a relatively favorable

caseload for accepting this assignment"). When the potential transferee district's docket is

congested, it may be overwhelmed by additional complex litigation and therefore transfer to such

a forum may result in judicial inefficiency and unfairness to the parties.

There are currently only seven MDL cases pending in the District of Connecticut, while

there are 17 pending in the Northern District of Illinois. *See* Exhibit B, *Distribution of Pending*

*MDL Dockets*, March 10, 2008. There are no MDL cases pending before Judge Arterton in the

District of Connecticut, while Judge Gettleman in the Northern District of Illinois has one

pending MDL action. *Id.* In addition, according to the most recent Federal Court Management

Statistics, the District of Connecticut has fewer pending cases per judgeship than the Northern

District of Illinois, and cases are disposed of faster from filing to trial in the District of

Connecticut. *See* Exhibit C. Thus, the District of Connecticut is the more appropriate venue to

handle the Actions. *See, e.g., In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F.

Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed

with other multidistrict dockets").

**D.      The District of Connecticut Is A Well-Suited And Convenient Forum For
         The Actions.**

The Panel also considers the convenience of the parties and their counsel in choosing an

appropriate transferee district. *See In re Publication Paper*, MDL Docket No. 1631, Transfer

Order (dated Nov. 12, 2004) ("We also observe that this district [Connecticut] is a

geographically convenient location, given the location of the principal defendants and potential defendants and witnesses in the eastern part of the United States and in Europe."); *In re Air Fare Litigation*, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971) (choosing a particular transferee district because it was "more convenient for counsel, and thus less expensive for their clients").

This factor also favors the consolidation of the Actions in the District of Connecticut. All of the Defendants are located in the United States. The District of Connecticut courthouse where Judge Arterton sits is located in New Haven, which is easily accessible from Bradley International Airport, a major international airport that offers daily flights to locations throughout the United States, located just 36 miles from New Haven, and Tweed New Haven Regional Airport, located just three miles from New Haven. There are also an abundance of hotels, taxis and car rental agencies both at the airport and in New Haven. Moreover, there is a well-developed support system for legal services and ample office space. *See In re Worldcom, Inc. Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (noting that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services."). The District of Connecticut is, therefore, a convenient location for transfer of the Actions.

**E.    The Northern District of Illinois Is An Inappropriate Forum For The Actions.**

The Northern District of Illinois is an inappropriate forum for the Actions because:

(1)    Only one out of the seven Actions, the latest one filed, is pending in the Northern District of Illinois, while all the other cases, including the first-filed case, are pending in the District of Connecticut;

(2)    The Illinois action is a copycat action, while the Connecticut actions are based on an extensive investigation of counsel and a confidential informant, and have progressed the farthest;

(3)    Only one plaintiff has filed an action in the Northern District of Illinois, and fewer firms filed cases and support transfer and consolidation there than the District of Connecticut

(4)    None of the three major Defendants in this case—Purolator, Champion or Honeywell/FRAM—are located in the Northern District of Illinois;

(5)    The Northern District of Illinois is more congested than the District of Connecticut, with over twice as many MDL cases pending, and with one MDL case pending before Judge Gettleman (versus none before Judge Arterton in the District of Connecticut);

(6)    Cases are disposed of slower from filing to trial in the Northern District of Illinois; and

(7)    The Northern District of Illinois is no more geographically convenient for the parties, witnesses and counsel than the District of Connecticut.

## CONCLUSION

For the reasons set forth herein, Moving Plaintiffs respectfully request that the Panel transfer and consolidate the Actions to the District of Connecticut.

Dated: April 15, 2008                    Respectfully submitted,

Bernard Persky
Hollis L. Salzman
Eric J. Belfi
Gregory S. Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Doug Dubitsky
Kerry R. Callahan
UPDIKE, KELLY & SPELLACY, P.C.
One State St., PO Box 231277
Hartford, CT 06123-1277
Telephone: 860-548-2643
Fax: 860-548-6043

*Counsel for Plaintiffs S & E Quick Lube
Distributors, Inc., Flash Sales, Inc., William
Bruene d/b/a Lone Star Lube, T.D.S.
Company d/b/a TWI Auto Parts & Supplies,
and Barjan, LLC*

Mark Goldman
GOLDMAN SCARLATO & KARON, P.C.
101 West Elm Street, Suite 360
Conshohocken, PA 19428
Telephone: 484-342-0700
Fax: 484-342-0701

Gary B. Friedman
Tracey Kitzman
FRIEDMAN LAW GROUP LLP
270 Lafayette Street, 14th Floor
New York, NY 10012
Telephone: 212-680-5150
Fax: 646-277-1151

Corey D. Holzer
HOLZER HOLZER & FISTEL, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA 30338

13

Telephone: 770-392-0090
Fax: 770-392-0029

*Counsel for Plaintiff Flash Sales, Inc.*

Greg P. Hansel
Patrick N. Strawbridge
PRETI FLAHERTY BELIVEAU &
PACHIOS LLP
One City Center
Portland, ME 04112-9546
Telephone: 207-791-3000
Fax: 207-791-3111

*Counsel for Plaintiff T.D.S. Company d/b/a
TWI Auto Parts & Supplies*

Robert N. Kaplan
Linda Nussbaum
KAPLAN FOX & KILSHEIMER LLP
685 Third Avenue
26th Floor
New York, NY 10017
Telephone: 212-687-1980

Richard L. Coffman
THE COFFMAN LAW FIRM
505 Orleans Street, Suite 505
Beaumont, TX 77701
Telephone: 409-883-7700
Fax: 866-835-8250

*Counsel for Plaintiff William C. Bruene
d/b/a Lone Star Lube*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: 215-238-1700
Fax: 215-238-1968

*Counsel for Plaintiff Barjan, LLC*

14

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

---

IN RE FILTERS
ANTITRUST LITIGATION

MDL DOCKET NO. _____

---

## PROOF OF SERVICE

I, Gregory Asciolla, hereby certify that a copy of the foregoing:

- **MOTION OF PLAINTIFFS S&E QUICK LUBE DISTRIBUTORS, INC., FLASH SALES, INC., WILLIAM C. BRUENE d/b/a LONE STAR LUBE, T.D.S. COMPANY d/b/a TWI AUTO PARTS & SUPPLIES AND BARJAN, LLC FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF CONNECTICUT**

- **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PLAINTIFFS S&E QUICK LUBE DISTRIBUTORS, INC., FLASH SALES, INC., WILLIAM C. BRUENE d/b/a LONE STAR LUBE, T.D.S. COMPANY d/b/a TWI AUTO PARTS & SUPPLIES AND BARJAN, LLC FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF CONNECTICUT**

and this Proof of Service was served on the parties on the attached Service List by First Class Mail on April 15, 2008.

Dated: April 15, 2008

_____
Gregory Aseiolla, Esq.

Service List

| District Courts | |
|---|---|
| United States District Court<br>District of Connecticut<br>Office of the Clerk<br>235 Church Street<br>New Haven, CT 06510 | United States District Court<br>Northern District of Illinois (Eastern Division)<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 |
| **Defendants** | |
| Margaret M. Zwisler<br>Latham & Watkins LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington DC 20004-1304<br>Telephone: 202-637-1092<br>Fax: 202-637-2201<br><br>*Counsel for Defendants Champion Laboratories Inc. and United Components Inc.* | Purolator Filters N.A. L.L.C.<br>3200 Natal Street<br>Fayetteville, NC 28306 |
| Honeywell International Inc.<br>101 Columbia Road<br>Morristown, NJ 07962 | Wix Filtration Products<br>1 Wix Way<br>Gastonia, NC 28054 |
| Cummins Filtration Inc.<br>500 Jackson Street<br>Columbus, IN 47201-6258 | Donaldson Company, Inc.<br>1400 W 94th Street<br>Minneapolis, MN 55431 |
| Baldwin Filters Inc.<br>4400 East Highway 30<br>Kearney, NE 68847 | Bosch LLC<br>38000 Hills Tech Drive<br>Farmington Hills, MI 48331 |
| Mann + Hummel USA, Inc.<br>6400 S. Sprinkle Road<br>Portage, MI 49002-9706 | ArvinMeritor Inc.<br>2135 West Maple Road<br>Troy, MI 48084 |
| **Plaintiffs** | |
| Bernard Persky<br>Hollis L. Salzman<br>Eric Belfi<br>Gregory Asciolla<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: 212-907-0700<br>Fax: 212-818-0477<br><br>*Counsel for Plaintiffs S & E Quick Lube Distributors, Inc., Flash Sales, Inc., William Bruene d/b/a Lone Star Lube, T.D.S. Company d/b/a TWI Auto Parts & Supplies, and Barjan, LLC* | Doug Dubitsky<br>Kerry R. Callahan<br>UPDIKE, KELLY & SPELLACY, P.C.<br>One State St., PO Box 231277<br>Hartford, CT 06123-1277<br>Telephone: 860-548-2643<br>Fax: 860-548-6043<br><br>*Counsel for Plaintiffs S & E Quick Lube Distributors, Inc., Flash Sales, Inc., William Bruene d/b/a Lone Star Lube, T.D.S. Company d/b/a TWI Auto Parts & Supplies, and Barjan, LLC* |

| | |
|---|---|
| Gary B. Friedman<br>Tracey Kitzman<br>FRIEDMAN LAW GROUP LLP<br>270 Lafayette Street, 14th Floor<br>New York, NY 10012<br>Telephone: 212-680-5150<br>Fax: 646-277-1151<br><br><br>*Counsel for Plaintiff Flash Sales, Inc.* | Corey D. Holzer<br>HOLZER HOLZER & FISTEL, LLC<br>1117 Perimeter Center West, Suite E-107<br>Atlanta, GA 30338<br>Telephone: 770-392-0090<br>Fax: 770-392-0029<br><br><br><br>*Counsel for Plaintiff Flash Sales, Inc.* |
| Mark Goldman<br>GOLDMAN SCARLATO & KARON, P.C.<br>101 West Elm Street, Suite 360<br>Conshohocken, PA 19428<br>Telephone: 484-342-0700<br>Fax: 484-342-0701<br><br>*Counsel for Plaintiff Flash Sales, Inc.* | Richard L. Coffman<br>THE COFFMAN LAW FIRM<br>505 Orleans Street, Suite 505<br>Beaumont, TX 77701<br>Telephone: 409-883-7700<br>Fax: 866-835-8250<br><br>*Counsel for Plaintiff William C. Bruene d/b/a Lone Star Lube* |
| Robert N. Kaplan<br>Linda Nussbaum<br>KAPLAN FOX & KILSHEIMER LLP<br>685 Third Avenue<br>26th Floor<br>New York, NY 10017<br>Telephone: 212-687-1980<br><br><br>*Counsel for Plaintiff William C. Bruene d/b/a Lone Star Lube* | Greg P. Hansel<br>Patrick N. Strawbridge<br>PRETI FLAHERTY BELIVEAU & PACHIOS LLP<br>One City Center<br>Portland, ME 04112-9546<br>Telephone: 207-791-3000<br>Fax: 207-791-3111<br><br>*Counsel for Plaintiff T.D.S. Company d/b/a TWI Auto Parts & Supplies* |
| Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN SWIFT & GRAF, P.C.<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107<br>Telephone: 215-238-1700<br>Fax: 215-238-1968<br><br>*Counsel for Plaintiff Barjan, LLC* | Vineet Bhatia<br>SUSMAN GODFREY LLP<br>901 Main Street<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002-5096<br><br>Stephen E. Morrissey<br>SUSMAN GODFREY LLP<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029<br><br>*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.* |

| | |
|---|---|
| Stewart M. Weltman<br>WELTMAN LAW FIRM<br>77 W Wacker Drive, Suite 4800<br>Chicago, IL 60601-1664<br>Telephone: 312-606-8755<br><br><br>*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.* | A. Hoyt Rowell III<br>Daniel O. Myers<br>T. Christopher Tuck<br>James L. Ward, Jr.<br>RICHARDSON, PATRICK, WESTBROOK &<br>BRICKMAN LLC<br>P.O. Box 879<br>Mt. Pleasant, NC 29465<br><br>*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.* |
| Stuart H. McCluer<br>MCCULLEY MCLUER PLLC<br>1109 Van Buren Avenue<br>Oxford, MS 38655<br><br>R. Bryant McCulley<br>MCCULLEY MCLUER PLLC<br>One Independent Drive, Suite 3201<br>Jacksonville, FL 32202<br><br>*Counsel for Plaintiff Lovett Auto & Tractor Parts, Inc.* | |

# Exhibit A

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE FILTERS ANTITRUST LITIGATION

MDL DOCKET NO. ____

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>S&E Quick Lube Distributors, Inc.<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. | Connecticut | 3:08-cv-00475 | Janet Bond Arterton |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Flash Sales, Inc.<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. | Connecticut | 3:08-cv-00512 | Christopher F. Droney |
| **Plaintiff:**<br>William C. Bruene, d/b/a Lone Star Lube<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. | Connecticut | 3:08-cv-00522 | Stefan R. Underhill |
| **Plaintiff:**<br>T.D.S. Company d/b/a TWI Auto Parts & Supplies<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. | Connecticut | 3:08-cv-00528 | Mark R. Kravitz |
| **Plaintiff:**<br>Barjan, LLC<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc. | Connecticut | 3:08-cv-00534 | Janet Bond Arterton |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Lovett Auto & Tractor Parts, Inc.<br>**Defendants:**<br>Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Prods., Cummins Filtration Inc., The Donaldson Co., Baldwin Filters Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., and ArvinMeritor, Inc. | N.D. Illinois (Chicago) | 1:08-cv-02046 | Robert W. Gettleman |

# Exhibit B

# DISTRIBUTION OF PENDING MDL DOCKETS
## (AS OF MARCH 10, 2008)

| District | JUDGE | LITIGATION | | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 | IN RE: Prempro Products Liability Litigation | 3,741 | 4,569 |
| ARW | D.J. Harry F. Barnes | MDL-1832 | IN RE: Pilgrim's Pride Fair Labor Standards Act Litigation | 16 | 16 |
| AZ | D.J. Mary H. Murguia | MDL-1910 | IN RE: Phoenix Licensing, L.L.C., Patent Litigation | 7 | 7 |
| | Sr.J. Paul G. Rosenblatt | MDL-1541 | IN RE: Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| CAC | D.J. David O. Carter | MDL-1807 | IN RE: Wachovia Securities, LLC, Wage and Hour Litigation | 17 | 20 |
| | D.J. Dale S. Fischer | MDL-1822 | IN RE: Bluetooth Headset Products Liability Litigation | 27 | 27 |
| | D.J. Dale S. Fischer | MDL-1897 | IN RE: Mattel, Inc., Toy Lead Paint Products Liability Litigation | 20 | 20 |
| | D.J. R. Gary Klausner | MDL-1816 | IN RE: Katz Interactive Call Processing Patent Litigation | 53 | 54 |
| | D.J. R. Gary Klausner | MDL-1864 | IN RE: Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | D.J. S. James Otero | MDL-1891 | IN RE: Korean Air Lines Co., Ltd., Antitrust Litigation | 70 | 70 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574 | IN RE: Paxil Products Liability Litigation | 6 | 149 |
| | D.J. Manuel L. Real | MDL-1737 | IN RE: American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
| | D.J. Christina A. Snyder | MDL-1671 | IN RE: Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 9 | 12 |
| | D.J. Christina A. Snyder | MDL-1825 | IN RE: Midland National Life Insurance Co. Annuity Sales Practices Litigation | 2 | 2 |
| | C.J. Alicemarie H. Stotler | MDL-1803 | IN RE: Banc of America Investment Services, Inc., Overtime Pay Litigation | 5 | 5 |
| | D.J. Stephen V. Wilson | MDL-1745 | IN RE: Live Concert Antitrust Litigation | 22 | 22 |

| District | JUDGE | LITIGATION | Actions | Total |
|---|---|---|---|---|
| CAN | D.J. William H. Alsup | MDL-1826 IN RE: Graphics Processing Units Antitrust Litigation | 51 | 52 |
| | D.J. Saundra Brown Armstrong | MDL-1781 IN RE: Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809 IN RE: Terminix Employment Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699 IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,753 | 2,017 |
| | D.J. Charles R. Breyer | MDL-1793 IN RE: International Air Transportation Surcharge Antitrust Litigation | 101 | 102 |
| | D.J. Charles R. Breyer | MDL-1913 IN RE: Transpacific Passenger Air Transportation Antitrust Litigation | 16 | 16 |
| | Sr.J. Samuel Conti | MDL-1917 IN RE: Cathode Ray Tube (CRT) Antitrust Litigation | 15 | 15 |
| | D.J. Phyllis J. Hamilton | MDL-1486 IN RE: Dynamic Random Access Memory (DRAM) Antitrust Litigation | 26 | 45 |
| | D.J. Susan Y. Illston | MDL-1827 IN RE: TFT-LCD (Flat Panel) Antitrust Litigation | 135 | 135 |
| | D.J. Martin J. Jenkins | MDL-1648 IN RE: Rubber Chemicals Antitrust Litigation | 10 | 14 |
| | D.J. Marilyn Hall Patel | MDL-1770 IN RE: Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | D.J. Marilyn Hall Patel | MDL-1841 IN RE: Wells Fargo Loan Processor Overtime Pay Litigation | 2 | 2 |
| | C.J. Vaughn R. Walker | MDL-1606 IN RE: Deep Vein Thrombosis Litigation | 5 | 84 |
| | C.J. Vaughn R. Walker | MDL-1791 IN RE: National Security Agency Telecommunications Records Litigation | 48 | 49 |
| | D.J. James Ware | MDL-1665 IN RE: Acacia Media Technologies Corp. Patent Litigation | 22 | 23 |
| | D.J. Claudia Wilken | MDL-1819 IN RE: Static Random Access Memory (SRAM) Antitrust Litigation | 81 | 82 |
| | D.J. Ronald M. Whyte | MDL-1423 IN RE: Cygnus Telecommunications Technology, LLC, Patent Litigation | 3 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754 IN RE: Apple iPod nano Products Liability Litigation | 5 | 8 |
| CAS | D.J. Roger T. Benitez | MDL-1806 IN RE: Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II) | 11 | 11 |
| | D.J. Roger T. Benitez | MDL-1889 IN RE: Peregrine Systems, Inc., Securities Litigation | 35 | 35 |
| | Sr.J. Napoleon A. Jones, Jr. | MDL-1296 IN RE: Alliance Equipment Lease Program Securities Litigation | 1 | 27 |
| | D.J. Jeffrey T. Miller | MDL-1751 IN RE: Jamster Marketing Litigation | 5 | 5 |
| CO | D.J. Robert E. Blackburn | MDL-1788 IN RE: Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II) | 8 | 30 |
| | D.J. Wiley Y. Daniel | MDL-1743 IN RE: American Family Mutual Insurance Co. Overtime Pay Litigation | 2 | 2 |
| CT | Sr.J. Alfred V. Covello | MDL-1568 IN RE: Parcel Tanker Shipping Services Antitrust Litigation | 2 | 18 |
| | D.J. Christopher F. Droney | MDL-1894 IN RE: U.S. Foodservice, Inc., Pricing Litigation | 3 | 3 |
| | D.J. Alvin W. Thompson | MDL-1463 IN RE: Xerox Corp. Securities Litigation | 22 | 22 |
| | D.J. Stefan R. Underhill | MDL-1542 IN RE: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 15 | 15 |
| | D.J. Stefan R. Underhill | MDL-1631 IN RE: Publication Paper Antitrust Litigation | 28 | 31 |
| | D.J. Stefan R. Underhill | MDL-1642 IN RE: Polychloroprene Rubber (CR) Antitrust Litigation | 9 | 9 |
| | D.J. Stefan R. Underhill | MDL-1649 IN RE: Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002 | 4 | 4 |

| District | Judge | Litigation | Actions Pending | Total Actions |
|---|---|---|---|---|
| DC | D.J. John D. Bates | MDL-1772 IN RE: Series 7 Broker Qualification Exam Scoring Litigation | 19 | 21 |
| | D.J. Rosemary M. Collyer | MDL-1880 IN RE: Papst Licensing Digital Camera Patent Litigation | 6 | 6 |
| | D.J. Paul L. Friedman | MDL-1869 IN RE: Rail Freight Fuel Surcharge Antitrust Litigation | 16 | 16 |
| | C.J. Thomas F. Hogan | MDL-1285 IN RE: Vitamin Antitrust Litigation | 3 | 84 |
| | D.J. Ellen Segal Huvelle | MDL-1792 IN RE: InPhonic, Inc., Wireless Phone Rebate Litigation | 15 | 15 |
| | D.J. Royce C. Lamberth | MDL-1307 IN RE: Columbia/HCA Healthcare Corp. Qui Tam Litigation (No. II) | 2 | 30 |
| | D.J. Richard J. Leon | MDL-1515 IN RE: Nifedipine Antitrust Litigation | 6 | 10 |
| | D.J. Richard J. Leon | MDL-1668 IN RE: Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation | 7 | 18 |
| | D.J. James Robertson | MDL-1796 IN RE: Department of Veterans Affairs (VA) Data Theft Litigation | 3 | 3 |
| | D.J. Ricardo M. Urbina | MDL-1798 IN RE: Long-Distance Telephone Service Federal Excise Tax Refund Litigation | 4 | 4 |
| DE | D.J. Joseph J. Farnan, Jr. | MDL-1717 IN RE: Intel Corp. Microprocessor Antitrust Litigation | 76 | 77 |
| | C.J. Gregory M. Sleet | MDL-1660 IN RE: PharmaStem Therapeutics, Inc., Patent Litigation | 6 | 6 |
| | C.J. Gregory M. Sleet | MDL-1848 IN RE: Rembrandt Technologies, LP, Patent Litigation | 15 | 15 |
| | C.J. Gregory M. Sleet | MDL-1866 IN RE: Brimonidine Patent Litigation | 2 | 2 |
| FLM | D.J. Henry Lee Adams, Jr. | MDL-1698 IN RE: American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation | 80 | 80 |
| | D.J. Anne C. Conway | MDL-1769 IN RE: Seroquel Products Liability Litigation | 5,645 | 7,292 |
| | D.J. Timothy J. Corrigan | MDL-1828 IN RE: Imagitas, Inc., Drivers' Privacy Protection Act Litigation | 13 | 13 |
| | Sr.J. Paul A. Magnuson (MN) | MDL-1824 IN RE: Tri-State Water Rights Litigation | 6 | 6 |
| | D.J. James S. Moody, Jr. | MDL-1626 IN RE: Accutane Products Liability Litigation | 17 | 32 |
| FLS | D.J. Donald L. Graham | MDL-1888 IN RE: Marine Hose Antitrust Litigation (No. II) | 8 | 8 |
| | D.J. Kenneth A. Marra | MDL-1916 IN RE: Chiquita Brands International, Inc., Alien Tort Statute and Shareholders Derivative Litigation | 6 | 6 |
| | C.J. Federico A. Moreno | MDL-1334 IN RE: Managed Care Litigation | 9 | 124 |
| GAM | D.J. Clay D. Land | MDL-1854 IN RE: Tyson Foods, Inc., Fair Labor Standards Act Litigation | 25 | 25 |
| GAN | D.J. William S. Duffey, Jr. | MDL-1895 IN RE: LTL Shipping Services Antitrust Litigation | 50 | 50 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1804 IN RE: Stand 'n Seal Products Liability Litigation | 35 | 36 |
| | D.J. Thomas W. Thrash, Jr. | MDL-1845 IN RE: ConAgra Peanut Butter Products Liability Litigation | 147 | 147 |
| IAS | Sr.J. Ronald E. Longstaff | MDL-1733 IN RE: Teflon Products Liability Litigation | 23 | 23 |

| District | JUDGE | LITIGATION | Actions Pending | Total Actions |
|---|---|---|---|---|
| ILN | D.J Wayne R. Andersen | MDL-1876  IN RE: Long Beach Mortgage Company Truth in Lending Act 1-4 Family Rider Litigation | 3 | 3 |
| | Sr.J. Marvin E. Aspen | MDL-1425  IN RE: Aimster Copyright Litigation | 11 | 11 |
| | Sr.J. Marvin E. Aspen | MDL-1715  IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 447 | 457 |
| | D.J. Elaine E. Bucklo | MDL-1784  IN RE: McDonald's French Fries Litigation | 13 | 14 |
| | D.J. David H. Coar | MDL-1536  IN RE: Sulfuric Acid Antitrust Litigation | 7 | 7 |
| | D.J. David H. Coar | MDL-1783  IN RE: JP Morgan Chase & Co. Securities Litigation | 3 | 3 |
| | D.J. Robert W. Gettleman | MDL-1350  IN RE: Trans Union Corp. Privacy Litigation | 14 | 15 |
| | Sr.J. John F. Grady | MDL-986  IN RE: "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 115 | 367 |
| | Sr.J. John F. Grady | MDL-1521  IN RE: Wireless Telephone 911 Calls Litigation | 10 | 10 |
| | Sr.J. John F. Grady | MDL-1703  IN RE: Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 4 | 7 |
| | C.J. James F. Holderman, Jr. | MDL-1818  IN RE: Citifinancial Services Incorporated Prescreened Offer Litigation | 10 | 10 |
| | Sr.J. Harry D. Leinenweber | MDL-1893  IN RE: RC2 Corp. Toy Lead Paint Products Liability Litigation | 18 | 18 |
| | D.J. Charles R. Norgle, Sr. | MDL-1491  IN RE: African-American Slave Descendants Litigation | 2 | 10 |
| | D.J. Charles R. Norgle, Sr. | MDL-1604  IN RE: Ocwen Federal Bank FSB Mortgage Servicing Litigation | 75 | 90 |
| | D.J. Amy J. St. Eve | MDL-1778  IN RE: Ocean Financial Corp. Prescreening Litigation | 5 | 6 |
| | D.J. James B. Zagel | MDL-899  IN RE: Mortgage Escrow Deposit Litigation | 1 | 75 |
| | D.J. James B. Zagel | MDL-1392  IN RE: General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| ILS | D.J. G. Patrick Murphy | MDL-1562  IN RE: General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 12 |
| | D.J. G. Patrick Murphy | MDL-1748  IN RE: Profiler Products Liability Litigation | 4 | 4 |
| INN | Sr.J. Rudy J. Lozano | MDL-1767  IN RE: H&R Block Mortgage Corp. Prescreening Litigation | 3 | 3 |
| | C.J. Robert L. Miller, Jr. | MDL-1700  IN RE: FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 57 | 63 |
| INS | D.J. Sarah E. Barker | MDL-1373  IN RE: Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 15 | 824 |
| | C.J. David F. Hamilton | MDL-1313  IN RE: AT&T Corp. Fiber Optic Cable Installation Litigation | 43 | 43 |
| | D.J. Larry J. McKinney | MDL-1727  IN RE: COBRA Tax Shelters Litigation | 3 | 4 |
| KS | D.J. John W. Lungstrum | MDL-1468  IN RE: Universal Service Fund Telephone Billing Practices Litigation | 63 | 68 |
| | D.J. John W. Lungstrum | MDL-1616  IN RE: Urethane Antitrust Litigation | 30 | 30 |
| | C.J. Kathryn H. Vratil | MDL-1721  IN RE: Cessna 208 Series Aircraft Products Liability Litigation | 8 | 9 |
| | C.J. Kathryn H. Vratil | MDL-1840  IN RE: Motor Fuel Temperature Sales Practices Litigation | 50 | 50 |
| | C.J. Kathryn H. Vratil | MDL-1853  IN RE: The TJX Companies, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation | 9 | 9 |
| KYE | Sr.J. Joseph M. Hood | MDL-1877  IN RE: ClassicStar Mare Lease Litigation | 18 | 18 |

| District | JUDGE | LITIGATION | Actions Pending | Total |
|---|---|---|---|---|
| LAE | D.J. Kurt D. Engelhardt | MDL-1873  IN RE: FEMA Trailer Formaldehyde Products Liability Litigation | 15 | 15 |
|  | D.J. Eldon E. Fallon | MDL-1355  IN RE: Propulsid Products Liability Litigation | 297 | 474 |
|  | D.J. Eldon E. Fallon | MDL-1657  IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation | 9,284 | 9,882 |
|  | D.J. Martin L.C. Feldman | MDL-1390  IN RE: Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 52 | 133 |
|  | D.J. Sarah S. Vance | MDL-1643  IN RE: Educational Testing Service PLT 7-12 Test Scoring Litigation | 2 | 31 |
| MA | D.J. Nancy Gertner | MDL-1354  IN RE: Citigroup, Inc., Capital Accumulation Plan Litigation | 8 | 18 |
|  | Sr.J. Edward F. Harrington | MDL-1143  IN RE: Mutual Life Insurance Company of New York Premium Litigation | 2 | 23 |
|  | D.J. Patti B. Saris | MDL-1456  IN RE: Pharmaceutical Industry Average Wholesale Price Litigation | 3 | 119 |
|  | D.J. Patti B. Saris | MDL-1629  IN RE: Neurontin Marketing, Sales Practices and Products Liability Litigation | 10 | 231 |
|  | D.J. Richard G. Stearns | MDL-1861  IN RE: Wellnx Marketing and Sales Practices Litigation | 16 | 16 |
|  | D.J. Joseph L. Tauro | MDL-1790  IN RE: Volkswagen and Audi Warranty Extension Litigation | 2 | 8 |
|  | D.J. Joseph L. Tauro | MDL-1820  IN RE: Webloyalty.com, Inc., Marketing and Sales Practices Litigation | 2 | 5 |
|  | D.J. Joseph L. Tauro | MDL-1870  IN RE: Greenwood Credit Union Prescreening Litigation | 3 | 3 |
|  | D.J. Douglas P. Woodlock | MDL-1543  IN RE: Carbon Black Antitrust Litigation | 1 | 16 |
|  | D.J. Douglas P. Woodlock | MDL-1704  IN RE: M3Power Razor System Marketing & Sales Practices Litigation | 1 | 26 |
|  | D.J. William G. Young | MDL-1838  IN RE: The TJX Companies, Inc., Customer Data Security Breach Litigation | 28 | 28 |
|  | D.J. Rya W. Zobel | MDL-1380  IN RE: Xcelera.com Inc. Securities Litigation | 1 | 20 |
|  | D.J. Rya W. Zobel | MDL-1461  IN RE: Shell Oil Products Co. Dealer Franchise Litigation | 1 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1539  IN RE: Royal Ahold N.V. Securities & "ERISA" Litigation | 37 | 37 |
|  | C.J. Benson Everett Legg | MDL-1387  IN RE: ProteGen Sling and Vesica System Products Liability Litigation | 4 | 584 |
|  | D.J. J. Frederick Motz | MDL-1332  IN RE: Microsoft Corp. Windows Operating Systems Antitrust Litigation | 2 | 117 |
|  | D.J. J. Frederick Motz, | MDL-1586  IN RE: Mutual Funds Investment Litigation | 423 | 437 |
|  | D.J. Andre M. Davis and |  |  |  |
|  | D.J. Catherine C. Blake |  |  |  |
|  | D.J. Roger W. Titus | MDL-1911  IN RE: Michelin North America, Inc., PAX System Marketing and Sales Practices Litigation | 4 | 4 |
| ME | D.J. D. Brock Hornby | MDL-1532  IN RE: New Motor Vehicles Canadian Export Antitrust Litigation | 27 | 31 |
| MIE | D.J. Sean F. Cox | MDL-1867  IN RE: OnStar Contract Litigation | 22 | 23 |
|  | C.J. Bernard A. Friedman | MDL-1718  IN RE: Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation | 78 | 81 |
|  | D.J. Gerald E. Rosen | MDL-1725  IN RE: Delphi Corp. Securities, Derivative & "ERISA" Litigation | 22 | 25 |
|  | D.J. Gerald E. Rosen | MDL-1749  IN RE: General Motors Corp. Securities & Derivative Litigation | 5 | 5 |
| MIW | C.J. Robert Holmes Bell | MDL-1846  IN RE: Trade Partners, Inc., Investors Litigation | 5 | 5 |

| District | JUDGE | LITIGATION | Actions | Total |
|---|---|---|---|---|
| MN | D.J. Michael J. Davis<br>Sr.J. David S. Doty<br>D.J. Donovan W. Frank<br>Sr.J. Richard H. Kyle<br>Sr.J. Paul A. Magnuson<br>C.J. James M. Rosenbaum<br>C.J. James M. Rosenbaum<br>D.J. John R. Tunheim | MDL-1431  IN RE: Baycol Products Liability Litigation<br>MDL-1892  IN RE: KFC Corp. Fair Labor Standards Act Litigation<br>MDL-1708  IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation<br>MDL-1905  IN RE: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation<br>MDL-1724  IN RE: Viagra Products Liability Litigation<br>MDL-1726  IN RE: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation<br>MDL-1836  IN RE: Mirapex Products Liability Litigation<br>MDL-1396  IN RE: St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | 330<br>27<br>2,056<br>31<br>134<br>1,115<br>275<br>20 | 9,090<br>28<br>2,086<br>31<br>140<br>1,191<br>275<br>57 |
| MOE | D.J. Jean C. Hamilton<br>Sr.J. Stephen N. Limbaugh<br>D.J. Catherine D. Perry<br>D.J. Rodney W. Sippel<br>D.J. Rodney W. Sippel<br>D.J. E. Richard Webber | MDL-1702  IN RE: Air Crash Near Kirksville, Missouri, on October 19, 2004<br>MDL-1672  IN RE: Express Scripts, Inc., Pharmacy Benefits Management Litigation<br>MDL-1811  IN RE: Genetically Modified Rice Litigation<br>MDL-1620  IN RE: Metoprolol Succinate Patent Litigation<br>MDL-1736  IN RE: Celexa and Lexapro Products Liability Litigation<br>MDL-1907  IN RE: Aurora Dairy Corp. Organic Milk Marketing and Sales<br>            Practices Litigation | 4<br>13<br>222<br>8<br>43<br>4 | 12<br>20<br>222<br>8<br>43<br>4 |
| MOW | D.J. Richard E. Dorr | MDL-1786  IN RE: H&R Block, Inc., Express IRA Marketing Litigation | 20 | 21 |
| MSS | D.J. Keith Starrett | MDL-1872  IN RE: Wayne Farms LLC Fair Labor Standards Act Litigation | 12 | 12 |
| NCM | C.J. James A. Beaty, Jr. | MDL-1622  IN RE: Cotton Yarn Antitrust Litigation | 9 | 9 |
| NCW | C.J. Richard L. Voorhees | MDL-1516  IN RE: Polyester Staple Antitrust Litigation | 14 | 36 |
| NE | D.J. Laurie Smith Camp | MDL-1920  IN RE: Saturn L-Series Timing Chain Products Liability Litigation | 3 | 3 |
| NH | D.J. Paul J. Barbadoro | MDL-1335  IN RE: Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | 12 | 104 |

| District | JUDGE | LITIGATION | Actions Pending | Total Actions |
|---|---|---|---|---|
| NJ | Sr.J. Harold A. Ackerman | MDL-1687  IN RE: Ford Motor Co. E-350 Van Products Liability Litigation (No. II) | 5 | 5 |
| | C.J. Garrett E. Brown, Jr. | MDL-1471  IN RE: Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | 4 | 4 |
| | C.J. Garrett E. Brown, Jr. | MDL-1663  IN RE: Insurance Brokerage Antitrust Litigation | 45 | 47 |
| | D.J. Stanley R. Chesler | MDL-1658  IN RE: Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | 1 | 35 |
| | D.J. Stanley R. Chesler | MDL-1777  IN RE: SFBC International, Inc., Securities & Derivative Litigation | 1 | 14 |
| | D.J. Stanley R. Chesler | MDL-1857  IN RE: Schering Marketing and Sales Practices Litigation (No. II) | 6 | 6 |
| | D.J. Mary L. Cooper | MDL-1851  IN RE: Desloratadine Patent Litigation | 4 | 4 |
| | Sr.J. Dickinson R. Debevoise | MDL-1337  IN RE: Holocaust Era German Industry, Bank & Insurance Litigation | 2 | 59 |
| | Sr.J. Dickinson R. Debevoise | MDL-1914  IN RE: Mercedes-Benz Tele Aid Contract Litigation | 4 | 4 |
| | D.J. Joseph A. Greenaway, Jr. | MDL-1419  IN RE: K-Dur Antitrust Litigation | 1 | 44 |
| | D.J. Noel L. Hillman | MDL-1850  IN RE: Pet Food Products Liability Litigation | 116 | 116 |
| | D.J. Faith S. Hochberg | MDL-1384  IN RE: Gapabentin Patent Litigation | 13 | 17 |
| | D.J. Faith S. Hochberg | MDL-1479  IN RE: Neurontin Antitrust Litigation | 22 | 22 |
| | Sr.J. Joseph E. Irenas | MDL-1881  IN RE: Boscov's Department Store, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 3 | 3 |
| | D.J. Jose L. Linares | MDL-1730  IN RE: Hypodermic Products Antitrust Litigation | 9 | 10 |
| | D.J. William J. Martini | MDL-1763  IN RE: Human Tissue Products Liability Litigation | 208 | 216 |
| | D.J. Jerome B. Simandle | MDL-1514  IN RE: Electrical Carbon Products Antitrust Litigation | 1 | 25 |
| | Sr.J. William H. Walls | MDL-1292  IN RE: Cendant Corporation Securities Litigation | 3 | 18 |
| | D.J. Susan D. Wigenton | MDL-1550  IN RE: IDT Corp. Calling Card Terms Litigation | 4 | 5 |
| | D.J. Freda L. Wolfson | MDL-1799  IN RE: Vonage Initial Public Offering (IPO) Securities Litigation | 1 | 16 |
| | D.J. Freda L. Wolfson | MDL-1862  IN RE: Vonage Marketing and Sales Practices Litigation | 5 | 5 |
| NV | D.J. Kent J. Dawson | MDL-1619  IN RE: Musha Cay Litigation | 3 | 3 |
| | Sr.J. Lloyd D. George | MDL-1357  IN RE: NOS Communications, Inc., Billing Practices Litigation | 7 | 8 |
| | D.J. Robert Clive Jones | MDL-1878  IN RE: Internal Revenue Service §1031 Tax Deferred Exchange Litigation | 5 | 5 |
| | D.J. Philip M. Pro | MDL-1566  IN RE: Western States Wholesale Natural Gas Antitrust Litigation | 6 | 33 |
| | D.J. Philip M. Pro | MDL-1735  IN RE: Wal-Mart Wage and Hour Employment Practices Litigation | 33 | 35 |

| District | Judge | Litigation | Actions Pending | Total Actions |
|---|---|---|---|---|
| NYE | D.J. Brian M. Cogan | MDL-1844 IN RE: Air Crash Near Peixoto de Azeveda, Brazil, on September 29, 2006 | 68 | 68 |
| | C.J. Raymond J. Dearie | MDL-1613 IN RE: Nigeria Charter Flights Contract Litigation | 10 | 14 |
| | D.J. John Gleeson | MDL-1575 IN RE: Visa/MasterCard Antitrust Litigation | 5 | 8 |
| | D.J. John Gleeson | MDL-1720 IN RE: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 51 | 51 |
| | D.J. John Gleeson | MDL-1775 IN RE: Air Cargo Shipping Services Antitrust Litigation | 94 | 95 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-799 IN RE: Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 37 | 297 |
| | Sr.J. Thomas C. Platt, Jr. | MDL-1898 IN RE: American Home Mortgage Securities Litigation | 19 | 19 |
| | Sr.J. David G. Trager | MDL-1738 IN RE: Vitamin C Antitrust Litigation | 10 | 10 |
| | Sr.J. Jack B. Weinstein | MDL-381 IN RE: "Agent Orange" Products Liability Litigation | 6 | 629 |
| | Sr.J. Jack B. Weinstein | MDL-1596 IN RE: Zyprexa Products Liability Litigation | 1,866 | 1,869 |
| NYS | Sr.J. Harold Baer, Jr. | MDL-1661 IN RE: Rivastigmine Patent Litigation | 4 | 5 |
| | D.J. Deborah A. Batts | MDL-1714 IN RE: Rhodia S.A. Securities Litigation | 4 | 4 |
| | D.J. Richard A. Berman | MDL-1628 IN RE: Pineapple Antitrust Litigation | 6 | 10 |
| | D.J. Charles L. Brieant | MDL-1508 IN RE: Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 5 | 18 |
| | D.J. Charles L. Brieant | MDL-1903 IN RE: PepsiCo, Inc., Bottled Water Marketing and Sales Practices Litigation | 4 | 4 |
| | D.J. Denise Cote | MDL-1487 IN RE: WorldCom, Inc., Securities & "ERISA" Litigation | 3 | 177 |
| | D.J. Paul A. Crotty | MDL-1794 IN RE: Novartis Wage and Hour Litigation | 2 | 2 |
| | D.J. George B. Daniels | MDL-1379 IN RE: Literary Works in Electronic Databases Copyright Litigation | 3 | 5 |
| | D.J. George B. Daniels | MDL-1570 IN RE: Terrorist Attacks on September 11, 2001 | 24 | 25 |
| | Sr.J. Kevin Thomas Duffy | MDL-1443 IN RE: America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 IN RE: Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | Sr.J. Thomas P. Griesa | MDL-1644 IN RE: Elevator and Escalator Antitrust Litigation | 4 | 25 |
| | D.J. Richard J. Holwell | MDL-1771 IN RE: "A Million Little Pieces" Litigation | 11 | 11 |
| | D.J. Barbara S. Jones | MDL-1291 IN RE: Omeprazole Patent Litigation | 5 | 22 |
| | D.J. Lewis A. Kaplan | MDL-1348 IN RE: Rezulin Products Liability Litigation | 751 | 1,868 |
| | D.J. Lewis A. Kaplan | MDL-1653 IN RE: Parmalat Securities Litigation | 17 | 17 |
| | Sr.J. John F. Keenan | MDL-1484 IN RE: Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 21 | 176 |
| | Sr.J. John F. Keenan | MDL-1789 IN RE: Fosamax Products Liability Litigation | 412 | 413 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 IN RE: AOL Time Warner Inc. Securities & "ERISA" Litigation | 35 | 72 |
| | Sr.J. Shirley Wohl Kram | MDL-1739 IN RE: Grand Theft Auto Video Game Consumer Litigation (No. II) | 8 | 8 |
| | Sr.J. Shirley Wohl Kram | MDL-1744 IN RE: Marsh & McLennan Companies, Inc., Securities Litigation | 7 | 10 |
| | D.J. Gerard E. Lynch | MDL-1472 IN RE: Global Crossing Ltd. Securities and "ERISA" Litigation | 2 | 89 |
| | D.J. Gerard E. Lynch | MDL-1902 IN RE: Refco Inc. Securities Litigation | 13 | 13 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 IN RE: Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 72 | 72 |

| District | Judge | Litigation | Actions | Total |
|---|---|---|---|---|
| NYS (cont.) | D.J. Colleen McMahon | MDL-1695  IN RE: Veeco Instruments Inc. Securities Litigation | 13 | 13 |
| | D.J. Colleen McMahon | MDL-1755  IN RE: Bayou Hedge Funds Investment Litigation | 9 | 10 |
| | Sr.J. Richard Owen | MDL-1688  IN RE: Pfizer Inc. Securities, Derivative & "ERISA" Litigation | 30 | 30 |
| | Sr.J. Richard Owen | MDL-1706  IN RE: Doral Financial Corp. Securities Litigation | 24 | 25 |
| | D.J. William H. Pauley III | MDL-1409  IN RE: Currency Conversion Fee Antitrust Litigation | 5 | 35 |
| | D.J. Loretta A. Preska | MDL-1659  IN RE: Nortel Networks Corp. Securities Litigation | 2 | 30 |
| | D.J. Loretta A. Preska | MDL-1780  IN RE: Digital Music Antitrust Litigation | 30 | 31 |
| | D.J. Jed S. Rakoff | MDL-1598  IN RE: Ephedra Products Liability Litigation | 519 | 861 |
| | D.J. Shira Ann Scheindlin | MDL-1358  IN RE: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 145 | 167 |
| | D.J. Shira Ann Scheindlin | MDL-1428  IN RE: Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 8 | 27 |
| | D.J. Shira Ann Scheindlin | MDL-1554  IN RE: Initial Public Offering (IPO) Securities Litigation | 393 | 511 |
| | Sr.J. John E. Sprizzo | MDL-1153  IN RE: Bennett Funding Group, Inc., Securities Litigation (No. II) | 29 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499  IN RE: South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584  IN RE: Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II) | 1 | 8 |
| | D.J. Sidney H. Stein | MDL-1603  IN RE: OxyContin Antitrust Litigation | 59 | 63 |
| | Sr.J. Robert W. Sweet and Sr.J. John F. Keenan* | MDL-1448  IN RE: Air Crash at Belle Harbor, New York, on November 12, 2001 | 52 | 376 |
| | | * Judge Keenan is assigned to actions in which Judge Sweet is recused. | | |
| OHN | D.J. Peter C. Economus | MDL-1561  IN RE: Travel Agent Commission Antitrust Litigation | 1 | 3 |
| | Sr.J. David A. Katz | MDL-1742  IN RE: Ortho Evra Products Liability Litigation | 1,040 | 1,179 |
| | D.J. Donald C. Nugent | MDL-1488  IN RE: Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 3 | 31 |
| | D.J. Kathleen McDonald O'Malley | MDL-1401  IN RE: Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 3 | 434 |
| | D.J. Kathleen McDonald O'Malley | MDL-1490  IN RE: Commercial Money Center, Inc., Equipment Lease Litigation | 31 | 38 |
| | D.J. Kathleen McDonald O'Malley | MDL-1535  IN RE: Welding Fume Products Liability Litigation | 3,299 | 11,569 |
| | D.J. Dan A. Polster | MDL-1909  IN RE: Gadolinium Contrast Dyes Products Liability Litigation | 25 | 25 |
| OHS | D.J. Gregory L. Frost | MDL-1638  IN RE: Foundry Resins Antitrust Litigation | 1 | 20 |
| | Sr.J. James L. Graham | MDL-1565  IN RE: National Century Financial Enterprises, Inc., Investment Litigation | 21 | 22 |
| | Sr.J. James L. Graham | MDL-1829  IN RE: Vision Service Plan Tax Litigation | 5 | 5 |
| OKW | D.J. Stephen P. Friot | MDL-1564  IN RE: Farmers Insurance Co., Inc., FCRA Litigation | 7 | 12 |
| OR | Sr.J. Robert E. Jones | MDL-1439  IN RE: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 4 | 13 |

| District | JUDGE | LITIGATION | Actions | Total |
|---|---|---|---|---|
| PAE | C.J. Harvey Bartle III | MDL-1203  IN RE: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 983 | 20,156 |
|  | D.J. Ronald L. Buckwalter | MDL-1014  IN RE: Orthopedic Bone Screw Products Liability Litigation | 1 | 3,085 |
|  | D.J. Ronald L. Buckwalter | MDL-1741  IN RE: Isolagen, Inc., Securities & Derivative Litigation | 5 | 5 |
|  | D.J. Stewart Dalzell | MDL-1682  IN RE: Hydrogen Peroxide Antitrust Litigation | 2 | 34 |
|  | D.J. Legrome D. Davis | MDL-1684  IN RE: Plastics Additives Antitrust Litigation (No. II) | 8 | 10 |
|  | Sr.J. Jan E. DuBois | MDL-1261  IN RE: Linerboard Antitrust Litigation | 2 | 20 |
|  | Sr.J. John P. Fullam | MDL-1782  IN RE: Pharmacy Benefit Managers Antitrust Litigation | 6 | 6 |
|  | Sr.J. James T. Giles | MDL-875   IN RE: Asbestos Products Liability Litigation (No. VI) | 34,383 | 112,229 |
|  | Sr.J. Bruce W. Kauffman | MDL-969   IN RE: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
|  | D.J. Mary A. McLaughlin | MDL-1712  IN RE: American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation | 14 | 15 |
|  | Sr.J. Thomas N. O'Neill, Jr. | MDL-1904  IN RE: OSI Restaurant Partners, LLC, Fair and Accurate Credit Transactions Act (FACTA) Litigation | 4 | 4 |
|  | Sr.J. Louis H. Pollak | MDL-1817  IN RE: CertainTeed Corp. Roofing Shingle Products Liability Litigation | 21 | 21 |
|  | D.J. Cynthia M. Rufe | MDL-1871  IN RE: Avandia Marketing, Sales Practices and Products Liability Litigation | 130 | 130 |
|  | D.J. Timothy J. Savage | MDL-1675  IN RE: ACE Limited Securities Litigation | 4 | 4 |
|  | D.J. Timothy J. Savage | MDL-1768  IN RE: Methyl Methacrylate (MMA) Antitrust Litigation | 18 | 18 |
|  | D.J. Lawrence F. Stengel | MDL-1879  IN RE: Sterling Financial Corporation Securities Litigation | 1 | 9 |
|  | D.J. Richard Barclay Surrick | MDL-1426  IN RE: Automotive Refinishing Paint Antitrust Litigation | 61 | 63 |
|  | D.J. Richard Barclay Surrick | MDL-1912  IN RE: Fasteners Antitrust Litigation | 20 | 20 |
| PAM | D.J. Thomas I. Vanaskie | MDL-1556  IN RE: Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | D.J. Gary L. Lancaster | MDL-1674  IN RE: Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 7 | 8 |
| RI | C.J. Mary M. Lisi | MDL-1842  IN RE: Kugel Mesh Hernia Patch Products Liability Litigation | 539 | 541 |
| SC | Sr.J. C. Weston Houck | MDL-1865  IN RE: Household Goods Movers Antitrust Litigation | 3 | 3 |
|  | C.J. David C. Norton | MDL-1785  IN RE: Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 290 | 292 |
| TNE | C.J. Curtis L. Collier | MDL-1552  IN RE: UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 19 | 28 |
|  | D.J. J. Ronnie Greer | MDL-1899  IN RE: Southeastern Milk Antitrust Litigation | 6 | 6 |
| TNM | C.J. Todd J. Campbell | MDL-1760  IN RE: Aredia and Zometa Products Liability Litigation | 380 | 388 |
|  | Sr.J. John T. Nixon | MDL-1537  IN RE: Nortel Networks Corp. "ERISA" Litigation | 6 | 6 |
|  | D.J. Aleta A. Trauger | MDL-1457  IN RE: Allstate Insurance Co. Underwriting and Rating Practices Litigation | 6 | 11 |
| TNW | D.J. J. Daniel Breen | MDL-1551  IN RE: Reciprocal of America (ROA) Sales Practices Litigation | 15 | 15 |

| District | JUDGE | LITIGATION | Actions Pending | Total |
|---|---|---|---|---|
| TXE | D.J. Leonard E. Davis<br>D.J. T. John Ward | MDL-1512  IN RE: Electronic Data Systems Corp. Securities & "ERISA" Litigation<br>MDL-1530  IN RE: Fleming Companies Inc. Securities & Derivative Litigation | 4<br>10 | 29<br>22 |
| TXN | Sr.J. A. Joe Fish<br>D.J. Terry R. Means | MDL-1578  IN RE: UICI "Association-Group" Insurance Litigation<br>MDL-1875  IN RE: RadioShack Corp. "ERISA" Litigation | 2<br>4 | 28<br>4 |
| TXS | D.J. Vanessa D. Gilmore<br>D.J. Melinda Harmon<br>D.J. Lynn N. Hughes<br>D.J. Janis Graham Jack<br><br>D.J. Sim Lake | MDL-1646  IN RE: Testmasters Trademark Litigation<br>MDL-1446  IN RE: Enron Corp. Securities, Derivative & "ERISA" Litigation<br>MDL-1609  IN RE: Service Corporation International Securities Litigation<br>MDL-1810  IN RE: MERSCORP Inc., et al., Real Estate Settlement Procedures Act<br>          (RESPA) Litigation<br>MDL-1886  IN RE: Refined Petroleum Products Antitrust Litigation | 1<br>110<br>1<br>13<br><br>6 | 6<br>196<br>4<br>30<br><br>6 |
| UT | D.J. Dale A. Kimball | MDL-1546  IN RE: Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  IN RE: Xybernaut Corp. Securities Litigation | 9 | 10 |
| WAW | Sr.J. John C. Coughenour<br>D.J. Marsha J. Pechman<br>D.J. Barbara Jacobs Rothstein | MDL-1896  IN RE: General Motors Corp. Speedometer Products Liability Litigation<br>MDL-1919  IN RE: Washington Mutual, Inc., Securities, Derivative & "ERISA" Litigation<br>MDL-1407  IN RE: Phenylpropanolamine (PPA) Products Liability Litigation | 3<br>15<br>199 | 3<br>15<br>3,376 |
| WY | C.J. William F. Downes | MDL-1293  IN RE: Natural Gas Royalties Qui Tam Litigation | 74 | 83 |

# Exhibit C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **CONNECTICUT** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 2,437 | 2,460 | 2,530 | 2,717 | 2,752 | 2,816 | U.S. | Circuit |
| | Terminations | 2,767 | 2,641 | 2,690 | 2,644 | 2,596 | 3,027 | | |
| | Pending | 2,822 | 3,121 | 3,276 | 3,407 | 3,337 | 3,190 | | |
| | % Change in Total Filings — Over Last Year | | -.9 | | | | | 44 | 3 |
| | % Change in Total Filings — Over Earlier Years | | | -3.7 | -10.3 | -11.5 | -13.5 | 64 | 3 |
| Number of Judgeships | | 8 | 8 | 8 | 8 | 8 | 8 | | |
| Vacant Judgeship Months** | | 5.8 | 12.0 | 11.0 | .0 | 6.5 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 304 | 308 | 317 | 340 | 345 | 353 | 77 | 5 |
| | FILINGS — Civil | 257 | 261 | 272 | 293 | 294 | 307 | 60 | 5 |
| | FILINGS — Criminal Felony | 30 | 36 | 32 | 35 | 37 | 36 | 90 | 6 |
| | FILINGS — Supervised Release Hearings** | 17 | 11 | 13 | 12 | 14 | 10 | 65 | 6 |
| | Pending Cases | 353 | 390 | 410 | 426 | 417 | 399 | 53 | 5 |
| | Weighted Filings** | 368 | 376 | 379 | 409 | 396 | 420 | 68 | 5 |
| | Terminations | 346 | 330 | 336 | 331 | 325 | 378 | 71 | 5 |
| | Trials Completed | 10 | 12 | 15 | 16 | 17 | 20 | 88 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 12.4 | 13.9 | 12.2 | 11.4 | 9.5 | 10.9 | 82 | 3 |
| | From Filing to Disposition — Civil** | 10.5 | 11.6 | 11.4 | 11.6 | 10.5 | 10.1 | 72 | 3 |
| | From Filing to Trial** (Civil Only) | 27.0 | 29.8 | 32.4 | 31.0 | 30.0 | 31.0 | 54 | 3 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 252 | 339 | 358 | 325 | 318 | 231 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 10.4 | 12.5 | 12.3 | 10.7 | 10.6 | 8.1 | 82 | 3 |
| | Average Number of Felony Defendants Filed Per Case | 1.9 | 1.6 | 1.8 | 1.7 | 1.4 | 1.8 | | |
| | Jurors — Avg. Present for Jury Selection | 60.26 | 52.82 | 56.95 | 63.51 | 54.54 | 46.25 | | |
| | Jurors — Percent Not Selected or Challenged | 35.5 | 32.4 | 38.6 | 32.7 | 31.7 | 34.2 | | |

| **2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2056 | 50 | 48 | 265 | 47 | 20 | 122 | 291 | 205 | 115 | 496 | 5 | 392 |
| Criminal* | 234 | 1 | 69 | 11 | 29 | 59 | 8 | 14 | 9 | 9 | 3 | 9 | 13 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| ILLINOIS NORTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 8,422 | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | | |
| | Terminations | | 7,929 | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | | |
| | Pending | | 8,091 | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | | |
| | % Change in Total Filings | Over Last Year | 4.1 | | | | | | 27 | 2 |
| | | Over Earlier Years | | -7.0 | -20.4 | -24.3 | -24.4 | | 81 | 6 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months** | | 15.8 | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 382 | 367 | 412 | 481 | 505 | 506 | 62 | 4 |
| | | Civil | 346 | 330 | 369 | 437 | 461 | 459 | 36 | 3 |
| | | Criminal Felony | 24 | 26 | 34 | 32 | 38 | 39 | 93 | 7 |
| | | Supervised Release Hearings** | 12 | 11 | 9 | 12 | 6 | 8 | 77 | 6 |
| | Pending Cases | | 368 | 351 | 360 | 350 | 395 | 390 | 48 | 3 |
| | Weighted Filings** | | 462 | 443 | 485 | 512 | 526 | 525 | 39 | 3 |
| | Terminations | | 360 | 375 | 400 | 521 | 495 | 487 | 66 | 5 |
| | Trials Completed | | 11 | 11 | 13 | 12 | 12 | 14 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 14.7 | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 90 | 7 |
| | | Civil** | 6.2 | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | | 29.7 | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 65 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 456 | 500 | 388 | 337 | 442 | 461 | | |
| | | Percentage | 6.5 | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 65 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 45.20 | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | | |
| | | Percent Not Selected or Challenged | 31.8 | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7620 | 118 | 150 | 701 | 53 | 55 | 1504 | 902 | 563 | 428 | 1614 | 23 | 1509 |
| Criminal* | 527 | 1 | 152 | 59 | 43 | 107 | 80 | 13 | 6 | 17 | 11 | 11 | 27 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# EXHIBIT 3



FREED  KANNER  LONDON & MILLEN LLC

May 7, 2008

direct dial:  224.632.4507
rwozniak@fklmlaw.com

**VIA FEDERAL EXPRESS**

Jeffrey N. Lüthi, Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC  20002-8004

      Re:    *In re Aftermarket Filters Antitrust Litigation*, MDL Docket No. 1957

Dear Mr. Lüthi:

      Enclosed for filing please find an original and four copies of Plaintiff Neptune Warehouse Distributors, Inc.'s Joinder to Motion of Plaintiff Lovett Auto & Tractor Parts, Inc. for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings along with a CD-ROM containing the same in both Microsoft Word and PDF formats.

      Also enclosed for filing are originals of the following documents:  (1) Notice of Appearance of Michael J. Freed on Behalf of Neptune Warehouse Distributor's, Inc., (2) Notice of Related Action by Plaintiff Neptune Warehouse Distributors, Inc. and (3) Proof of Service.

      Please file-stamp and return the copy set of the above documents to me in the enclosed self-addressed, stamped envelope.  Thank you for your assistance.

            Sincerely,

            Robert J. Wozniak

RJW/sw
Enclosures
cc:      Parties on Panel and Supplemental Service List (via First Class Mail)

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION | ) **MDL NO. 1957** |

**PLAINTIFF NEPTUNE WAREHOUSE DISTIBUTORS, INC.'S
JOINDER TO MOTION OF PLAINTIFF LOVETT AUTO & TRACTOR PARTS, INC.
FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS
PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS**

### I.    The Aftermarket Filters Antitrust Cases

Neptune Warehouse Distributors, Inc. filed an antitrust class action complaint on April

23, 2008, in the United States District Court Northern District of Illinois, alleging that

Defendants violated federal antitrust laws by conspiring to fix prices for Aftermarket Filters

throughout the United States. To date, at least thirteen complaints have been filed in federal

district courts around the country based on the same or similar allegations, including at least two

in the Northern District of Illinois[1]. (*See* Schedule of Related Actions attached hereto as Exhibit

A.) At least two previous motions have been filed before the Judicial Panel on Multidistrict

Litigation ("the Panel") for the purpose of consolidating for pretrial purposes all of the

Aftermarket Filters Antitrust Cases in one district court pursuant to 28 U.S.C. § 1407. Plaintiff

Neptune Warehouse Distributors, Inc. agrees with the other petitioners that transfer of all related

actions to a single forum for consolidated or coordinated pretrial proceedings will further

---

[1] A third complaint was filed in the Northern District of Illinois, but dismissed and refiled in the District of Connecticut.

convenience of the parties and witnesses, will promote efficiency and judicial economy, and will eliminate the possibility of conflicting pretrial rulings. These cases present many common questions of fact and substantially identical legal theories, a sufficient basis to satisfy the transfer requirements of Section 1407.

## II.     The Northern District of Illinois is an Appropriate Forum for the Aftermarket Filters Antitrust Cases

Plaintiff Neptune Warehouse Distributors, Inc. joins in Plaintiff Lovett Auto & Tractor Parts, Inc.'s Motion for Transfer of Actions to the Northern District of Illinois. The Northern District of Illinois is an appropriate forum as three of the Defendants are located in the Northern District of Illinois, and a fourth is located in close proximity to the Northern District of Illinois. Where, as here, principal Defendants are located in or near a potential transferee district, the Panel has found that the geographic nexus favors transfer to that jurisdiction. *See In re Webloyaltyy.com Inc., Marketing and Sales Practices Litig.,* 474 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007).

Moreover, the Northern District of Illinois has the experience, time, and resources to manage this complex litigation. For these reasons, and all of the reasons in the above-referenced Motion and Brief in Support thereof, Plaintiff Neptune Warehouse Distributors, Inc. requests that the Panel transfer the related actions to the Northern District of Illinois.

DATED:  May 7, 2008

FREED KANNER LONDON
& MILLEN LLC

Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA   94111
Telephone: (415) 217-6810

Robert J. Bonsignore
Robin E. Brewer
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400

*Attorneys for Plaintiff
and the Proposed Class*

**RULE 7.2(a)(ii) SCHEDULE OF RELATED ACTIONS**

| CASE CAPTION | COURT | CIVIL ACTION NO. | JUDGE | DATE FILED |
|---|---|---|---|---|
| **Plaintiff:** Lovett Auto & Tractor Parts, Inc.<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | N.D. Illinois | 08-CV-2046 | Robert W. Gettleman | 4/10/08 |
| **Plaintiff:** Neptune Warehouse Distributors, Inc.<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | N.D. Illinois | 08-CV-2317 | Rebecca R. Pallmeyer | 4/23/08 |
| **Plaintiff:** Manasek Auto Parts, Inc., d/b/a Undercar Warehouse<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | S.D. Illinois | 08-CV-00305 | G. Patrick Murphy | 4/23/08 |
| **Plaintiff:** Big T Inc., t/d/b/a A to Z Auto Parts<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | S.D. Illinois | 08-cv-00331 | David R. Herndon | 5/6/08 |

| | | | | |
|---|---|---|---|---|
| **Plaintiff:** S & E Quick Lube Distributors, Inc.<br><br>**Defendants:** Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | D. Connecticut | 08-CV-00475-JBA | Janet Bond Arterton | 3/31/08 |
| **Plaintiff:** Flash Sales, Inc.<br><br>**Defendants:** Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | D. Connecticut | 08-CV-00512-CFD | Christopher F. Droney | 4/4/08 |
| **Plaintiff:** William C. Bruene d/b/a/ Lone Star Lube<br><br>**Defendants:** Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | D. Connecticut | 08-CV-00522-SRU | Stefan R. Underhill | 4/8/08 |
| **Plaintiff:** T.D.S. Company, Inc. d/b/a TWI Auto Parts & Supplies<br><br>**Defendants:** Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | D. Connecticut | 08-CV-00528-MRK | Mark R. Kravitz | 4/9/08 |

| | | | | |
|---|---|---|---|---|
| **Plaintiff:** Packard Automotive<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc. | D. Connecticut | 08-CV-00600-PCD | Peter C. Dorsey | 4/21/08 |
| **Plaintiff:** The Parts Plus Group, Inc.<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc. | D. Connecticut | 08-cv-00637-VLB | Vanessa L. Bryant | 4/28/08 |
| **Plaintiff:** Ward Auto Painting & Body Works, Inc.<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc. | D. Connecticut | 08-cv-00660-MRK | Mark R. Kravitz | 4/30/08 |
| **Plaintiff:** Randall Bethea and James Padgett<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The 08-cv-00126Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc. | E.D. Tennessee | 08-cv-00126 | J. Ronnie Greer | 4/28/08 |

| | | | | |
|---|---|---|---|---|
| **Plaintiff:** Central Warehouse Sales Corporation<br><br>**Defendants**: Champion Laboratories Inc.; Purolator Filters N.A. L.L.C.; Honeywell International, Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; Arvinmeritor, Inc.; United Components, Inc.; The Carlyle Group | D. New Jersey | 08-cv-02123 | Katharine S. Hayden | 4/29/08 |

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE AFTERMARKET FILTERS ANTITRUST LITIGATION ) ) ) ) ) ) | MDL NO. 1957 |

**NOTICE OF APPEARANCE OF MICHAEL J. FREED
ON BEHALF OF NEPTUNE WAREHOUSE DISTIBUTORS, INC.**

Pursuant to Rule 5.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, plaintiff Neptune Warehouse Distributors, Inc., the plaintiff in *Neptune Warehouse*

*Distributors, Inc. v. Champion Laboratories, et al.*, Case No. 08-CV-2317, hereby designates the

undersigned attorney, Michael J. Freed, to receive service of all pleadings, notices, orders, and

other papers relating to practice before the Judicial Panel on Multidistrict Litigation.

DATED:  May 7, 2008                    FREED KANNER LONDON
                                        & MILLEN LLC

                                        Michael J. Freed
                                        Steven A. Kanner
                                        William H. London
                                        Douglas A. Millen
                                        2201 Waukegan Road, Suite 130
                                        Bannockburn, IL 60015
                                        Telephone: (224) 632-4500

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA   94111
Telephone: (415) 217-6810

Robert J. Bonsignore
Robin E. Brewer
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400

*Attorneys for Plaintiff
and the Proposed Class*

MAY 1 2 2008

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE AFTERMARKET FILTERS<br>ANTITRUST LITIGATION | ) ) ) ) ) ) )    MDL NO. 1957 |

## NOTICE OF RELATED ACTION BY PLAINTIFF
## NEPTUNE WAREHOUSE DISTIBUTORS, INC.

PLEASE TAKE NOTICE that the following related action was filed in the United States

District Court for the Northern District of Illinois on April 23, 2008, and assigned to the

Honorable Rebecca R. Pallmeyer: *Neptune Warehouse Distributors, Inc. v. Champion*

*Laboratories, et al.*, Case No. 08-CV-2317. A copy of the Complaint is attached hereto as

Exhibit A.

DATED: May 7, 2008

FREED KANNER LONDON
& MILLEN LLC

Michael J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA   94111
Telephone: (415) 217-6810

Robert J. Bonsignore
Robin E. Brewer
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400

*Attorneys for Plaintiff
and the Proposed Class*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NEPTUNE WAREHOUSE DISTRIBUTORS, INC., individually and on behalf of all others similarly situated, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; HONEYWELL INTERNATIONAL INC.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; THE DONALDSON COMPANY; BALDWIN FILTERS, INC.; BOSCH U.S.A.; MANN + HUMMELL U.S.A., INC.; and ARVINMERITOR, INC., | **JURY TRIAL DEMANDED** FILED: APRIL 23, 2008 08CV2317       PH JUDGE PALLMEYER MAGISTRATE JUDGE MASON |
| Defendants. | |

Plaintiff Neptune Warehouse Distributors, Inc. ("Plaintiff"), on behalf of itself and all

others similarly situated in the class defined below, brings this action for treble damages under

the antitrust laws of the United States against Champion Laboratories, Inc.; Purolator Filters N.A.

L.L.C.; Honeywell International Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The

Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; and

ArvinMeritor, Inc. (collectively, "Defendants"), and alleges as follows upon information and belief:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15

U.S.C. §§ 15 and 26, to recover treble damages, equitable relief, expenses and costs of suit for

injuries sustained by Plaintiff and the Class resulting from violations by Defendants of Section 1

of the Sherman Act, 15 U.S.C. § 1. Subject matter jurisdiction is proper pursuant to Section 4(a)

of the Clayton Act, 15 U.S.C. § 15(a), and 28 U.S.C. § 1331 and 1337, because the action arises

under the laws of the United States.

2.       Defendants are found or transact business within this district and Defendants'

interstate trade and commerce is carried out, in substantial part, in this district. Venue therefore

lies within this district under 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c).

3.       This Court has personal jurisdiction over each Defendant because, *inter alia*, each

Defendant: (a) transacted business throughout the United States, including in this District; (b)

manufactured, sold, shipped and delivered substantial quantities of Filters throughout the United

States, including in this District; (c) had substantial contacts with the United States, including in

this District; and (d) was engaged in an illegal scheme and price-fixing conspiracy that was

directed at and had the intended effect of causing injury to persons residing in, located in, or doing

business throughout the United States, including in this District.

4.       Jurisdiction over all Defendants comports with the United States Constitution, and

15 U.S.C. §§ 15, 22 and 26.

## DEFINITIONS

5.       "Filters" includes, among other things, replacement oil, air, fuel and transmission

filters manufactured by the Defendants. Filters are utilized to remove contaminants from

combustion engines and related systems. Oil filters remove contaminants from the motor oil used to

lubricate an engine's pistons; fuel filters primarily screen dirt and rust particles from an engine's fuel

lines; air filters prevent particulate matter from entering an engine's cylinders; and transmission

filters ensure the proper functioning of an engine's transmission systems.

## PARTIES

6.       Plaintiff Neptune Warehouse Distributors, Inc. is a business located in Chelsea,

Massachusetts. During the time period covered by the Complaint, Plaintiff purchased Filters

2

directly from one or more of the Defendants or their subsidiaries and was injured by reason of the antitrust violations alleged herein.

7.      Defendant Purolator Filters N.A. L.L.C. is headquartered in Fayetteville, North Carolina, with a principal mailing address of 2800 South 25th Ave., Broadview, Illinois 60565. Purolator Filters N.A. L.L.C. is a joint venture between Bosch U.S.A. and Mann + Hummel U.S.A., Inc.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

8.      Defendant Bosch U.S.A. is headquartered in Broadview, Illinois, with its business address at 2800 S. 25th Ave., Broadview, Illinois 60155.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

9.      Defendant Mann + Hummel U.S.A., Inc., is headquartered in Portage, Michigan, with its business address at 6400 S. Sprinkle Road, Portage, Michigan 49002.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

10.      Defendant ArvinMeritor, Inc. is headquartered in Troy, Michigan, with its address at 2135 West Maple Road, Troy, Michigan 48084.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States. ArvinMeritor, Inc. owned Purolator Filters N.A. L.L.C. from January 1999 through March 2006. Thereafter it sold Purolator Filters N.A. L.L.C. to Bosch U.S.A. and Mann + Hummel U.S.A., Inc. Hereinafter, Purolator Filters N.A. L.L.C.; Bosch U.S.A.; Mann + Hummel U.S.A., Inc.; and ArvinMeritor, Inc. are collectively referred to as "Purolator."

11.      Defendant Champion Laboratories, Inc. ("Champion") is headquartered at Albion, Illinois, with its business address at 200 S. Fourth St., Albion, Illinois 62806. During the

3

time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

12.    Defendant Wix Filtration Corp. LLC ("Wix") is headquartered in Gastonia, North Carolina with its address at 1101 Technology Drive, Ann Arbor, Michigan 48108 listed with the North Carolina Secretary of State.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

13.    Defendant Honeywell International, Inc., ("Honeywell") is headquartered at Morristown, New Jersey, with its business address located at 101 Columbia Road, Morristown, New Jersey 07962.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

14.    Defendant Cummins Filtration, Inc., ("Cummins") is headquartered in Nashville, Tennessee, with its business address located at 2931 Elm Hill Pike, Nashville, Tennessee 37214. During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

15.    Defendant The Donaldson Company ("Donaldson") is a corporation headquartered in Minneapolis, Minnesota, with its business address located at 1400 W. 94th St., Minneapolis, Minnesota 55431.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

16.    Defendant Baldwin Filters, Inc. ("Baldwin") is headquartered in Kearney, Nebraska, with its business address located at 4400 E. Hwy. 30, Kearney, Nebraska 68848.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

## CO-CONSPIRATORS

17.    Whenever in this Complaint reference is made to any act, deed, or transaction of

4

any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control, or transaction of the corporation's business or affairs.

18.    The acts alleged in this Complaint to have been done by Defendants were authorized, ordered and condoned by their parent corporations and authorized, ordered and performed by their officers, directors, agents, employees, or representatives while engaged in the management, direction, control or transaction of their business affairs.

19.    Various other persons, firms, and corporations not named as Defendants have participated as co-conspirators in the violations alleged herein and have performed acts and made statements in furtherance thereof.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure, Rules 23(a) and (b)(3) on behalf of the following class (the "Class"):

> All individuals or entities who, during the period from January 1, 1999 through the present, purchased Filters in the United States directly from the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest, at any time. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries or affiliates and all entities owned by the federal government.

21.    Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants or their coconspirators. Due to the nature of the trade and commerce involved, however, Plaintiff believes that Class members number at least in the hundreds if not thousands and thus are sufficiently numerous and geographically dispersed throughout the United States so that joinder of all members is impracticable.

22.    Plaintiff is a member of the Class, and Plaintiff's claims are typical of the claims of

members of the Class as Plaintiff and all members of the Class are similarly affected by

Defendants' wrongful conduct in violation of the antitrust laws. All members of the Class have paid

artificially inflated prices for Filters. Additionally, all members of the Class were harmed because

Defendants' anticompetitive practices deprived the Class members of competitive markets for

Filters.

      23.    Plaintiff will fairly and adequately protect the interests of the members of the

Class and has retained counsel competent and experienced in the prosecution of class actions and

antitrust litigation.

      24.    Common questions of law and fact exist as to all members of the Class and

predominate over any questions solely affecting individual members of the Class. Such common

questions of law and fact include:

    a.    Whether Defendants and their co-conspirators engaged in a conspiracy to fix, raise, maintain or stabilize the price of Filters;

    b.    Whether Defendants' wrongful conduct caused antitrust injury to Plaintiff and the other members of the Class;

    c.    Whether the unlawful conduct of Defendants caused Plaintiff and the other Class members to pay more for Filters than they otherwise would have paid absent Defendants' conduct;

    d.    The appropriate Class-wide measure of damages; and

    e.    The appropriate scope of injunctive relief.

      25.    Plaintiff knows of no difficulty that would prevent this case from being

maintained as a class action and class action treatment is a superior method for the fair and

efficient adjudication of this controversy. Class action treatment will, among other things,

allow a large number of similarly situated persons and/or entities to prosecute their common

claims in a single forum, thus avoiding the unnecessary duplication of resources that numerous

individual actions would require. Moreover, class action treatment allows injured persons the

ability to seek redress on claims that might be impracticable to pursue individually.

6

**TRADE AND COMMERCE**

26.     At all material times, Defendants provided Filters to their customers across state lines.

27.     During the relevant time period, in connection with purchase and sale of Filters, monies as well as contracts, bills and other forms of business communication and transactions were transmitted in continuous and uninterrupted flow across state lines.

28.     During the relevant time period, various devices were used to effectuate the illegal acts alleged herein, including the United States mail, interstate travel, and interstate commerce. The activities of Defendants as charged in this Complaint were within the flow of, and have substantially affected, interstate commerce.

**THE FILTERS INDUSTRY**

29.     Filters are utilized to remove contaminants from combustion engines and related systems. Filters become less effective over time as contaminants are filtered out of the respective engine systems, and they are designed to be replaced periodically. Replacement filters are purchased to replace original equipment filters included in new motors.

30.     Oil, air, fuel and transmission filters are primarily sold into two separate channels: (i) to Original Equipment Manufacturers ("OEM") and (ii) to aftermarket sellers of replacement Filters ("Aftermarket Sellers").

31.     OEMs purchase filters for use in connection with new vehicles. These filters are installed in vehicles during the production process.

32.     The United States Filters markets are highly concentrated, with just a handful of major producers manufacturing and producing these products. This concentration, as well as interlocking business arrangements, assisted Defendants in successfully implementing their conspiracy. For example, in April 2006, Defendant ArvinMeritor sold Defendant Purolator to

7

Defendants Bosch and Mann + Hummel. Defendants Bosch and Mann + Hummel now operate

Defendant Purolator as a joint venture. Mann + Hummel, CEO Dieter Seipler has stated that "it was

a natural alliance because Bosch is a major private-brand customer far Mann + Hummel in Europe

and in other regions of the world."

33.    Annual revenues for Filters markets in the United States are approximately $3

billion to $5 billion.

34.    On January 19, 2006, William G. Burch, former employee of both Purolator N.A.

L.L.C. and Champion Laboratories, Inc. ("Champion"), filed a complaint against Champion in state

court in Tulsa, Oklahoma, alleging, among other things, that Mr. Burch was wrongfully

terminated form his employment with Champion for knowing about, and subsequently reporting to

authorities, the antitrust violations alleged in the Pending Actions.

35.    On March 25, 2008, Burch, a former National Accounts and Division Sales

Manager for Defendant Champion, executed an affidavit under oath in *Champion Laboratories.*

*Inc. v. Burch,* 06-CV-4031 (JPG) (S.D. Ill.).  This affidavit, which is made on the basis of personal

knowledge, states as follows:

    a.    Burch "became aware that Champion was involved in activities with
Champion's competitors that constitute price-fixing. For example,
Champion provided information concerning price increases to competitors
before it provided that information to consumers or to the general public.
Champion was also given advance information about price increases by its
competitors. Further information is set forth accurately and in detail in the
mediation statement dated September 21, 2007, that I understand will be
filed under seal in this case."

    b.    Burch also stated that "[d]uring the time I worked for Champion, I was
directed by Champion to conduct discussions regarding 'pricing' with
employees of competitors of Champion. I refused to conduct those
discussions."

36.    Many of the allegations contained herein, particularly those with respect to the

specifics of meetings between the Defendants, are based on alleged recorded conversations and

8

the personal knowledge of this former employee.

37.    As a Division Sales Manager responsible for monitoring and coordinating terms of sales, the former employee was privy to, among other things, exchanges of confidential pricing materials by which Defendants unlawfully agreed to the timing and magnitude of price increases throughout the Class period.  These include, among other acts, the following:

   a.    on June 28, 1999, a Purolator executive faxed an executive at Honeywell a letter which announced a 6% increase on all Purolator branded filters effective August 15, 1999, but did not send a price increase notification to Purolator's customers until July 1999;

   b.    at a trade convention called the Heritage Show in May 1999, representatives of Defendants agreed in person, on behalf of their respective employers, to raise prices for Filters, and Defendants later raised prices in accordance with the wrongful agreements reached at the Heritage Show;

   c.    in February 2004, Champion's President informed his sales team that Champion was about to raise prices and told them to make sure Champion's "competitors" were aware of the increase and adjusted their prices accordingly, both in timing and amount, pursuant to wrongful agreements previously reached, which the employees accomplished by meeting with Defendants' representatives;

   d.    in 2004, an internal Champion e-mail with the subject line "Price Increases" confirmed that the other Defendants were in agreement regarding a coordinated price increase; and

   e.    pursuant to the unlawful agreement, Defendants each instituted similar price increases, in amounts of approximately 4-6%, at the same times.

38.    Defendants engaged in repeated in-person meetings to further their anticompetitive scheme. Many of these meetings occurred at the annual Filter Manufacturers Council meeting in Nashville, Tennessee. The Filter Manufacturers Council is a trade organization comprised of the Defendants and other industry participants.

## VIOLATIONS ALLEGED

39.    Beginning at least as early as January 1, 1999 and continuing thereafter, Defendants and their co-conspirators, by and through their officers, directors, employees, agents, or other

9

representatives, entered in a continuing contract, combination or conspiracy in unreasonable

restraint of trade and commerce in violation of § 1 of the Sherman Act, 15 U.S.C. § 1.

      40.    The contract, combination or conspiracy consisted of a continuing agreement,

understanding and concert of action among Defendants and their co-conspirators, the substantial

terms of which were to fix, raise, maintain and stabilize the prices of, and/or allocate the market

for, Filters sold in the United States and elsewhere.

      41.    As a result of their unlawful actions, Defendants were able to force coordinated

price increases on the Filters markets.

      42.    Defendants' unlawful conduct took many forms, including but not limited to:

          a.    attending meetings and/or otherwise exchanging information regarding the pricing and sale of Filters;

          b.    selling Filters to customers at collusive and non-competitive prices;

          c.    agreeing to sell Filters at specified; pre-arranged prices;

          d.    agreeing not to compete for each other's customers;

          e.    accepting payment at non-competitive prices;

          f.    giving actual and/or apparent authority to employees' participation in furtherance of the wrongful conduct; and

          g.    fraudulently concealing the wrongful conduct.

      43.    Defendants' wrongful conduct in manipulating prices was undertaken in order to

charge artificially inflated prices for their Filters.

      44.    As a direct result of the unlawful conduct of Defendants and their co-conspirators

in furtherance of their continuing contract, combination, or conspiracy, Plaintiff and other

members of the Class have been injured in their business and property in that they have paid

more for Filters than they would have paid in the absence of Defendants' and its co-

conspirators' price fixing.

**EFFECTS**

45.    The above combination and conspiracy has had the following effects, among

others:

       a.    price competition in the sale of Filters by Defendants and their co-
            conspirators has been restrained, suppressed and eliminated throughout the
            United States;

       b.    prices for Filters sold by Defendants and their co-conspirators have been
            raised, fixed, maintained and stabilized at artificially high and
            noncompetitive levels throughout the United States; and

       c.    purchasers of Filters from Defendants and their co-conspirators have been
            deprived of the benefit of free and open competition.

46.    As a direct and proximate result of the unlawful conduct of Defendants and their

co-conspirators, Plaintiff and other members of the Class have been injured in their business and

property in that they paid more for Filters than they otherwise would have paid in the absence of

the unlawful conduct of Defendants and their co-conspirators.

**DAMAGES**

47.    During the Class Period, Plaintiff and the other members of the class purchased

Filters directly from Defendants, or their subsidiaries, agent, or co-conspirators, and by reason

of the antitrust violations herein alleged, paid more for such products than they would have paid

in the absence of such antitrust violations. As a result, Plaintiff and the other members of the

Class have sustained damages to their business and property in an amount to be determined at

trial.

**FRAUDULENT CONCEALMENT**

48.    Plaintiff and other members of the Class had no knowledge of Defendants' unlawful

scheme and could not have discovered Defendants' unlawful conduct at an earlier date by the

exercise of due diligence.  Defendants affirmatively concealed their illegal acts and these acts only

11

recently became known to the public through filings in the aforementioned litigation in the Southern District of Illinois. As a result of Plaintiff's lack of knowledge of the effects of Defendants' unlawful scheme, Plaintiff asserts the tolling of any applicable statutes of limitations affecting the right of action by Plaintiff and other members of the Class.

49.     Moreover, Defendants' actions constitute a continuing violation in that Defendants' anticompetitive practices resulted in unlawfully priced Filters, and each and every such transaction at artificially inflated prices is an overt act that injured Plaintiff and other members of the Class. These artificially inflated prices continue to exist in the relevant markets as Defendants' have yet to cease their unlawful conduct. Upon each and every instance that Defendants failed to disclose their illegal conduct and their effect on the prices paid by Plaintiff and the Class, Defendants knew or should have known that the undisclosed information was material to those who purchased such products.

50.     In addition, Defendants committed numerous additional overt acts in furtherance of their conspiracy, both within and prior to four years from the date of the filing of this Complaint. Such overt acts include the illegal meetings and communications regarding Filter prices described herein.

51.     Therefore, each instance in which Defendants engaged in the conduct complained of herein and each instance in which a Class member unknowingly paid supra-competitive prices for Filters constitutes part of a continuing violation and operates to toll any applicable statutes of limitation. Furthermore, Defendants are estopped from relying on any statute of limitations defense because of their unfair and deceptive conduct.

12

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully prays:

A.      that this Court declare this action to be a proper class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class as defined herein, and direct that reasonable notice of this action, as provided by Fed. R. Civ. P. 23(c)(2), be given each member of the class;

B.      that this Court declare the unlawful combination and conspiracy alleged herein to be an unreasonable restraint of trade of commerce in violation of § 1 of the Sherman Act, 15 U.S.C. § 1;

C.      that this Court enjoin, preliminarily and permanently, Defendants from continuing the unlawful combination and conspiracy alleged herein;

D.      that this Court award Plaintiff and each member of the Class damages, as provided by law, and that joint and several judgments in favor of Plaintiff and each member of the Class be entered against Defendants and each of them in an amount to be trebled in accordance with the antitrust laws;

E.      that this Court award Plaintiff and the Class the costs of this suit (including expert fees), and reasonable attorneys fees, as provided by law; and

F.      that this Court award such other and further relief as the nature of this case may require or as may be just, equitable and proper to this Court.

## **JURY DEMAND**

Plaintiff demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), of all triable issues.

Dated:  April 23, 2008

By: /s/ Douglas A. Millen
Michael J. Freed (ARDC No. 0869120)
Steven A. Kanner (ARDC No. 3125292)
William H. London (ARDC No. 196353)
Douglas A. Millen (ARDC No. 6226978)
**FREED KANNER LONDON &
MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500
Facsimile:  (224) 632-4521
Email:  mfreed@fklmlaw.com
skanner@fklmlaw.com
wlondon@fklmlaw.com
dmillen@fklmlaw.com

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
**SAVERI & SAVERI, INC.**
111 Pine Street, Suite 1700
San Francisco, CA   94111
Telephone: (415) 217-6810

Robert J. Bonsignore
Robin E. Brewer
**BONSIGNORE & BREWER**
23 Forest Street
Medford, MA 02155
Telephone: (781) 391-9400

***Attorneys for Plaintiff and the
Proposed Class***

14

MAY 1 2 2008

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| | : | |
| IN RE: AFTERMARKET FILTERS | : | MDL DOCKET NO. 1957 |
| ANTITRUST LITIGATION | : | |
| | : | |

## PROOF OF SERVICE

I hereby certify that on this date, copies of the following documents were served on all

parties listed on the attached Panel and Supplemental Service Lists via First Class U.S. Mail:

1.  Notice of Related Action by Plaintiff Neptune Warehouse Distributors, Inc.

2.  Notice of Appearance of Michael J. Freed on Behalf of Plaintiff Neptune
    Warehouse Distributors, Inc.

3.  Plaintiff Neptune Warehouse Distributors, Inc.'s Joinder to Motion of Plaintiff
    Lovett Auto & Tractor Parts, Inc. for Transfer of Actions to the Northern District
    of Illinois Pursuant to 29 U.S.C. § 1407 for Coordinated or Consolidated Pretrial
    Proceedings.

Dated: May 7, 2008

_____
Robert J. Wozniak

## Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1957 - IN RE: Aftermarket Filters Antitrust Litigation
Status: Pending on / /
Transferee District: Judge:

Printed on 05/07/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Briggs, John DeQ.<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | =>Phone: (202) 783-0800 Fax: (202) 318-8594 Email: briggsj@howrey.com<br>Wix Filtration Corp., LLC* |
| Hansel, Gregory P.<br>PRETI FLAHERTY BELIVEAU & PACHIOS LLP<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112-9546 | =>Phone: (207) 791-3000 Fax: (207) 791-3111 Email: ghansel@preti.com<br>T.D.S. Co., Inc. dba TWI Auto Parts & Supplies* |
| Hassi, Edward<br>O'MELVENY & MYERS LLP<br>Time Square Tower<br>7 Times Square<br>New York, NY 10036 | =>Phone: (212) 326-4318 Fax: (212) 326-2061 Email: ehassi@omm.com<br>Honeywell International, Inc.* |
| Hoese, William E.<br>KOHN SWIFT & GRAF PC<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | =>Phone: (215) 238-1700 Fax: (215) 238-1968 Email: whoese@kohnswift.com<br>Barjan, LLC* |
| Kadzik, Peter J.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, N.W.<br>Washington, DC 20006-5403 | =>Phone: (202) 420-2200 Fax: (202) 420-2201 Email: kadzikp@dicksteinshapiro.com<br>ArvinMeritor, Inc.* |
| Kanzer, Alan<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY 10016 | =>Phone: (212) 210-9480 Fax: (212) 210-9444 Email: akanzer@alston.com<br>Mann + Hummel U.S.A., Inc.* |
| McCluer, Stuart H.<br>MCCULLEY MCCLUER PLLC<br>1109 Van Buren Avenue<br>Oxford, MS 38655 | =>Phone: (662) 236-1401 Fax: (662) 236-1974 Email: smccluer@mcculleymccluer.com<br>Lovett Auto & Tractor Parts, Inc.* |
| McKeown, James T.<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306 | =>Phone: (414) 297-5530 Fax: (414) 297-4900 Email: jmckeown@foley.com<br>Donaldson Co. (The)* |
| Murphy, Jerome A.<br>CROWELL & MORINO LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20262 | =>Phone: (202) 624-2500 Fax: (202) 628-5116 Email: jmurphy@crowell.com<br>Bosch U.S.A.*; Purolator Filters N.A., LLC* |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,957 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Nussbaum, Linda P.<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | =>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: lnussbaum@kaplanfox.com<br>Bruene (dba Lone Star Lube), William C.* |
| Paskin, Michael A.<br>CRAVATH SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 8th Avenue<br>New York, NY 10019 | =>Phone: (212) 474-1760  Fax: (212) 474-3700  Email: mpaskin@cravath.com<br>Cummins Filtration, Inc.* |
| Persky, Bernard<br>LABATON SUCHAROW LLP<br>140 Broadway<br>33rd Floor<br>New York, NY 10005 | =>Phone: (212) 907-0700  Fax: (212) 818-0477  Email: bpersky@labaton.com<br>Flash Sales, Inc.*; S&E Quick Lube Distributors, Inc.* |
| Prescott, Darrell<br>BAKER & MCKENZIE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036 | =>Phone: (212) 626-4476  Fax: (212) 310-1600  Email: darrell.prescott@bakernet.com<br>Baldwin Filters, Inc.* |
| Wix Filtration Corp., LLC,<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | =><br>Wix Filtration Products |
| Zwisler, Margaret M.<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, DC 20004 | =>Phone: (202) 637-2200  Fax: (202) 637-2201  Email: margaret.zwisler@lw.com<br>Champion Laboratories, Inc.*; United Components, Inc.* |

Note: Please refer to the report title page for complete report scope and key.

## SUPPLEMENTAL SERVICE LIST
## MDL DOCKET NO. 1957

| <u>Plaintiffs</u> | <u>Counsel</u> |
|---|---|
| *Lovett Auto & Tractor Parts, Inc.* | Stewart M. Weltman<br>Weltman Law Firm<br>77 West Wacker Drive, Suite 4800<br>Chicago, IL 60601<br>T: 312-606-8755<br><br>Vineet Bhatia<br>Susman Godfrey LLP<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002-5096<br><br>Stephen E. Morrissey<br>Susman Godfrey LLP<br>1901 Aenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029 |
| *Manasek Auto Parts, Inc.* | James J. Rosemergy<br>Carey & Danis LLC<br>8235 Forsyth Boulevard, Suite 1100<br>St. Louis, MO 63105-3786<br>T: 314-725-7700<br>F: 314-721-0905 |
| *Packard Automotive, Inc.* | Steven E. Arnold<br>Stanger & Arnold, LLP<br>433 S. Main St., Suite 112<br>West Hartford, CT 06110<br>T: 860-561-0650<br>F: 860-561-0646 |

**SUPPLEMENTAL SERVICE LIST**
**MDL DOCKET NO. 1957**

| <u>Plaintiffs</u> | <u>Counsel</u> |
|---|---|
| *Lovett Auto & Tractor Parts, Inc.* | Stewart M. Weltman<br>Weltman Law Firm<br>77 West Wacker Drive, Suite 4800<br>Chicago, IL  60601<br>T:  312-606-8755<br><br>Vineet Bhatia<br>Susman Godfrey LLP<br>1000 Louisiana, Suite 5100<br>Houston, TX  77002-5096<br><br>Stephen E. Morrissey<br>Susman Godfrey LLP<br>1901 Aenue of the Stars, Suite 950<br>Los Angeles, CA  90067-6029 |
| *Manasek Auto Parts, Inc.* | James J. Rosemergy<br>Carey & Danis LLC<br>8235 Forsyth  Boulevard, Suite 1100<br>St. Louis, MO  63105-3786<br>T: 314-725-7700<br>F: 314-721-0905 |
| *Packard Automotive, Inc.* | Steven E. Arnold<br>Stanger & Arnold, LLP<br>433 S. Main St., Suite 112<br>West Hartford, CT  06110<br>T: 860-561-0650<br>F: 860-561-0646 |

# EXHIBIT 4

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| | : | |
| **IN RE:** | : | |
| | : | **MDL Docket No. 1957** |
| **FILTERS ANTITRUST LITIGATION** | : | |
| | : | |

**BIG T INC.'S AND MANASEK AUTO PARTS INC.'S
JOINT MOTION FOR TRANSFER OF RELATED ANTITRUST ACTIONS
TO THE SOUTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

Big T Inc., t/d/b/a A to Z Auto Parts ("Big T") and Manasek Auto Parts, Inc., d/b/a

Undercar Warehouse ("Manasek"), hereby respectfully move the Judicial Panel on Multidistrict

Litigation for an Order, pursuant to 28 U.S.C. § 1407, transferring all related actions to the

United States District Court for the Southern District of Illinois for coordinated pretrial

proceedings.[1]  A list of pending related actions is on the Schedule of Actions, filed concurrently

with this motion.

Big T and Manasek, in support of their joint motion for transfer and consolidation for

coordinated pretrial proceedings, aver as follows:

---

[1] Movants are the plaintiffs in *Big T Inc. v. Champion Laboratories, Inc. et al.*, Civil Action No. 08-331-DRH-CJP (filed on May 6, 2008 in the U.S. District Court for the Southern District of Illinois) and *Manasek Auto Parts Inc. v. Champion Laboratories, Inc. et al.*, Civil Action No. 08-0305-GPM-CJP (filed on April 23, 2008 in the U.S. District Court for the Southern District of Illinois).

1.      The actions for which transfer and consolidation are proposed (the "related actions") arise from a conspiracy by the leading manufacturers of auto filters to fix, raise, maintain, or stabilize prices for those products, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15.

2.      The related actions assert substantially similar allegations, and thus involve common questions of fact, including, *inter alia*, whether a conspiracy existed, who participated in the conspiracy, how the conspiracy was conducted, and what impact resulted from the conspiracy.

3.      Coordination or consolidation and transfer of the actions will promote the just and efficient conduct of the actions by eliminating duplicative discovery, preventing inconsistent pretrial rulings and conserving the resources of the parties, their counsel and the judiciary.

4.      Transfer of the actions to the Southern District of Illinois is warranted because:

    a.  The corporate headquarters of Champion Laboratories, Inc. ("Champion") – a defendant with one of the largest market shares in the affected industry – is located in the Southern District of Illinois;

    b.  There is pending litigation against Champion in the Southern District of Illinois in which a former employee has alleged that he was fired for refusing to go along with Champion's price-fixing scheme and ***substantial discovery into these antitrust allegations is already underway***;

    c.  Witnesses and documents relevant to the related actions are already being amassed in the Southern District of Illinois in connection with the ongoing pending litigation;

    d.  The Southern District of Illinois has the resources and expertise to manage this complex multi-district litigation;

    e.  Seven of the ten defendants in these actions are located in the Midwest, relatively proximate to the Southern District of Illinois; and

    f.  The Southern District of Illinois (East St. Louis Division) is located proximately to a metropolitan center that is geographically convenient for all parties and potential witnesses.

Big T and Manasek make this motion based on the accompanying memorandum of law in support of their motion for transfer of related antitrust actions to the Southern District of Illinois and the pleadings and other papers on file.

DATED: May 12, 2008                    Respectfully submitted,

                                       **FINE, KAPLAN AND BLACK, R.P.C.**

                                       *Roberta D. Liebenberg*
                                       Roberta D. Liebenberg, Esquire
                                       Donald L. Perelman, Esquire
                                       Adam J. Pessin, Esquire
                                       1835 Market Street, Suite 2800
                                       Philadelphia, PA 19103
                                       Tel.: (215) 567-6565
                                       Fax: (215) 568-5872

                                       Simon B. Paris, Esquire
                                       Patrick Howard, Esquire
                                       **SALTZ MONGELUZZI BARRETT &**
                                       **BENDESKY, P.C.**
                                       One Liberty Place, 52nd Floor
                                       1650 Market St.
                                       Philadelphia, PA 19103
                                       Tel: (215) 496-8282
                                       Fax: (215) 496-0999

                                       Stewart L. Cohen, Esquire
                                       Shannon Lack, Esquire
                                       **COHEN, PLACITELLA & ROTH, P.C.**
                                       2001 Market Street, Suite 2900
                                       Philadelphia, PA 19103
                                       Tel.: (215) 567-3500
                                       Fax: (215) 567-6019

                                       Michael J. Boni, Esquire
                                       **BONI & ZACK LLC**
                                       15 St. Asaphs Road
                                       Bala Cynwyd, PA 19004
                                       Telephone: (610) 822-0201
                                       Fax: (610) 822-0206

                                       *Continued on next page*

Joseph Goldberg, Esquire
**FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES, P.A.**
20 First Plaza, Suite 700
Albuquerque, New Mexico  87102
Telephone: (505) 842-9960
Fax: (505) 842-0761

Ruthanne Gordon, Esquire
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Tel.: (215) 875-3072
Fax: (215) 875-4604

Tom Muzilla, Esquire
**THE MUZILLA LAW FIRM, L.L.C.**
Tower at Erieview, Suite 1100
1301 East 9th Street
Cleveland, OH  44114

James J. Rosemergy, Esquire
Michael J. Flannery, Esquire
**CARY & DANIS, LLC**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tel: (314) 725-7700
Fax: (314) 721-0905

***Attorneys for Plaintiffs Big T Inc. t/d/b/a A to Z
Auto Parts  and Manasek Auto Parts, Inc., d/b/a
Undercar Warehouse***

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

---

|                                        |     |                        |
| -------------------------------------- | --- | ---------------------- |
| **IN RE:**                             | :   |                        |
|                                        | :   | **MDL Docket No. 1957** |
| **FILTERS ANTITRUST LITIGATION**       | :   |                        |
|                                        | :   |                        |

---

**MEMORANDUM OF LAW IN SUPPORT OF
BIG T INC.'S AND MANASEK AUTO PARTS INC.'S JOINT MOTION
FOR TRANSFER OF RELATED ANTITRUST ACTIONS TO THE SOUTHERN
DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

Pursuant to Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, Big T Inc. t/d/b/a A to Z Auto Parts ("Big T") and Manasek Auto Parts, Inc., d/b/a

Undercar Warehouse ("Manasek"), whose actions are pending in the Southern District of Illinois

(East St. Louis Division),[1] respectfully submit this memorandum in support of their joint motion

for transfer and consolidation pursuant to 28 U.S.C. § 1407 of all related antitrust actions to the

Southern District of Illinois.

---

[1] *Big T Inc. v. Champion Laboratories, Inc. et al.*, Civil Action No. 08-331-DRH-CJP (filed on May 6, 2008 in the U.S. District Court for the Southern District of Illinois and assigned to Chief Judge David R. Herndon); *Manasek Auto Parts Inc. v. Champion Laboratories, Inc. et al.*, Civil Action No. 08-0305-GPM-CJP (filed on April 23, 2008 in the U.S. District Court for the Southern District of Illinois and assigned to Judge G. Patrick Murphy).

I. **INTRODUCTION**

At least fifteen similar antitrust class actions (collectively, the "related actions") have been filed in at least four different federal district courts against auto filter manufacturers alleging a price-fixing conspiracy from at least 1999 to the present. See Schedule of Related Actions, filed concurrently with Big T's and Manasek's motion. As set forth below, Big T and Manasek respectfully submit that consolidation and coordination of all related cases will promote fairness, eliminate duplicate discovery, prevent inconsistent judicial rulings and conserve both judicial and party resources. Transfer to the Southern District of Illinois is warranted because:

- The corporate headquarters of Champion Laboratories, Inc. ("Champion") – a defendant with one of the largest market shares in the affected industry – is located in the Southern District of Illinois;

- There is pending litigation against Champion in the Southern District of Illinois in which a former employee has alleged that he was fired for refusing to go along with Champion's price-fixing scheme and ***substantial discovery into these antitrust allegations is already underway***;

- Witnesses and documents relevant to the related actions are already being amassed in the Southern District of Illinois in connection with the ongoing pending litigation;

- The Southern District of Illinois has the resources and expertise to manage this complex multi-district litigation;

- Seven of the ten defendants in the related actions are located in the Midwest, relatively proximate to the Southern District of Illinois;

- The Southern District of Illinois (East St. Louis Division) is located near a metropolitan center (St. Louis, MO) that is geographically convenient for all parties and potential witnesses.

II. **BACKGROUND**

The related actions arise from a cartel among the nation's leading manufacturers of oil, air, fuel and transmission automotive filters ("filters") to fix, raise, maintain, or stabilize prices for those products in the United States. To date, fifteen antitrust class action suits have been

filed in the federal courts: eight in Connecticut, four in Illinois (two in the Southern District and two in the Northern District), one in New Jersey, one in the Eastern District of Tennessee, and one in the Middle District of Tennessee.

Each of these suits alleges injuries arising from violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, by Champion Laboratories, Inc.; Purolator Filters NA, LLC; Honeywell International Inc.; Wix Filtration Products; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch USA; Mann + Hummel USA; and Arvinmeritor, Inc. (collectively, "Defendants"). Each of the related cases shares substantial overlapping factual questions regarding the existence of, participants in, and effect of the conspiracy on filter prices.

## III.    **ARGUMENT**

Pursuant to 28 U.S.C. § 1407, transfer of these related actions for consolidated or coordinated pretrial proceedings is appropriate because (1) the related actions involve "one or more common questions of fact" and (2) doing so will "promote the just and efficient conduct" of this litigation. 28 U.S.C. § 1407(a). Indeed, counsel for plaintiffs in at least seven of the related actions have now submitted motions to this panel detailing the symmetry of the facts and claims at issue and the convenience and efficiency to be gained through consolidation.[2] The question is not *whether* to coordinate and consolidate, but *where*.

The Southern District of Illinois is the most appropriate transferee forum because: (1) it is the site of ongoing employment litigation involving numerous documents and witnesses that overlap with – and which in part prompted – the related actions; (2) it encompasses the

---

[2] *See* the motions pursuant to 28 U.S.C. § 1407 of Lovett Auto & Tractor Parts, Inc. (MDL-1957 Pleading No. 1) (on behalf of one Northern District of Illinois plaintiff) and of S&E Quiklube Distributors, Inc. *et al.* (MDL-1957 Pleading No. 2) (on behalf of the four District of Connecticut plaintiffs).

headquarters of one of the main defendants, Champion, which has one of the largest market shares in the filter industry; (3) it has a favorable docket and Judge Murphy – to whom the first filed case in the district has been assigned – has the required skill and experience to manage this matter;[3] and (4) it is in a geographically convenient location that is readily accessible to all parties and potential witnesses.

### A.    Consolidation Is Appropriate

All of the plaintiffs in the related actions have presented similar legal claims on behalf of a similar proposed class concerning injuries sustained from the alleged price-fixing activities of the same defendants, during the same time frame, in the same market.  In short, the existence of overlapping facts is plain.  Moreover, substantial efficiencies – including the elimination of costly duplicative discovery and the risk of disruptive contradictory rulings – will accrue to the courts and the parties through coordination and consolidation of the related actions.

### 1.    The Related Actions Involve Common Questions of Fact

Where, as here, "[a]ll actions share factual questions arising from substantially similar relationships and transactions" against similar defendants, transfer and consolidation are appropriate.  *In re Reciprocal of America (ROA) Sales Practices Litig.*, 281 F. Supp. 2d 1356, 1357 (J.P.M.L. 2003).  The cases now before this Panel contain numerous common questions of law and fact, including:

(a)    Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize prices of filters produced in either the United States and sold in the United States and its territories or for delivery in the United States and its territories;

(b)    The identity of the participants of the alleged conspiracy;

---

[3] *Manasek* – the first filed case in the Southern District of Illinois – was (and is currently) assigned to Judge Murphy after Judge Herndon and Judge Stiehl disqualified themselves from this litigation. *See Manasek*, Doc. Nos. 3 & 6.  Presumably, all subsequently filed and related cases in the Southern District of Illinois will be consolidated and assigned to Judge Murphy.

(c)     The duration of the alleged conspiracy and the acts carried out by Defendants and their co-conspirators in furtherance of the conspiracy;

(d)     Whether the alleged conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(e)     Whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business or property of the Plaintiff and the other members of the Class;

(f)     The effect of the alleged conspiracy on the prices of filters sold in the United States and its territories or for delivery in the United States and its territories during the Class Period;

(g)     Whether the Defendants and their co-conspirators fraudulently concealed the conspiracy's existence from Plaintiff and the other members of the Class; and

(h)     The appropriate class-wide measure of damages.

The Panel has repeatedly recognized that antitrust price-fixing cases involving common questions such as those identified above merit transfer and coordination. *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1346 (J.P.M.L. 2006) (centralization appropriate where common questions of fact existed in several actions alleging price-fixing conspiracy); *In re Ditropan XL Antitrust Litig.*, 429 F. Supp. 2d 1364, 1365-66 (J.P.M.L. 2006) (transfer and consolidation proper where several purchasers brought actions alleging anticompetitive conduct); *In re Intern. Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d 1377, 1378 (J.P.M.L. 2006) (same).  This case is no exception.

## 2.     Transfer Will Promote Justice and Efficiency

Coordination of pretrial proceedings in the related actions will promote the just and efficient conduct of these actions.  In light of the overlapping factual allegations of a price-fixing conspiracy, and especially given that discovery has not yet begun in any of these actions, transfer under Section 1407 will advance the very purpose of the statute: to streamline the progress of cases by consolidating the efforts of counsel, parties and witnesses.  A single court can then

"consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions." *In re Pharmastem Therapeutics, Inc., Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005).

In addition, transfer and consolidation will eliminate the possibility of inconsistent rulings on pretrial determinations such as class certification. It is well settled that transfer is appropriate where the possibility of inconsistent rulings on class certification issues exists. *See, e.g., In re Southeastern Milk Antitrust Litig.*, 530 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) (noting that transfer would "prevent inconsistent pretrial rulings, especially with respect to class certification"); *In re Sterling Financial Corp. Securities Litig.*, 528 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) (same). The class actions filed in the present litigation overlap in numerous ways and the adjudication of these cases in different courts would create the strong possibility of conflicting rulings and a substantial waste of judicial resources.

**B.**     **The Southern District of Illinois is the Proper Forum for Coordinated Pretrial Proceedings**

In determining the proper forum for consolidated or coordinated pretrial proceedings the Panel examines, among other factors: the parties' nexus with the transferee forum; the caseloads of the proposed transferor and transferee courts; the expertise of a particular court in the areas of law and procedure governing the litigation; and the geographical convenience of the transferee court. *See In re Publication Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (considering nexus between parties and transferee forum); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003) (transferring litigation after considering caseload and experience of transferee court); *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005) (taking geographical

convenience of transferee forum into account). Here, these factors support transfer to the
Southern District of Illinois.

> **1.    No District Has a Stronger Nexus to the Related Actions Than the
> Southern District of Illinois**

The Panel regularly considers the nexus between the transferee forum and the litigants
when resolving competing requests for transfer under 28 U.S.C. § 1407. When multiple districts
establish a nexus, the panel favors "the suggested transferee district which has the strongest
nexus to [the] litigation among the districts with actions pending." *In re Reciprocal of America*,
281 F. Supp. 3d at 1358. In this instance, no district has stronger ties to the related actions than
does the Southern District of Illinois.

> **a.    Pending Litigation in the Southern District of Illinois Is
> Directly Related and Will Allow Substantial Efficiency Gains
> for All Parties**

Antitrust discovery that overlaps with the related actions is ***already underway*** in
non-class litigation pending in the Southern District of Illinois. This factor alone justifies
consolidation and coordination in the Southern District of Illinois. In *Champion Laboratories,
Inc. v. Burch*, Case No. 4:06-cv-04031-JPG-PMF (S.D. Ill.) ("*Burch*"), William G. Burch has
alleged that Champion wrongfully terminated him from his employment for refusing to
participate in, and for subsequently reporting to the Federal Bureau of Investigation, the alleged
price-fixing activities at issue in the related actions now before the Panel. Recently, the Southern
District of Illinois denied Champion's request for a protective order seeking to preclude Burch's
extensive discovery requests into the alleged antitrust violations of Champion. *Burch*, Doc. No.
81 (April 1, 2008). Notably, the Court has also allowed Burch discovery not only from
Champion, but also from Champion's co-conspirators – in other words, filter manufacturers that
are Defendants in the related actions. *Id.* Thus, ***extensive discovery into the price-fixing***

*activities of multiple defendants in the related actions is currently underway in the Southern District of Illinois.*[4]

As has already been noted by Lovett Auto & Tractor Parts, Inc. – a plaintiff in a related action pending in the Northern District of Illinois but seeking a different venue – "[g]iven the commonalities between the antitrust allegations in [*Burch* and the related actions], there are clear efficiencies" to be had by coordination and consolidation in a location proximate to *Burch*, including "access to parties and witnesses, as well as consolidated document production." MDL-1957 Pleading No. 1 at 13. Lovett, however, mistakenly concludes that consolidation in the Northern as opposed to Southern District of Illinois is preferable. *Id.* Lovett reached this conclusion because the Benton Division of the Southern District (where *Burch* is pending) lacks a commercial airport. *Id.* at 9 n.3. This is not true of the East St. Louis Division of the Southern District, which is where this motion proposes to transfer the related actions.[5] And there is no good reason to choose a more remote venue (*i.e.*, the Northern District) when a forum in the same venue as *Burch* (*i.e.*, the East St. Louis Division of the Southern District) provides all the same advantages and then some. As conceded by Lovett, each of the related actions is "premised, in part, upon sworn testimony by Mr. Burch in the ***Southern District of Illinois*** action." *Id.* at 13 (emphasis added). Accordingly, coordination of the related actions in the same district where massive overlapping discovery is already underway is the most sensible and efficient option. *See, e.g., In re RadioShack "ERISA" Litig.*, 528 F. Supp. 2d 1348, 1349

---

[4] The Southern District of Illinois rejected Champion's efforts to preclude Burch from, among other things, seeking "All documents relating to [Champion]'s pricing of automotive filters," serving more than a dozen subpoenas on Champion customers and other filter manufacturers, and taking the depositions of fifteen Champion employees. *See generally Burch*, Doc. No. 77.

[5] The courthouse in the East St. Louis Division of the Southern District is approximately 16 miles from Lambert International Airport in St. Louis, MO.

(J.P.M.L. 2007) (transfer to Northern District of Texas where defendant was headquartered because it was likely documents and witnesses would be found there).

**b.    Champion Laboratories, Inc. Is Located in the Southern
District of Illinois**

The fact that Champion – one of the largest manufacturers of auto filters in the United States – is located in Albion, IL militates strongly in favor of transferring the related cases to the Southern District of Illinois.  As the Panel has often recognized, a "significant nexus" exists when a primary defendant's headquarters or facilities are located within the transferee court's jurisdiction because "many relevant documents and witnesses are likely to be found" there.  *In re Delphi Corp. Securities, Derivative and "Erisa" Litig.*, 403 F. Supp. 2d 1358, 1360 (J.P.M.L. 2005).  The Panel has routinely transferred multidistrict litigation to a particular district where a common defendant's headquarters was located.  *See, e.g., In re Chocolate Confectionary Antitrust Litig.*, 2008 WL 926121, *1 (J.P.M.L. April 7, 2008) (transferring actions to Middle District of Pennsylvania "[b]ecause defendant Hershey's worldwide headquarters are located there"); *In re LTL Shipping Services Antitrust Litig.*, 528 F. Supp. 2d 1378, 1380 (J.P.M.L. 2007) ("Because several of the defendants have their headquarters in or near that district, relevant documents and witnesses are likely located in that area."); *In re Guidant Corp. Implantable Defibrillators Products Liability Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005); *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. 2005); *In re European Rail Pass Antitrust Litig.*, MDL No. 1386, 2001 WL 587855, at *1 (J.P.M.L Feb. 7, 2001) (favoring transfer to forum "in which the largest common defendant is headquartered, and, accordingly, witnesses and documents should be found").  Indeed, Champion has already argued that the Southern District of Illinois is the appropriate forum to litigate the issues raised in *Burch*, including the federal antitrust issues; in a forum dispute at the outset of *Burch*, Champion

9

successfully argued that litigation in the Southern District of Illinois "would substantially promote the interests of convenience and justice." *Burch*, Doc. No. 14-3 at 13.[6] The same is true of the related actions now pending before the Panel.

In addition to the presence of Champion's headquarters within the Southern District of Illinois, the fact that other defendants also have a presence in or near the district further supports transfer to the Southern District of Illinois. *See In re Chocolate*, 2008 WL 926121, at *1 (choosing district where "several of the defendants maintain a presence in or near that district). As discussed in more detail below, a majority of Defendants are located in the Midwest relatively close to the Southern District of Illinois. And, more importantly, a number of Defendants have already been drawn into the *Burch* litigation that is currently pending in the Southern District of Illinois.

**2.    The Southern District of Illinois Has the Experience and Resources Necessary to Manage the Related Actions**

The Southern District of Illinois is well suited to undertake adjudication of the related actions. It has the resources and the expertise to advance this litigation expeditiously. In comparison to the Northern District of Illinois and the District of Connecticut – both of which have been proposed as competing transferee districts – the Southern District of Illinois has fewest MDL cases assigned to it: only 2, versus 17 in the Northern District of Illinois and 7 in the District of Connecticut. *See* Distribution of Pending MDL Dockets (as of March 10, 2008). *See generally In re National Century Financial Enterprises, Inc.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (determining that district "not currently occupied with multiple other MDL

---

[6] On January 19, 2006, Burch filed a complaint in Oklahoma state court alleging, *inter alia*, wrongful termination by Champion. Shortly thereafter, Champion filed suit against Burch in the Southern District of Illinois alleging, *inter alia*, embezzlement. Champion removed the Oklahoma state action to federal court, and a forum dispute ensued. The federal court determined that the Southern District of Illinois was the appropriate forum to litigate the parties' disputes.

assignments, that is equipped with the resources that this complex docket is likely to require"

was appropriate transferee forum); *In re Farmers Insurance Co., Inc., Insurance Premiums*

*Litig.*, 295 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (determining that the transferee forum was

appropriate since no multidistrict litigation docket was assigned to it at the time). Moreover,

Judge Murphy – before whom the cases in the Southern District of Illinois seem likely to be

consolidated – is a very experienced and capable judge who has successfully handled (and is

handling) multidistrict litigation. *E.g., In re General Motors Corp. Dex-Cool Products Liability*

*Litig.* (MDL No. 1562); *In re Profiler Products Liability Litig.* (MDL No. 1748).

> **3.    The Southern District of Illinois Is in a Geographically Convenient
> Location That Is Readily Accessible to All Parties and Potential
> Witnesses**

The Southern District of Illinois is an appropriate forum for consolidated proceedings

because it is conveniently located and readily accessible for the parties and potential witnesses.

As noted above, Champion is headquartered in the Southern District of Illinois. In addition to

Champion, six other Defendants are located in the Midwest. Moreover, substantial overlapping

discovery in *Burch* involving multiple Defendants is already underway in the Southern District

of Illinois. Thus, witnesses and documents – not merely for Champion, but for numerous

Defendants – are already the subject of litigation in the Southern District of Illinois.

The Southern District of Illinois is a centrally located and accessible venue. With seven

of the ten Defendants located in the Midwest, the Southern District of Illinois is a relatively

convenient location for most parties. By way of comparison, the District of Connecticut is, on

average, nearly twice as far from the headquarters of the Defendants in the related actions. The

Southern District of Illinois is within the metropolitan area of St. Louis, Missouri, which

enhances the convenience of the venue. The Southern District of Illinois, East St. Louis Division

is only three miles from downtown St. Louis and 16 miles from Lambert International Airport

(which is closer in proximity to a major airport than either the District of Connecticut or the

Northern District of Illinois).[7]

## IV.    **CONCLUSION**

Based on an analysis of the factors relevant to the Panel's determination and given the

facts presented here, the Southern District of Illinois is the most appropriate forum for the

coordination or consolidation of this litigation.

DATED: May 12, 2008                          Respectfully submitted,

                                             **FINE, KAPLAN AND BLACK, R.P.C.**

                                             _(signature)_

                                             Roberta D. Liebenberg, Esquire
                                             Donald L. Perelman, Esquire
                                             Adam J. Pessin, Esquire
                                             1835 Market Street, Suite 2800
                                             Philadelphia, PA 19103
                                             Tel.: (215) 567-6565
                                             Fax: (215) 568-5872

                                             Simon B. Paris, Esquire
                                             Patrick Howard, Esquire
                                             **SALTZ MONGELUZZI BARRETT &**
                                             **BENDESKY, P.C.**
                                             One Liberty Place, 52nd Floor
                                             1650 Market St.
                                             Philadelphia, PA 19103
                                             Tel: (215) 496-8282
                                             Fax: (215) 496-0999

                                             *Continued on next page*

---

[7] Lambert International Airport offers direct service to locations throughout the United States, including most of the locations from which Defendants and their counsel are located. For example, a search for non-stop flights to St. Louis departing May 22, 2008 produced the following number of options from each of the following cities: Chicago, 33; Washington, DC 23; New York City, 19; Atlanta, 19; Denver, 14; Minneapolis, 14; Philadelphia, 10; Dallas, 10; Charlotte, 10; Los Angeles, 9; Detroit, 8; Nashville, 5; Raleigh-Durham, 3; Omaha, 3; and Hartford, 3.

Stewart L. Cohen, Esquire
Shannon Lack, Esquire
**COHEN, PLACITELLA & ROTH, P.C.**
2001 Market Street, Suite 2900
Philadelphia, PA 19103
Tel.: (215) 567-3500
Fax: (215) 567-6019

Michael J. Boni, Esquire
**BONI & ZACK LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 822-0201
Fax: (610) 822-0206

Joseph Goldberg, Esquire
**FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES, P.A.**
20 First Plaza, Suite 700
Albuquerque, New Mexico  87102
Telephone: (505) 842-9960
Fax: (505) 842-0761

Ruthanne Gordon, Esquire
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Tel.: (215) 875-3072
Fax: (215) 875-4604

Tom Muzilla, Esquire
**THE MUZILLA LAW FIRM, L.L.C.**
Tower at Erieview, Suite 1100
1301 East 9th Street
Cleveland, OH  44114

James J. Rosemergy, Esquire
Michael J. Flannery, Esquire
**CARY & DANIS, LLC**
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tel: (314) 725-7700
Fax: (314) 721-0905

*Attorneys for Big T Inc. t/d/b/a A to Z Auto Parts
and Manasek Auto Parts, Inc., d/b/a Undercar
Warehouse*

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE:                          :
                                :
FILTERS ANTITRUST LITIGATION    :        MDL Docket No. 1957
                                :
                                :
_____ :

**SCHEDULE OF RELATED ACTIONS**

| PLAINTIFFS | DEFENDANTS | JURISDICTION | CASE NO. | JUDGE |
|---|---|---|---|---|
| S&E QUICK LUBE DISTRIBUTORS, INC. | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-475 | Hon. Janet Bond Arterton |
| FLASH SALES, INC. | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00512 | Hon. Christopher F. Droney |

| PLAINTIFFS | DEFENDANTS | JURISDICTION | CASE NO. | JUDGE |
|---|---|---|---|---|
| WILLIAM C. BRUENE, d/b/a LONE STAR LUBE | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00522 | Hon. Stefan R. Underhill |
| TTS COMPANY d/b/a TWI AUTO PARTS & SUPPLIES | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00528 | Hon. Mark R. Kravitz |
| BARIAN, LLC | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00534 | Hon. Janet Bond Arterton |
| PACKARD AUTOMOTIVE, INC. | HONEYWELL INTERNATIONAL INC., CHAMPION LABORATORIES, INC., PUROLATOR FILTERS NA LLC, WIX FILTRATION PRODUCTIONS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH USA, MANN+HUMMEL USA INC., ARVINMERITOR INC., and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00600 | Hon. Peter C. Dorsey |

- 2 -

| PLAINTIFFS | DEFENDANTS | JURISDICTION | CASE NO. | JUDGE |
|---|---|---|---|---|
| THE PARTS PLUS GROUP, INC. | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC., ARVINMERITOR, INC. and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00637 | Hon. Vanessa L. Bryant |
| WARD'S AUTO PAINTING & BODY WORKS, INC., on behalf of itself and all others similarly situated | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC., ARVINMERITOR, INC. and UNITED COMPONENTS, INC. | District of Connecticut | 3:08-cv-00660 | Hon. Mark R. Kravitz |
| LOVETT AUTO & TRACTOR PARTS, INC. | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS Inc., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., and ARVINMERITOR, INC. | Northern District of Illinois | 1:08-cv-02046 | Hon. Robert W. Gettleman |
| NEPTUNE WAREHOUSE DISTRIBUTORS, INC. | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION CORP., CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., and ARVINMERITOR, INC. | Northern District of Illinois | 1:08-cv-02317 | Hon. Rebecca R. Pallmeyer |

| PLAINTIFFS | DEFENDANTS | JURISDICTION | CASE NO. | JUDGE |
|---|---|---|---|---|
| MONASTICS AUTO PARTS, INC. D/B/A UNDERCAR WAREHOUSE | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION, INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC., and ARVINMERITOR, INC. | Southern District of Illinois | 3:08-cv-00305 | Hon. G. Patrick Murphy |
| BIG T INC., t/d/b/a A TO Z AUTO PARTS | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC. and ARVINMERITOR, INC. | Southern District of Illinois | 3:08-cv-00331 | Hon. David R. Herndon |
| CENTRAL WAREHOUSE SALES CORPORATION | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC., ARVINMERITOR, INC., UNITED COMPONENTS, INC. and THE CARLYLE GROUP | District of New Jersey | 2:08-cv-02123 | Hon. Katharine S. Hayden |
| RANDALL BETHEA and JAMES PADGETT | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. LLC, HONEYWELL INTERNATIONAL, INC., WIX FILTRATION CORPORATION, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS, INC., BOSCH U.S.A., MANN+HUMMEL USA, INC., ARVINMERITOR, INC. and JOHN DOE 1-100 | Eastern District of Tennessee | 2:08-cv-00126 | Hon. J. Ronnie Greer |

| PLAINTIFF | DEFENDANTS | JURISDICTION | CASE NO. | JUDGE |
|---|---|---|---|---|
| WERNER AERO SERVICES | CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON CO., BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., and UNITED COMPONENTS, INC. | Middle District of Tennessee | 3:08-cv-00474 | Hon. Robert Echols |

- 5 -

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | **MDL Docket No. 1957** |
| **FILTERS ANTITRUST LITIGATION** | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2008, I caused to be served a copy of (1) Big T Inc.'s and Manasek Auto Parts Inc.'s Joint Motion for Transfer of Related Antitrust Actions to the Southern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Proceedings, (2) Memorandum in Support thereof, (3) Big T Inc.'s Corporate Disclosure Statement, and (4) Manasek Auto Parts Inc.'s Corporate Disclosure Statement, by First Class Mail on all counsel listed on the attached Panel Attorney Service List. I also caused to be served the Clerks of each District Court in which an action is pending, as well as the additional parties listed below:

Doug Dubitsky
Kerry R. Callahan
Updike, Kelly & Spellacy
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

*Attorneys for Plaintiffs S&E Quick Lube*
*Distributors, Inc., Flash Sales, Inc., William*
*C. Bruene, T.D.S. Company, Inc., Barjan,*
*LLC, Ward's Auto Painting and Body*
*Works, Inc. And The Parts Plus Group, Inc.*

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111

*Attorneys for Plaintiff Neptune Warehouse*
*Distributors, Inc.*

Douglas A. Millen
Michael Jerry Freed
Steven A. Kanner
William Henry London
Freed Kanner London & Millen LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015

*Attorneys for Plaintiff Neptune Warehouse
Distributors, Inc.*

Robert J. Bonsignore
Robin E. Brewer
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

*Attorneys for Plaintiff Neptune Warehouse
Distributors, Inc.*

Joseph G. Sauder
Benjamin F. Johns
Alison R. Gabe
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041

*Attorneys for Plaintiff Ward's Auto Painting
& Body Works, Inc.*

Christopher Hayes
225 South Church Street
West Chester, PA 19382

*Attorneys for Plaintiff Ward's Auto Painting
& Body Works, Inc.*

Scott P. Archer
150 North Street
Canton, GA 30114

*Attorneys for Plaintiff Ward's Auto Painting
& Body Works, Inc.*

Gerald J. Rodos
Jeffrey B. Gittleman
Lisa M. Lamb
Barrack, Rodos & Bacine
3300 Two Commerce Square
Philadelphia, PA 19103

*Attorneys for Plaintiff The Parts Plus
Group, Inc.*

Gordon Ball
550 W. Main Street, Suite 601
Knoxville, TN 37902

*Attorneys for Plaintiffs Randall Bethea, et
al.*

Chris Cadenhead
Cadenhead Law Firm
Pier 98 Centre
534 Harbor Blvd., Suite 501
Destin, FL 32541

*Attorneys for Plaintiffs Randall Bethea, et
al.*

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
250 N. Michigan Ave., Suite 2560
Chicago, IL 60601

*Attorneys for Plaintiff Packard Automotive,
Inc.*

Guri Ademi
Shpetim Ademi
David Syrios
Ademi & O'Reilly, LLP
3620 E. Layton
Cudahy, Wi 53110

*Attorneys for Plaintiff Packard Automotive,
Inc.*

John A. Macoretta
Eugene A. Spector
Jeffrey J. Corrigan
Jay S. Cohen
William M. Caldes
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

*Attorneys for Plaintiff Central Warehouse*
*Sales Corp.*

John C. Murdock
Murdock Goldenberg Schneider & Groh, PA
35 E. Seventh Street, Suite 600
Cincinnati, OH 45202

*Attorneys for Plaintiff Central Warehouse*
*Sales Corp.*

Mark J. Conway
Conway law Offices
502 S. Blakely Street
Dunmore, PA 18512

*Attorneys for Plaintiff Central Warehouse*
*Sales Corp.*

Kevin Sharp
Drescher & Sharp, PC
1720 West End Avenue, Suite 300
Nashville, TN 37203

*Attorneys for Plaintiff Werner Aero Services*

Mel E. Lifshitz
Ronald J. Aranoff
Gregory M. Egleston
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY 10016

*Attorneys for Plaintiff Werner Aero Services*

Roberta D. Liebenberg

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1957 - IN RE: Aftermarket Filters Antitrust Litigation

Status: Pending on  / /

Transferee District:          Judge:

Printed on 05/12/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Briggs, John DeQ.<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | => **Phone: (202) 783-0800  Fax: (202) 318-8594  Email: briggsj@howrey.com**<br>Wix Filtration Corp., LLC* |
| Hansel, Gregory P.<br>PRETI FLAHERTY BELIVEAU & PACHIOS LLP<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112-9546 | => **Phone: (207) 791-3000  Fax: (207) 791-3111  Email: ghansel@preti.com**<br>T.D.S. Co., Inc. dba TWI Auto Parts & Supplies* |
| Hassi, Edward<br>O'MELVENY & MYERS LLP<br>Time Square Tower<br>7 Times Square<br>New York, NY 10036 | => **Phone: (212) 326-4318  Fax: (212) 326-2061  Email: chassi@omm.com**<br>Honeywell International, Inc.* |
| Hoese, William E.<br>KOHN SWIFT & GRAF PC<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | => **Phone: (215) 238-1700  Fax: (215) 238-1968  Email: whoese@kohnswift.com**<br>Barjan, LLC* |
| Kadzik, Peter J.<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, N.W.<br>Washington, DC 20006-5403 | => **Phone: (202) 420-2200  Fax: (202) 420-2201  Email: kadzikp@dicksteinshapiro.com**<br>ArvinMeritor, Inc.* |
| Kanzer, Alun<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY 10016 | => **Phone: (212) 210-9480  Fax: (212) 210-9444  Email: akanzer@alston.com**<br>Mann + Hummel U.S.A., Inc.* |
| McCluer, Stuart H.<br>MCCULLEY MCCLUER PLLC<br>1109 Van Buren Avenue<br>Oxford, MS 38655 | => **Phone: (662) 236-1401  Fax: (662) 236-1974  Email: smccluer@mcculleymccluer.com**<br>Lovett Auto & Tractor Parts, Inc.* |
| McKeown, James T.<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306 | => **Phone: (414) 297-5530  Fax: (414) 297-4900  Email: jmckeown@foley.com**<br>Donaldson Co. (The)* |
| Murphy, Jerome A.<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20262 | => **Phone: (202) 624-2500  Fax: (202) 628-5116  Email: jmurphy@crowell.com**<br>Bosch U.S.A.*; Purolator Filters N.A., LLC* |

Note: Please refer to the report title page for complete report scope and key.

05/12/2008  12:11 FAX  202 502 2888        JPML                                    ☎ 003/003

Case 1:08-cv-02046    Document 52-5    Filed 05/30/2008    Page 28 of 28
*(Panel Attorney Service List for MDL 1,957 Continued)*                              Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Nussbaum, Linda P.<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022 | =>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: lnussbaum@kaplanfox.com<br>Bruene (dba Lone Star Lube), William C.* |
| Paskin, Michael A.<br>CRAVATH SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 8th Avenue<br>New York, NY 10019 | =>Phone: (212) 474-1760  Fax: (212) 474-3700  Email: mpaskin@cravath.com<br>Cummins Filtration, Inc.* |
| Persky, Bernard<br>LABATON SUCHAROW LLP<br>140 Broadway<br>33rd Floor<br>New York, NY 10005 | =>Phone: (212) 907-0700  Fax: (212) 818-0477  Email: bpersky@labaton.com<br>Flash Sales, Inc.*; S&E Quick Lube Distributors, Inc.* |
| Prescott, Darrell<br>BAKER & MCKENZIE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036 | ➡Phone: (212) 626-4476  Fax: (212) 310-1600  Email: darrell.prescott@bakernet.com<br>Baldwin Filters, Inc.* |
| Wix Filtration Corp., LLC.<br>c/o CT Corporation System<br>225 Hillsborough Street<br>Raleigh, NC 27603 | =><br>Wix Filtration Products |
| Zwisler, Margaret M.<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, DC 20004 | =>Phone: (202) 637-2200  Fax: (202) 637-2201  Email: margaret.zwisler@lw.com<br>Champion Laboratories, Inc.*; United Components, Inc.* |

# EXHIBIT 5

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| **IN RE: AFTERMARKET FILTERS** | : | **MDL DOCKET NO. 1957** |
| **ANTITRUST LITIGATION** | : | |

**JOINT MEMORANDUM OF LAW OF PLAINTIFFS**
**WORLDWIDE EQUIPMENT, INC. AND CENTRAL WAREHOUSE**
**SALES CORPORATION IN SUPPORT OF THEIR MOTION PURSUANT TO**
**28 U.S.C. § 1407 FOR TRANSFER OF ACTIONS TO THE DISTRICT OF**
**NEW JERSEY FOR CENTRALIZED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407, Plaintiffs Worldwide Equipment, Inc.

("Worldwide") and Central Warehouse Sales Corporation ("Central Warehouse")

(collectively "Plaintiffs")[1] respectfully move for transfer of all related antitrust actions

alleging anticompetitive conduct in the aftermarket filters industry (collectively the

"Related Actions")[2] to the United States District Court for the District of New Jersey for

centralized pretrial proceedings. The District of New Jersey is the most appropriate

forum for transfer and centralization of the Related Actions in the aftermarket filters

industry because it offers the best combination of accessibility, expertise and efficiency

of all proposed transferee districts. For this reason, and others set forth below, transfer to

and centralization in the District of New Jersey[3] will most effectively promote the just

and efficient conduct of these Actions.

---

[1] Plaintiffs' actions are styled, respectively: (1) *Worldwide Equipment, Inc. v. Honeywell International, Inc., Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Wix Filtration Corp. LLC, Cummins Filtration, Inc., Donaldson Company, Inc., Baldwin Filters, Inc., Robert Bosch LLC, Mann+Hummell U.S.A., Inc., ArvinMeritor, Inc., and United Components, Inc.*, No. 08-2303 (D.N.J.); and (2) *Central Warehouse Sales Corp. v. Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International, Inc., Wix Filtration Corp. LLC, Cummins Filtration, Inc., The Donaldson Company, Inc., Baldwin Filters, Inc., Bosch USA, Mann Hummell U.S.A., Inc., ArvinMeritor, Inc., United Components, Inc., and the Carlyle Group*, No. 08-2123 (D.N.J.).

[2] A schedule of Related Actions is attached to Plaintiffs' Motion, filed herewith.

[3] There are currently three Related Actions pending in the District of New Jersey.

## I.    FACTUAL BACKGROUND

### A.    The Basis of the Litigation

Oil, fuel, air and transmission filters are found in nearly every motor vehicle that is sold or operated in the United States. These filters trap particulate contaminants such as dirt and rust, and ensure that these substances do not enter the vehicles' systems. At various points in their service lives, vehicles must have their original filters replaced with aftermarket filters ("Aftermarket Filters").

One of the largest manufacturers and sellers of Aftermarket Filters in the United States is Champion Laboratories, Inc. ("Champion"). On January 19, 2006, William G. Burch, a former Division Sales Manager for Champion, filed a wrongful termination suit against Champion that was ultimately consolidated with a suit filed against Burch by Champion in the Southern District of Illinois. *See Champion Labs., Inc. v. William G. Burch*, No. 06-4031 (S.D. Ill.) ("*Champion/Burch* Litigation"). In an affidavit submitted in the *Champion/Burch* Litigation, Burch accused Champion of being "involved in activities with Champion's competitors that constitute price-fixing." *See* Response in Opposition to Motion for Protective Order (Docket No. 78) at ¶¶ 5-7. *See also* Docket No. 79, Sealed Document (referenced in Burch's affidavit as containing details of price-fixing activities). Burch also stated in his affidavit that he met with the FBI on January 13, 2006 and then provided the FBI on January 18, 2006 with his computer and evidence of Champion's price-fixing activities. *See id.* at ¶ 17.

### B.    The Related Actions and Proposed Transferee Districts

Since March 31, 2008, 25 Related Actions have been filed in six different districts: District of New Jersey, District of Connecticut, Northern District of Illinois,

2

Southern District of Illinois, Eastern District of Tennessee, and Middle District of
Tennessee. All of the Related Actions allege a conspiracy entered into by the largest
manufacturers of Aftermarket Filters in the United States to fix, raise, maintain or
stabilize prices and to allocate markets and customers in violation of Section 1 of the
Sherman Act, 15 U.S.C. § 1.

To date, certain plaintiffs who filed actions in the District of Connecticut
("Connecticut Plaintiffs"), the Southern District of Illinois ("Southern District of Illinois
Plaintiffs"), and the Northern District of Illinois ("Northern District of Illinois Plaintiff"),
have filed motions with the Panel for transfer and consolidation of the Related Actions in
those districts, respectively.[4] Thus, the proposed transferee districts for the Aftermarket
Filters litigation are the District of Connecticut, the Southern District of Illinois, the
Northern District of Illinois and, by this motion, the District of New Jersey.

## II.　**ARGUMENT**

28 U.S.C. § 1407 authorizes the centralization of civil actions pending in different
federal district courts involving common questions of fact in a single federal district court
for coordinated or consolidated pretrial proceedings:[5]

---

[4] *See* Motion of Plaintiffs S&E Quick Lube Distributors, Inc., Flash Sales, Inc., William C. Bruene D/B/A
Lone Star Lube, T.D.S. Company D/B/A TWI Auto Parts & Supplies and Barjan, LLC in Support of the
Transfer and Consolidation of Related Antitrust Actions in the District of Connecticut for Pretrial
Proceedings ("Connecticut Plaintiffs' Motion"); Motion of Plaintiffs Big T, Inc. and Manasek Auto Parts
Inc. for Transfer of Related Antitrust Actions to the Southern District of Illinois pursuant to 28 U.S.C.
§ 1407 for Coordinated or Consolidated Proceedings ("Southern District of Illinois Plaintiffs' Motion");
Motion of Plaintiff Lovett Auto & Tractor Parts, Inc. for Transfer of Actions to the Northern District of
Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Northern
District of Illinois Plaintiff's Motion").

[5] The degree and manner of any coordination or consolidation of transferred proceedings is within the sole
discretion of the transferee court. *See, e.g., In re General Motors Corp. Secs. & Derivative Litig.,* 429 F.
Supp. 2d 1368, 1370 (J.P.M.L. 2006); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.,* 403 F. Supp.
2d 1358, 1360 (2005).

3

> When civil actions involving one or more common
> questions of fact are pending in different districts, such
> actions may be transferred to any district for coordinated or
> consolidated pretrial proceedings. Such transfers shall be
> made by the judicial panel on multidistrict litigation
> authorized by this section upon its determination that
> transfers for such proceedings will be for the convenience
> of parties and witnesses and will promote the just and
> efficient conduct of such actions.

28 U.S.C. § 1407. For the reasons set forth below, centralization of the 25

Related Actions in the District of New Jersey is appropriate.

A. **Centralization Is Appropriate Because The Related Actions Involve Common Questions Of Fact And Because Centralization Will Promote The Just And Efficient Conduct Of The Related Actions As Well As Further The Convenience Of The Parties And The Witnesses**

The requirements for centralization of the Related Actions pursuant to Section

1407 are satisfied here. The Related Actions are characterized almost entirely by

common questions of fact. Centralization will promote the just and efficient conduct of

the Related Actions, will further the convenience of the parties and the witnesses, and

will eliminate duplicative discovery and the potential for inconsistent rulings.

1. **The Related Actions Involve Common Questions Of Fact**

Common questions of fact exist where two or more complaints assert comparable

allegations against similar defendants based on similar transactions and events. *See, e.g.,*

*In re Unum Provident Corp. Secs., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377,

1379 (J.P.M.L. 2003) (centralization appropriate where "all actions [could] be expected

to focus on a significant number of common events, defendants, and/or witnesses" and

"core factual allegations" were consistent among the actions); *In re Japanese Elec.*

*Prods. Antitrust Litig.*, 388 F. Supp. 565, 567 (J.P.M.L. 1975) ("[t]ransfer under § 1407 is

4

not dependent on strict identity of issues and parties but rather on the existence of one or more common questions of fact").

Among the numerous common questions of fact (and law) at issue in the Related Actions are:

- Whether Defendants conspired, contracted or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining, or stabilizing the price of Aftermarket Filters sold in the United States that were purchased by the Class;

- The identity of the participants in the conspiracy, contract or combination;

- The duration of the conspiracy, contract or combination;

- The nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy, contract or combination;

- Whether Defendants undertook actions to conceal the unlawful conspiracy, contract or combination described herein;

- Whether the conduct of Defendants and their co-conspirators violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiff and the Class; and

- The proper measure of damages.

The facts to be determined in each of the Related Actions are nearly identical, making centralization pursuant to Section 1407 highly appropriate. *See, e.g., In re Foundry Resins Antitrust Litig.,* 342 F. Supp. 2d 1346, 1347 (J.P.M.L. 2004) ("[t]hese actions share allegations concerning whether defendants participated in a combination or conspiracy to fix, raise, maintain, or stabilize the price of foundry resins."); *In re Publication Paper Antitrust Litig.,* 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) ("[t]he actions share allegations that the defendants and their co-conspirators engaged in a continuing contract, combination or conspiracy in restraint of trade to artificially raise,

5

fix, maintain or stabilize prices for publication paper in violation of federal antitrust

laws."); *In re Automotive Refinishing Paint Antitrust Litig.*, 177 F. Supp. 2d 1378, 1379

(J.P.M.L. 2001) ("[t]hese actions share allegations concerning whether defendants

participated in a combination or conspiracy to fix, raise, maintain, or stabilize the price of

automotive refinishing paint products.")

### 2.    Centralization Will Promote The Just And Efficient Conduct Of The Related Actions As Well As Further The Convenience Of The Parties And The Witnesses

Centralization will promote the just and efficient conduct of the Related Actions,

as well as further the convenience of the parties and the witnesses, by (a) eliminating

duplicative discovery and (b) avoiding inconsistent pretrial rulings. *See* 28 U.S.C. §

1407(a); *see also, In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F. Supp. 2d

1346, 1347 (J.P.M.L. 2006) (centralization "necessary in order to eliminate duplicative

discovery, prevent inconsistent pretrial rulings, particularly with respect to class

certification; and conserve the resources of the parties, their counsel and the judiciary");

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379

(J.P.M.L. 2002) (centralization necessary "in order to eliminate duplicative discovery,

prevent inconsistent pretrial rulings (especially with respect to class certification matters),

and conserve the resources of the parties, their counsel and the judiciary").

Failing to consolidate the Related Actions will result in duplicative discovery

efforts requiring, *inter alia*,

- Witnesses to appear for multiple depositions;

- Production of several sets of the same documents by Defendants; and

6

- Third parties to respond to multiple subpoenas from Plaintiffs *and* Defendants.

In light of the overlapping factual allegations of a price-fixing conspiracy and, especially, given that discovery has not yet begun in any of these actions, centralization under § 1407 will avoid duplicative discovery and result in a substantial savings of time and resources. *See In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F. Supp. 2d at 1347; *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d at 1379.

Centralization will also eliminate the possibility of inconsistent rulings on pretrial determinations such as class certification. Where the possibility of inconsistent rulings on class certification issues exists, it is well-settled that centralization is the appropriate course of action. *See, e.g., In re Commercial Money Center, Inc., Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (finding that consolidation of 23 actions filed nationwide would prevent inconsistent rulings); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (noting that the Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists").

Where, as here centralization will avoid duplicative discovery and inconsistent pretrial rulings, centralization for coordinated or consolidated pretrial proceedings is warranted to promote the interests of judicial economy and efficiency and to further the convenience of the parties and the witnesses.

**B.    The District of New Jersey is the Most Appropriate Transferee Forum**

Based on Panel jurisprudence, a number of the proposed transferee forums can make legitimate claims as appropriate venues for this multidistrict litigation. However,

7

careful analysis of the key factors of accessibility, judicial expertise and efficiency make it clear that the District of New Jersey is the *most* appropriate transferee forum.

### 1.   The District of New Jersey Is the Most Accessible Forum to Parties and Witnesses

A proposed transferee forum's accessibility to parties and witnesses is a factor that the Panel has given significant weight in choosing transferee forums. *See, e.g., In re Hypodermic Products Antitrust Litig.,* 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (transferring actions to District of New Jersey because district was "an accessible location"); *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) (finding that District of New Jersey was an "accessible metropolitan location" and transferring actions to that district). *See also, e.g., In re Trasylol Products Liab. Litig.,* MDL No. 1928, 2008 U.S. Dist. Lexis 28719, *3 (J.P.M.L. Apr. 7, 2008) (selecting transferee district based, in part, on its "accessible metropolitan location"); *In re Mirapex Products Liab. Litig.*, 493 F. Supp. 2d 1376, 1377 (J.P.M.L. 2007) (choosing transferee forum, in part, because it was "easily accessible"). The District of New Jersey is the most accessible of the proposed transferee forums, a consideration that is particularly important here because, as set forth below, it is clear that no single district is home to a majority of parties, witnesses and documents.[6]

As the following chart demonstrates, Defendants are spread throughout the country:

---

[6] Although the Northern District of Illinois Plaintiff advocates transfer to the Northern District of Illinois because four of the thirteen Defendants are allegedly "located in, or in close proximity to," the Northern District of Illinois, it is clear from the brief in support of its Motion that at most two Defendants are located within the Northern District of Illinois and no other Defendant is located within 100 miles of the Northern District of Illinois' courthouse. *See* Memorandum in Support of Northern District of Illinois Plaintiff's Motion, at pp. 9-10.

| DEFENDANT | LOCATION OF PRINCIPAL PLACE OF BUSINESS |
|---|---|
| Honeywell International, Inc. ("Honeywell") | Morristown, New Jersey |
| Champion | Albion, Illinois |
| Purolator Filters N.A. L.L.C. | Fayetteville, North Carolina |
| Wix Filtration Corp. LLC | Gastonia, North Carolina |
| Cummins Filtration, Inc. | Nashville, Tennessee |
| Donaldson Company, Inc. | Minneapolis, Minnesota |
| Baldwin Filters, inc. | Kearney, Nebraska |
| Robert Bosch LLC | Broadview, Illinois |
| Mann + Hummel U.S.A., inc. | Portage, Michigan |
| ArvinMeritor, inc. | Troy, Michigan |
| United Components, Inc. | Evansville, Indiana |
| Bosch U.S.A. | Broadview, Illinois |
| The Carlyle Group | Washington, D.C. |

Given this geographic dispersion, there are a number of districts which can claim proximity to certain documents, parties and witnesses.[7] However, the district which offers the greatest ease of access to the widespread parties and witnesses should be given deference. The Related Actions filed in the District of New Jersey have been assigned to the Newark division, which is the most accessible locale among the proposed transferee forums.

Three of the largest airports in the United States are within 25 miles of the courthouse for the District of New Jersey's Newark division: Newark Liberty

---

[7] Of the proposed transferee districts that are home to parties, witnesses and documents in this litigation, the District of New Jersey is noteworthy because it is the location of a major defendant in this case, Honeywell International, Inc., whose principal place of business is in Morristown, New Jersey.

9

International Airport, John F. Kennedy International Airport, and LaGuardia Airport. According to the most recent U.S. Department of Transportation Statistics, each of these airports ranks among the top 20 airports in the country, as measured by the number of total flights. *See* http://www.transtats.bts.gov/airports.asp. Further, Newark is served by Amtrak trains running from both Manhattan and Washington, D.C., where certain counsel in this case are located, and thus offers a convenient alternative means of transportation to some participants in this litigation. In addition, between Newark and the nearby Northern New Jersey metropolitan region, there are literally hundreds of choices as to lodging.

No other proposed transferee district can offer the same number of options for traveling counsel and parties. The only other proposed transferee districts that can claim a remotely comparable set of conveniences are the Northern District of Illinois, in Chicago, and the Southern District of Illinois' East St. Louis Division.[8] The District of Connecticut's New Haven location, by contrast, is located 36 miles from the closest major airport, Bradley International Airport ("Bradley"). *See* Memorandum in Support of Connecticut Plaintiffs' Motion, p. 11. More importantly, Bradley's website estimates that New Haven is an hour's drive from the airport. *See* http://www.bradleyairport.com/Directions/directions.aspx, attached hereto as Exhibit A.[9]

---

[8] The Southern District of Illinois, in East St. Louis, is proximate only to St. Louis' Lambert International Airport, however, which is not among the top 30 airports in the country with respect to total annual flights. *See* http://www.transtats.bts.gov/airports.asp.

[9] While New Haven is also served by Tweed New Haven Regional Airport ("Tweed"), Tweed's website lists an extremely limited flight schedule, solely showing flights to and from Philadelphia International Airport. *See* http://www.flytweed.com/flights.html.

2.    **The District of New Jersey Has the Necessary Expertise and Efficiency to Manage This Multidistrict Litigation**

a.    **Expertise**

The first-filed Related Action in the District of New Jersey has been assigned to Judge Katharine S. Hayden, who has ten years of experience on the federal bench. Prior to her appointment, she served as an Assistant U.S. Attorney for the District of New Jersey and as a judge of the Superior Court of New Jersey. Judge Hayden has significant expertise and experience in handling complex class action and antitrust litigation. *See Jones v. Chubb Inst.*, No. 06-4937, 2007 U.S. Dist. Lexis 72606 (D.N.J. Sept. 28, 2007) (class action asserting claims under New Jersey Consumer Fraud Act); *In re Schering-Plough Corp. Erisa Litig.*, No. 03-1204, 2007 U.S. Dist. Lexis 59708 (D.N.J. Aug. 15, 2007) (class action under ERISA); *Video Serv. of Am., Inc. v. Maxell Corp. of Am.*, No. 04-2594, 2007 U.S. Dist. Lexis 54107 (D.N.J. July 26, 2007) (plaintiff asserted claims under Robinson-Patman Act); *In re Schering-Plough Corp. Sec. Litig.*, No. 01-0829, 2003 U.S. Dist. Lexis 26297 (D.N.J. Oct. 10, 2003) (class action alleging violations of sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934); *Schnall v. Amboy Nat'l Bank*, No. 99-4908, 2002 U.S. Dist. Lexis 17879 (D.N.J. July 12, 2002) (class action brought under federal Truth in Savings Act, 12 U.S.C.S. § 4301, *et seq.*); *Kowslowe v. Dime Mortg. (In re Kowslowe)*, No. 97-960, 1999 U.S. Dist. Lexis 21212 (D.N.J. Jan. 7, 1999) (class action brought under Real Estate Settlement Procedures Act).

The two Related Actions subsequently filed in the District of New Jersey have been assigned to Judge William H. Walls. Judge Walls has 13 years experience on the federal bench and, like Judge Hayden, previously served as a judge of the New Jersey Superior Court. Judge Walls has presided over two major antitrust price fixing class

11

actions and, in these actions, demonstrated the ability to manage cases similar in size and subject matter to the Aftermarket Filters litigation. *See, e.g., In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, No. 02-6030 (D.N.J. Apr. 10, 2008) (final approval of class settlement granted on April 10, 2008); *In re Mercedes-Benz Antitrust Litig.*, No. 99-4311 (D.N.J Apr. 18, 2008) (final approval of class settlement granted on April 18, 2008).

### b.    Efficiency

In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers the speed and efficiency with which alternative districts manage their respective caseloads. Statistics measuring median time from filing to disposition of civil actions are a strong indicator of how efficiently a court can manage complex multidistrict litigation. *See, e.g., In re Preferential Drug Prods. Pricing Antitrust Litig.*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977) (transferring cases based in part upon transferee court's low median time between filing and disposition in civil actions); *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 932 (J.P.M.L. 1980) (faster docket cited as a consideration for selecting transferee court); *In re Transit Co. Tire Antitrust Litig.*, 350 F. Supp. 1165, 1166 (J.P.M.L. 1972) (transferee district had the lowest median interval from filing of a civil complaint to trial).

As of September 30, 2007, the District of New Jersey's median time from filing to disposition of civil actions was 7.6 months. *See* http://www.uscourts.gov/cgi-bin/cmsd2007.pl, attached hereto as Exhibit B. This statistic compares favorably with the District of Connecticut's 10.5 months, the Southern District of Illinois' 8.5 months, and the Northern District of Illinois' 6.2 months. *See* http://www.uscourts.gov/cgi-

bin/cmsd2007.pl, attached hereto as Exhibit C. Although the Northern District of Illinois enjoys a slight edge over the District of New Jersey with respect to median time from filing to disposition of civil cases, the Newark division of the District of New Jersey has only 13 pending multidistrict litigations, while the Northern District of Illinois has 17.

In selecting appropriate transferee districts, the Panel considers whether a proposed forum already has numerous pending multidistrict litigations. *See, e.g., In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"); *In re Serzone Products Liab. Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002) (ordering "assignment to a transferee district that is not currently overtaxed with other multidistrict dockets"). Judge Hayden is not currently presiding over any multidistrict proceedings, while Judge Robert Gettleman, to whom one of the Related Actions pending in the Northern District of Illinois has been assigned, is also presiding over *In re Trans Union Corporation Privacy Litigation*, MDL No. 1350.[10] While Judge Walls is currently presiding over *In re Cendant Corporation Securities Litigation*, MDL No. 1292, the final settlement with the class in the *Cendant* case was approved in 2000 (a mere two years after the litigation began) and the litigation is now centered on third-party claims. *See In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000). Given the posture of the *Cendant* litigation, Judge Walls' ability to handle this litigation will not be impaired. Furthermore, the District of New Jersey has only 316

---

[10] Also worth noting is that Judge G. Patrick Murphy of the Southern District of Illinois, to whom the first-filed Related Action in that district was assigned, is currently presiding over two MDL actions, *In re General Motors Corporation Dex-Cool Products Liability Litigation* (MDL No. 1562) and *In re Profiler Products Liability Litigation* (MDL No. 1748). *See* http://www.jpml.uscourts.gov/Docket_Info/Pending_Dockets/pending_dockets.html.

cases that are more than three years old, while the Northern District of Illinois has 456. *See* Exhibits B and C.

Consequently, it is clear that efficiency is best served by transfer to the District of New Jersey.

## III.   CONCLUSION

For the foregoing reasons, the United States District Court for the District of New Jersey is the most appropriate forum for the Related Actions because it will best promote the just and efficient conduct of these actions.  Consequently, Plaintiffs Worldwide Equipment, Inc. and Central Warehouse Sales Corporation's Joint Motion for Transfer of Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings should be granted.

DATED:  May 20, 2008

Steven A. Asher
Mindee J. Reuben
Noah I. Axler
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Phone:  (215) 545-7200
Fax:  (215) 545-6535

John A. Macoretta
Eugene A. Spector
Jeffrey S. Corrigan
Jay S. Cohen
William G. Caldes
Jonathan M. Jagher
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Phone:  (215) 496-0300
Fax:  (215) 496-6611

14

Richard L. Creighton, Jr.
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6513
Fax: (513) 579-6457

Lisa J. Rodriguez
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
Telephone: (856) 795-9002
Fax: (856) 795-9887

Ira Neil Richards
Trujillo Rodriguez & Richards, LLC
1717 Arch Street
Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004
Fax: (215) 731-9044

John Murdock
Murdock Goldenberg Schneider & Groh,
 L.P.A.
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
Phone: (513) 345-8291
Fax: (513) 345-8294

***Counsel for Plaintiffs Worldwide
Equipment, Inc. and Central Warehouse
Sales Corp.***

15

# EXHIBIT A



Date/Time: **5/20/2008 - 10:01 AM**          Weather:      6(

Home > Directions > Directions

# Driving Directions to Bradley

Unlike big city airports in the Northeast, Bradley is easy to locate and eas
access. That's why more and more people who are looking for hassle-free
are turning to Bradley International.

**Bradley International Airport**
11 Schoephoester Road
Windsor Locks, CT 06096

**From the East:** Rt. 90 to Rt. 84 West to Rt. 291 West to Rt. 91 North to E

**From the West:** Rt. 84 East to Rt. 91 North to Exit 40

**From the South:** Rt. 95 North to Rt. 91 North to Exit 40

**From the North:** Rt. 91 South to Exit 40

☐**Drive times to/from major cities:**

| | | | |
|---|---|---|---|
| **Albany, NY** | 2 hrs. | **Norwalk, CT** | 1 hr. 20 min. |
| **Boston, MA** | 2 hrs | **Pittsfield, MA** | 1 hr. 10 min. |
| **Brattleboro, VT** | 1 hr. 15 min. | **Springfield, MA** | 15 min |
| **Bridgeport, CT** | 1 hr. 15 min. | **Stamford, CT** | 1 hr. 30 min. |
| **Danbury, CT** | 1 hr. | **Waterbury, CT** | 50 min. |
| **Hartford, CT** | 15 min. | **White Plains, NY** | 1 hr. 50 min. |
| **New Haven, CT** | 1 hr. | **Worcester, MA** | 1 hr. |
| **New London, CT** | 1 hr. 10 min. | | |

**Navigation sidebar:**

- Flights
- Visitors
- Services
- Directions
  - ≫ Driving Maps
  - ≫ Driving Directions
- Transport
- Parking
- News
- Community Relations
- Management
- Advisory
- Contact Bradley

≫≫ TRACK A FLIGHT ≫≫

# EXHIBIT B

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NEW JERSEY** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 7,699 | 7,275 | 7,539 | 7,567 | 7,270 | 7,555 | | |
| | Terminations | | 7,752 | 7,480 | 7,605 | 7,373 | 6,998 | 7,125 | | |
| | Pending | | 6,892 | 6,855 | 6,987 | 6,986 | 6,765 | 6,538 | | |
| | % Change in Total Filings | Over Last Year | | 5.8 | | | | | 21 | 1 |
| | | Over Earlier Years | | | 2.1 | 1.7 | 5.9 | 1.9 | 32 | 3 |
| | Number of Judgeships | | 17 | 17 | 17 | 17 | 17 | 17 | | |
| | Vacant Judgeship Months** | | .0 | 32.3 | 27.8 | 12.0 | 11.0 | 47.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 454 | 428 | 444 | 446 | 428 | 445 | 38 | 3 |
| | | Civil | 392 | 369 | 387 | 390 | 370 | 387 | 23 | 3 |
| | | Criminal Felony | 51 | 51 | 48 | 46 | 48 | 49 | 71 | 3 |
| | | Supervised Release Hearings** | 11 | 8 | 9 | 10 | 10 | 9 | 82 | 3 |
| | Pending Cases | | 405 | 403 | 411 | 411 | 398 | 385 | 36 | 4 |
| | Weighted Filings** | | 496 | 481 | 493 | 500 | 486 | 482 | 31 | 2 |
| | Terminations | | 456 | 440 | 447 | 434 | 412 | 419 | 37 | 3 |
| | Trials Completed | | 13 | 11 | 10 | 10 | 10 | 12 | 72 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 10.8 | 12.1 | 10.0 | 9.8 | 9.0 | 9.4 | 67 | 3 |
| | | Civil** | 7.6 | 8.2 | 7.3 | 7.6 | 7.9 | 8.4 | 24 | 3 |
| | From Filing to Trial** (Civil Only) | | 36.0 | 33.0 | 36.7 | 33.4 | 33.8 | 30.0 | 75 | 5 |
| | Civil Cases Over 3 Years Old** | Number | 316 | 306 | 346 | 252 | 236 | 231 | | |
| | | Percentage | 5.3 | 5.2 | 5.7 | 4.2 | 4.0 | 4.0 | 56 | 3 |
| OTHER | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.2 | 1.3 | 1.2 | 1.2 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 67.94 | 88.98 | 75.41 | 40.79 | 51.72 | 41.77 | | |
| | | Percent Not Selected or Challenged | 34.9 | 39.2 | 38.3 | 24.1 | 40.3 | 37.7 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 6657 | 205 | 630 | 1091 | 95 | 177 | 630 | 1013 | 710 | 420 | 924 | 35 | 727 |
| Criminal* | 846 | 4 | 258 | 37 | 109 | 219 | 46 | 36 | 9 | 21 | 32 | 25 | 50 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# EXHIBIT C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CONNECTICUT** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 2,437 | 2,460 | 2,530 | 2,717 | 2,752 | 2,816 | U.S. | Circuit |
| | Terminations | | 2,767 | 2,641 | 2,690 | 2,644 | 2,596 | 3,027 | | |
| | Pending | | 2,822 | 3,121 | 3,276 | 3,407 | 3,337 | 3,190 | | |
| | % Change in Total Filings | Over Last Year | | -.9 | | | | | 44 | 3 |
| | | Over Earlier Years | | | -3.7 | -10.3 | -11.5 | -13.5 | 64 | 3 |
| | Number of Judgeships | | 8 | 8 | 8 | 8 | 8 | 8 | | |
| | Vacant Judgeship Months** | | 5.8 | 12.0 | 11.0 | .0 | 6.5 | .0 | | |
| **ACTIONS PER JUDGESHIP** | FILINGS | Total | 304 | 308 | 317 | 340 | 345 | 353 | 77 | 5 |
| | | Civil | 257 | 261 | 272 | 293 | 294 | 307 | 60 | 5 |
| | | Criminal Felony | 30 | 36 | 32 | 35 | 37 | 36 | 90 | 6 |
| | | Supervised Release Hearings** | 17 | 11 | 13 | 12 | 14 | 10 | 65 | 6 |
| | Pending Cases | | 353 | 390 | 410 | 426 | 417 | 399 | 53 | 5 |
| | Weighted Filings** | | 368 | 376 | 379 | 409 | 396 | 420 | 68 | 5 |
| | Terminations | | 346 | 330 | 336 | 331 | 325 | 378 | 71 | 5 |
| | Trials Completed | | 10 | 12 | 15 | 16 | 17 | 20 | 88 | 6 |
| **MEDIAN TIMES (months)** | From Filing to Disposition | Criminal Felony | 12.4 | 13.9 | 12.2 | 11.4 | 9.5 | 10.9 | 82 | 3 |
| | | Civil** | 10.5 | 11.6 | 11.4 | 11.6 | 10.5 | 10.1 | 72 | 3 |
| | From Filing to Trial** (Civil Only) | | 27.0 | 29.8 | 32.4 | 31.0 | 30.0 | 31.0 | 54 | 3 |
| | Civil Cases Over 3 Years Old** | Number | 252 | 339 | 358 | 325 | 318 | 231 | | |
| | | Percentage | 10.4 | 12.5 | 12.3 | 10.7 | 10.6 | 8.1 | 82 | 3 |
| **OTHER** | Average Number of Felony Defendants Filed Per Case | | 1.9 | 1.6 | 1.8 | 1.7 | 1.4 | 1.8 | | |
| | Jurors | Avg. Present for Jury Selection | 60.26 | 52.82 | 56.95 | 63.51 | 54.54 | 46.25 | | |
| | | Percent Not Selected or Challenged | 35.5 | 32.4 | 38.6 | 32.7 | 31.7 | 34.2 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2056 | 50 | 48 | 265 | 47 | 20 | 122 | 291 | 205 | 115 | 496 | 5 | 392 |
| Criminal* | 234 | 1 | 69 | 11 | 29 | 59 | 8 | 14 | 9 | 9 | 3 | 9 | 13 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **ILLINOIS SOUTHERN** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 1,407 | 1,529 | 1,606 | 1,578 | 1,552 | 3,248 | U.S. | Circuit |
| | Terminations | 1,578 | 1,617 | 1,597 | 1,504 | 1,457 | 3,263 | | |
| | Pending | 1,266 | 1,429 | 1,515 | 1,500 | 1,417 | 1,332 | | |
| | % Change in Total Filings — Over Last Year | | -8.0 | | | | | 75 | 5 |
| | % Change in Total Filings — Over Earlier Years | | | -12.4 | -10.8 | -9.4 | -56.7 | 93 | 7 |
| | Number of Judgeships | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | .0 | .0 | .0 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 352 | 382 | 402 | 395 | 388 | 812 | 68 | 6 |
| | FILINGS — Civil | 256 | 290 | 317 | 317 | 285 | 746 | 61 | 5 |
| | FILINGS — Criminal Felony | 58 | 59 | 56 | 46 | 75 | 46 | 61 | 5 |
| | FILINGS — Supervised Release Hearings** | 38 | 33 | 29 | 32 | 28 | 20 | 18 | 1 |
| | Pending Cases | 317 | 357 | 379 | 375 | 354 | 333 | 64 | 5 |
| | Weighted Filings** | 341 | 352 | 386 | 390 | 399 | 468 | 72 | 7 |
| | Terminations | 395 | 404 | 399 | 376 | 364 | 816 | 60 | 4 |
| | Trials Completed | 32 | 27 | 27 | 18 | 19 | 23 | 14 | 1 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 9.6 | 9.2 | 10.4 | 8.8 | 6.8 | 7.3 | 61 | 5 |
| | From Filing to Disposition — Civil** | 8.5 | 8.4 | 9.5 | 9.7 | 9.0 | 2.1 | 38 | 4 |
| | From Filing to Trial** (Civil Only) | 31.5 | 20.0 | 29.3 | 20.0 | 23.0 | 18.0 | 69 | 6 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 79 | 77 | 74 | 72 | 67 | 62 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 7.5 | 6.2 | 5.7 | 5.4 | 5.5 | 5.2 | 74 | 7 |
| | Average Number of Felony Defendants Filed Per Case | 1.6 | 1.4 | 1.7 | 1.7 | 1.6 | 1.9 | | |
| | Jurors — Avg. Present for Jury Selection | 30.11 | 28.00 | 32.32 | 39.83 | 48.95 | 42.13 | | |
| | Jurors — Percent Not Selected or Challenged | 20.3 | 20.9 | 30.0 | 41.8 | 51.1 | 38.6 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1025 | 23 | 154 | 248 | 16 | 29 | 70 | 90 | 170 | 13 | 126 | 1 | 85 |
| Criminal* | 231 | 9 | 81 | 21 | 33 | 22 | 9 | 29 | 8 | 5 | 2 | 3 | 9 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| ILLINOIS NORTHERN | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 8,422 | 8,093 | 9,056 | 10,584 | 11,126 | 11,135 | | |
| | Terminations | | 7,929 | 8,255 | 8,805 | 11,461 | 10,888 | 10,709 | | |
| | Pending | | 8,091 | 7,711 | 7,914 | 7,706 | 8,699 | 8,587 | | |
| | % Change in Total Filings | Over Last Year | | 4.1 | | | | | 27 | 2 |
| | | Over Earlier Years | | | -7.0 | -20.4 | -24.3 | -24.4 | 81 | 6 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months** | | 15.8 | 5.7 | 12.0 | 9.6 | 22.1 | 17.8 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 382 | 367 | 412 | 481 | 505 | 506 | 62 | 4 |
| | | Civil | 346 | 330 | 369 | 437 | 461 | 459 | 36 | 3 |
| | | Criminal Felony | 24 | 26 | 34 | 32 | 38 | 39 | 93 | 7 |
| | | Supervised Release Hearings** | 12 | 11 | 9 | 12 | 6 | 8 | 77 | 6 |
| | Pending Cases | | 368 | 351 | 360 | 350 | 395 | 390 | 48 | 3 |
| | Weighted Filings** | | 462 | 443 | 485 | 512 | 526 | 525 | 39 | 3 |
| | Terminations | | 360 | 375 | 400 | 521 | 495 | 487 | 66 | 5 |
| | Trials Completed | | 11 | 11 | 13 | 12 | 12 | 14 | 86 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 14.7 | 13.9 | 12.9 | 10.3 | 9.9 | 10.3 | 90 | 7 |
| | | Civil** | 6.2 | 6.5 | 6.9 | 5.9 | 5.5 | 5.5 | 7 | 2 |
| | From Filing to Trial** (Civil Only) | | 29.7 | 26.4 | 27.0 | 28.4 | 26.0 | 26.0 | 65 | 5 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 456 | 500 | 388 | 337 | 442 | 461 | | |
| | | Percentage | 6.5 | 7.4 | 5.6 | 5.0 | 5.6 | 6.0 | 65 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.8 | 1.9 | 1.9 | 1.7 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 45.20 | 45.07 | 51.46 | 39.36 | 45.57 | 43.63 | | |
| | | Percent Not Selected or Challenged | 31.8 | 30.9 | 36.9 | 31.0 | 37.3 | 34.8 | | |

The "12-MONTH PERIOD ENDING SEPTEMBER 30" header spans the year columns 2007–2002.

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7620 | 118 | 150 | 701 | 53 | 55 | 1504 | 902 | 563 | 428 | 1614 | 23 | 1509 |
| Criminal* | 527 | 1 | 152 | 59 | 43 | 107 | 80 | 13 | 6 | 17 | 11 | 11 | 27 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."