**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOVETT AUTO & TRACTOR PARTS, INC., )<br>individually and on behalf of all others )<br>similarly situated, )<br> )<br>       Plaintiff, )<br> )<br>       v. )<br> )<br>CHAMPION LABORATORIES, INC.; )<br>PUROLATOR FILTERS N.A. L.L.C.; )<br>HONEYWELL INTERNATIONAL INC.; WIX )<br>FILTRATION CORP. LLC; CUMMINS )<br>FILTRATION, INC.; THE DONALDSON )<br>COMPANY; BALDWIN FILTERS, INC.; )<br>BOSCH U.S.A.; MANN + HUMMELL U.S.A., )<br>INC.; and ARVINMERITOR, INC., )<br> )<br>       Defendants. )<br>————————————————— )<br> )<br>This Document Relates To: )<br> )<br>*Mark Moynihan v. Champion Laboratories, Inc.* )<br>*et al*, Case No. 1:08-cv-3165 )<br> )<br>————————————————— ) | CIVIL ACTION NO.  1:08-cv-2046<br><br><br>**MOTION FOR FINDING OF**<br>**RELATEDNESS AND**<br>**REASSIGNMENT OF CASE**<br>**PURSUANT TO LOCAL RULE 40.4** |

Plaintiff Mark Moynihan ("Moynihan") respectfully requests that the Court enter an order finding that the case captioned *Mark Moynihan v. Champion Laboratories, Inc. et al*, ("*Moynihan*") Case No. 1:08-cv-3165 (filed June 2, 2008 and assigned to Judge Zagel) is related to the instant action, *Lovett Auto & Tractor Parts, Inc. v. Champion Laboratories, Inc. et al.* ("*Lovett*") (filed Apr. 10, 2008).  A copy of the complaint filed in *Moynihan* is attached hereto as Exhibit A.  Plaintiff Moynihan further requests that the Court recommend to the Executive Committee of the Northern District of Illinois that his case be reassigned to this Court's docket.

Under Local Rule 40.4(a), two or more civil cases may be related if at least one of the following is true:

      (1)     the cases involve the same property;

(2)      the cases involve some of the same issues of fact or law;

(3)      the cases grow out of the same transaction or occurrence; or

(4)      in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a)(1)-(4) (2006).  Moynihan's case is related to *Lovett* within the meaning of Local Rule 40.4(a).  It involves the same issues of fact or law as *Lovett*, grows out of the same occurrence as *Lovett*, and, like *Lovett*, is a class action suit involving a similar putative class (but involving indirect purchasers).  Specifically, Moynihan alleges an antitrust conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, among the same set of defendants,[1] and both cases seek to recover treble damages, equitable relief, expenses and costs of suit for injuries sustained by the named plaintiffs.  Finally, Moynihan and Lovett seek to represent a similar class, which is comprised of direct and indirect purchasers of replacement air, oil, fuel and transmission filters in the United States.[2]

Under Local Rule 40.4(b), a case may be reassigned to another judge if it is related to an earlier-filed case assigned to that judge and each of the following conditions are met:

(1)      both cases are pending in the Northern District of Illinois;

(2)      the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

---

[1] The *Lovett* and *Moynihan* actions name the same ten defendants:  Champion Laboratories, Inc.; Purolator Filters N.A. LLC; Honeywell International Inc.; Wix Filtration Corp. LLC.; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; and ArvinMeritor, Inc.

[2] Other related actions are pending in federal district courts across the country and various motions have been filed before the Judicial Panel on Multidistrict Litigation pursuant to 29 U.S.C. § 1407 seeking consolidation and transfer of all such related actions to a single district court for pretrial purposes.

(3)     the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)     the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b)(1)-(4) (2006).  *Moynihan* satisfies these conditions.  First, it is pending in the Northern District of Illinois.  Second, it is based upon the same factual allegations and asserts similar legal claims and theories present in *Lovett*, so reassigning *Moynihan* to Judge Gettleman will result in a substantial saving of judicial time and effort.  Third, *Moynihan* has not progressed to a point where designating it as related would delay proceedings in *Lovett*.  Finally, because Moynihan involves similar and overlapping issues of law and fact and a putative class similar to *Lovett*, it is susceptible to disposition in the same proceeding.

Accordingly, Moynihan respectfully requests that the Court enter an order:  (i) finding the *Moynihan* case related to the *Lovett* case pursuant to L.R. 40.4; and (ii) requesting that the Executive Committee reassign *Moynihan* to this Court's docket for consolidation with *Lovett*.

Dated:  June 6, 2008               By:     /s/     Paul M. Weiss
                                            Paul M. Weiss (ARDC No. 6217260)
                                            William M. Sweetnam (ARDC No. 6226203)
                                            George K. Lang (ARDC No. 6211537)
                                            Eric C. Brunick (ARDC No. 06285825)
                                            **FREED & WEISS LLC**
                                            111 W. Washington Street, Suite 1331
                                            Chicago, Illinois 60602
                                            (312) 220-0000

                                            Brian Barry
                                            BriBarry1@yahoo.com
                                            **LAW OFFICES OF BRIAN BARRY**
                                            1801 Avenue of the Stars, Suite 307
                                            Los Angeles, California 90067

Avi Wagner
Avi@TheWagnerFirm.com
**THE WAGNER FIRM**
1801 Avenue of the Stars, Suite 307
Los Angeles, California 90067

**Counsel for Plaintiff Mark Moynihan**
  **and Proposed Indirect Purchaser Class**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, affirms that on June 6, 2008 he electronically filed a copy of the attached pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the individuals listed below:

Stewart M. Weltman
**Weltman Law Firm**
77 West Wacker Drive
4800
Chicago, IL 60601

*Attorney for the Plaintiff*

Nicholas J. Siciliano
Timothy Bunker Hardwicke
**Latham & Watkins LLP**
233 South Wacker Drive
5800 Sears Tower
Chicago, IL 60606

Sanya Sarich
**Crowell & Moring**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

Abby F. Rudzin
**O'Melveny & Myers**
Times Square Tower
7 Times Square
New York, NY 10036

Patrick M. Collins
**Perkins Coie LLP**
131 South Dearborn
Suite 1700
Chicago, IL 60603

Stephen David Libowsky
**Howrey Simon Arnold & White, LLP**
321 North Clark Street
Suite 3400
Chicago, IL 60610

Amy P Purcell
**Foley & Lardner**
321 North Clark Street
Suite 2800
Chicago, IL 60610

Brendan J. Healey
**Mandell Menkes LLC**
333 West Wacker Drive
Suite 300
Chicago, IL 60606

Martin J. Dubowsky
**Martin J. Dubowsky, Ltd.**
53 West Jackson Boulevard
Suite 840
Chicago, Il 60604

Attorneys for Defendants

                                         ___ /s/ Paul M. Weiss_____
                                             Paul M. Weiss

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK MOYNAHAN, individually and on behalf of all others similarly situated;<br><br>            Plaintiff,<br><br>   v.<br><br>CHAMPION LABORATORIES, INC.; PUROLATOR FILTERS N.A. L.L.C.; HONEYWELL INTERNATIONAL INC.; WIX FILTRATION CORP. LLC; CUMMINS FILTRATION, INC.; THE DONALDSON COMPANY; BALDWIN FILTERS, INC.; BOSCH U.S.A.; MANN + HUMMELL U.S.A., INC.; and ARVINMERITOR, INC.,<br><br>            Defendants. | No.:<br><br><br>**JURY TRIAL DEMANDED**<br><br>`FILED`<br>`JUNE 2, 2008`      `YM`<br>`08CV3165`<br>`JUDGE ZAGEL`<br>`MAGISTRATE JUDGE ASHMAN` |

## CLASS ACTION COMPLAINT

Plaintiff Mark Moynahan ("Plaintiff"), on behalf of himself and all other indirect purchasers similarly situated in the class defined below, brings this action for treble damages under the antitrust laws of the United States against Champion Laboratories, Inc.; Purolator Filters N.A. L.L.C.; Honeywell International Inc.; Wix Filtration Corp. LLC; Cummins Filtration, Inc.; The Donaldson Company; Baldwin Filters, Inc.; Bosch U.S.A.; Mann + Hummell U.S.A., Inc.; and ArvinMeritor, Inc. (collectively, "Defendants"), and alleges as follows upon information and belief:

## JURISDICTION AND VENUE

1.    This complaint is filed under Section 16 of the Clayton Act (15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act (15 U.S.C. §1) and under state antitrust and consumer protection laws to recover damages and the costs of suit, including

reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of the Defendants' violations of those laws.

2.     Defendants are found or transact business within this district and Defendants' interstate trade and commerce is carried out, in substantial part, in this district. Venue therefore lies within this district under 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c).

3.     This Court has personal jurisdiction over each Defendant because, *inter alia*, each Defendant: (a) transacted business throughout the United States, including in this District; (b) manufactured, sold, shipped and delivered substantial quantities of Filters throughout the United States, including in this District; (c) had substantial contacts with the United States, including in this District; and (d) was engaged in an illegal scheme and price-fixing conspiracy that was directed at and had the intended effect of causing injury to persons residing in, located in, or doing business throughout the United States, including in this District.

4.     The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy. The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and there are members of the Class who are citizens of a different state than the defendants.

## DEFINITIONS

5.     "Filters" includes, among other things, replacement oil, air, fuel and transmission Filters manufactured by the Defendants.  Filters are utilized to remove contaminants from combustion engines and related systems.  Oil Filters remove contaminants from the motor oil used to lubricate an engine's pistons; fuel Filters primarily screen dirt and rust particles from an engine's fuel

lines; air Filters prevent particulate matter from entering an engine's cylinders; and transmission Filters ensure the proper functioning of an engine's transmission systems.

## PARTIES

6.     Plaintiff Mark Moynahan is an individual who resided in New York and California during the time period covered by the Complaint.  Plaintiff purchased Filters indirectly from one or more of the Defendants or their subsidiaries and was injured by reason of the antitrust violations alleged herein.

7.     Defendant Purolator Filters N.A. L.L.C. is headquartered in Fayetteville, North Carolina, with a principal mailing address of 2800 South 25th Ave., Broadview, Illinois 60565. Purolator Filters N.A. L.L.C. is a joint venture between Bosch U.S.A. and Mann + Hummel U.S.A., Inc.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

8.     Defendant Bosch U.S.A. is headquartered in Broadview, Illinois, with its business address at 2800 S. 25th Ave., Broadview, Illinois 60155.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

9.     Defendant Mann + Hummel U.S.A., Inc., is headquartered in Portage, Michigan, with its business address at 6400 S. Sprinkle Road, Portage, Michigan 49002.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

10.     Defendant ArvinMeritor, Inc. is headquartered in Troy, Michigan, with its address at 2135 West Maple Road, Troy, Michigan 48084.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

ArvinMeritor, Inc. owned Purolator Filters N.A. L.L.C. from January 1999 through March 2006. Thereafter it sold Purolator Filters N.A. L.L.C. to Bosch U.S.A. and Mann + Hummel U.S.A., Inc. Hereinafter, Purolator Filters N.A. L.L.C., Bosch U.S.A., Mann + Hummel U.S.A., Inc., and ArvinMeritor, Inc. are collectively referred to as "Purolator."

11.    Defendant Champion Laboratories, Inc. ("Champion") is headquartered at Albion, Illinois, with its business address at 200 S. Fourth St., Albion, Illinois 62806. During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

12.    Defendant Wix Filtration Corp. LLC ("Wix") is headquartered in Gastonia, North Carolina with its address at 1101 Technology Drive, Ann Arbor, Michigan 48108 listed with the North Carolina Secretary of State.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

13.    Defendant Honeywell International, Inc., ("Honeywell") is headquartered at Morristown, New Jersey, with its business address located at 101 Columbia Road, Morristown, New Jersey 07962.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

14.    Defendant Cummins Filtration, Inc., ("Cummins") is headquartered in Nashville, Tennessee, with its business address located at 2931 Elm Hill Pike, Nashville, Tennessee 37214. During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

15.    Defendant The Donaldson Company ("Donaldson") is a corporation headquartered in Minneapolis, Minnesota, with its business address located at 1400 W. 94th St., Minneapolis, Minnesota 55431.  During the time period covered in this compliant, Defendant manufactured,

sold and distributed Filters throughout the United States.

16.    Defendant Baldwin Filters, Inc. ("Baldwin") is headquartered in Kearney, Nebraska, with its business address located at 4400 E. Hwy. 30, Kearney, Nebraska 68848.  During the time period covered in this compliant, Defendant manufactured, sold and distributed Filters throughout the United States.

## CO-CONSPIRATORS

17.    Whenever in this Complaint reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management, direction, control, or transaction of the corporation's business or affairs.

18.    The acts alleged in this Complaint to have been done by Defendants were authorized, ordered and condoned by their parent corporations and authorized, ordered and performed by their officers, directors, agents, employees, or representatives while engaged in the management, direction, control or transaction of their business affairs.

19.    Various other persons, firms, and corporations not named as Defendants have participated as co-conspirators in the violations alleged herein and have performed acts and made statements in furtherance thereof.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure, Rules 23(a) and (b)(3) on behalf of the following class (the "Class"):

> All individuals or entities who, during the period from January 1, 1999 through the present, purchased Filters in the United States indirectly from the Defendants or any of their parents, affiliates, subsidiaries, predecessors or successors in interest, at any time.
>
> Excluded from this Class are Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

21.    Plaintiff is a member of the Class, and Plaintiff's claims are typical of the claims of members of the Class as Plaintiff and all members of the Class are similarly affected by Defendants' wrongful conduct in violation of the antitrust laws. All members of the Class have paid artificially inflated prices for Filters. Additionally, all members of the Class were harmed because Defendants' anticompetitive practices deprived the Class members of competitive markets for Filters.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that Class members number at least in the hundreds if not thousands and thus are sufficiently numerous and geographically dispersed throughout the United States so that joinder of all members is impracticable.

22.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in the prosecution of class actions and antitrust litigation.

23.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Such common

questions of law and fact include:

  a.    Whether Defendants and their co-conspirators engaged in a conspiracy to fix, raise, maintain or stabilize the price of Filters;

  b.    Whether Defendants' wrongful conduct caused antitrust injury to Plaintiff and the other members of the Class;

  c.    Whether the unlawful conduct of Defendants caused Plaintiff and the other Class members to pay more for Filters than they otherwise would have paid absent Defendants' conduct;

  d.    The appropriate Class-wide measure of damages; and

  e.    The appropriate scope of injunctive relief.

24.    Plaintiff knows of no difficulty that would prevent this case from being maintained as a class action and class action treatment is a superior method for the fair and efficient adjudication of this controversy. Class action treatment will, among other things, allow a large number of similarly situated persons and/or entities to prosecute their common claims in a single forum, thus avoiding the unnecessary duplication of resources that numerous individual actions would require. Moreover, class action treatment allows injured persons the ability to seek redress on claims that might be impracticable to pursue individually.

## TRADE AND COMMERCE

25.    At all material times, Defendants provided Filters to their customers across state lines.

26.    During the relevant time period, in connection with purchase and sale of Filters, monies us well as contracts, bills and other forms of business communication and transactions were transmitted in continuous and uninterrupted flow across state lines.

27.    During the relevant time period, various devices were used to effectuate the illegal acts alleged herein, including the United States mail, interstate travel, and interstate commerce. The activities of Defendants as charged in this Complaint were within the flow of, and have

substantially affected, interstate commerce.

## THE FILTERS INDUSTRY

28.    Filters are utilized to remove contaminants from combustion engines and related systems. Filters become less effective over time as contaminants are filtered out of the respective engine systems, and they are designed to be replaced periodically. Replacement Filters are purchased to replace original equipment Filters included in new motors.

29.    Oil, air, fuel and transmission Filters are primarily sold into two separate channels: (i) to Original Equipment Manufacturers ("OEM") and (ii) to aftermarket sellers of replacement Filters ("Aftermarket Sellers").

30.    OEMs purchase Filters for use in connection with new vehicles. These Filters are installed in vehicles during the production process.

31.    The United States Filters markets are highly concentrated, with just a handful of major producers manufacturing and producing these products. This concentration, as well as interlocking business arrangements, assisted Defendants in successfully implementing their conspiracy. For example, in April 2006, Defendant ArvinMeritor sold Defendant Purolator to Defendants Bosch and Mann + Hummel. Defendants Bosch and Mann + Hummel now operate Defendant Purolator as a joint venture. Mann + Hummel, CEO Dieter Seipler has stated that "it was a natural alliance because Bosch is a major private-brand customer far Mann + Hummel in Europe and in other regions of the world."

32.    Annual revenues for Filters markets in the United States are approximately $3 billion to $5 billion.

33.    On January 19, 2006, William G. Burch, former employee of both Purolator N.A. L.L.C. and Champion, filed a complaint against Champion in state court in Tulsa, Oklahoma,

alleging, among other things, that Mr. Burch was wrongfully terminated form his employment with Champion for knowing about, and subsequently reporting to authorities, the antitrust violations alleged in the Pending Actions.

34.    On March 25, 2008, Burch, a former National Accounts and Division Sales Manager for Defendant Champion, executed an affidavit under oath in *Champion Laboratories. Inc. v. Burch,* 06-CV-4031 (JPG) (S.D. Ill.).  This affidavit, which is made on the basis of personal knowledge, states as follows:

    a.    Burch "became aware that Champion was involved in activities with Champion's competitors that constitute price-fixing. For example, Champion provided information concerning price increases to competitors before it provided that information to consumers or to the general public. Champion was also given advance information about price increases by its competitors. Further information is set forth accurately and in detail in the mediation statement dated September 21, 2007, that I understand will be filed under seal in this case."

    b.    Burch also stated that "[d]uring the time I worked for Champion, I was directed by Champion to conduct discussions regarding 'pricing' with employees of competitors of Champion. I refused to conduct those discussions."

35.    Many of the allegations contained herein, particularly those with respect to the specifics of meetings between the Defendants, are based on alleged recorded conversations and the personal knowledge of this former employee.

36.    As a Division Sales Manager responsible for monitoring and coordinating terms of sales, the former employee was privy to, among other things, exchanges of confidential pricing materials by which Defendants unlawfully agreed to the timing and magnitude of price increases throughout the Class period.  These include, among other acts, the following:

    a.    on June 28, 1999, a Purolator executive faxed an executive at Honeywell a letter which announced a 6% increase on all

Purolator branded Filters effective August 15, 1999, but did not send a price increase notification to Purolator's customers until July 1999;

b.    at a trade convention called the Heritage Show in May 1999, representatives of Defendants agreed in person, on behalf of their respective employers, to raise prices for Filters, and Defendants later raised prices in accordance with the wrongful agreements reached at the Heritage Show;

c.    in February 2004, Champion's President informed his sales team that Champion was about to raise prices and told them to make sure Champion's "competitors" were aware of the increase and adjusted their prices accordingly, both in timing and amount, pursuant to wrongful agreements previously reached, which the employees accomplished by meeting with Defendants' representatives;

d.    in 2004, an internal Champion e-mail with the subject line "Price Increases" confirmed that the other Defendants were in agreement regarding a coordinated price increase; and

e.    pursuant to the unlawful agreement, Defendants each instituted similar price increases, in amounts of approximately 4-6%, at the same times.

37.    Defendants engaged in repeated in-person meetings to further their anticompetitive scheme. Many of these meetings occurred at the annual Filter Manufacturers Council meeting in Nashville, Tennessee. The Filter Manufacturers Council is a trade organization comprised of the Defendants and other industry participants.

## DAMAGES

38.    During the Class Period, Plaintiff and the other members of the class purchased Filters indirectly from Defendants, or their subsidiaries, agent, or co-conspirators, and by reason of the antitrust violations herein alleged, paid more for such products than they would have paid in the absence of such antitrust violations. As a result, Plaintiff and the other members of the Class have sustained damages to their business and property in an amount to be determined at

10

trial.

## FRAUDULENT CONCEALMENT

39.    Plaintiff and other members of the Class had no knowledge of Defendants' unlawful scheme and could not have discovered Defendants' unlawful conduct at an earlier date by the exercise of due diligence.  Defendants affirmatively concealed their illegal acts and these acts only recently became known to the public through filings in the aforementioned litigation in the Southern District of Illinois. As a result of Plaintiff's lack of knowledge of the effects of Defendants' unlawful scheme, Plaintiff asserts the tolling of any applicable statutes of limitations affecting the right of action by Plaintiff and other members of the Class.

40.    Moreover, Defendants' actions constitute a continuing violation in that Defendants' anticompetitive practices resulted in unlawfully priced Filters, and each and every such transaction at artificially inflated prices is an overt act that injured Plaintiff and other members of the Class. These artificially inflated prices continue to exist in the relevant markets as Defendants' have yet to cease their unlawful conduct. Upon each and every instance that Defendants failed to disclose their illegal conduct and their effect on the prices paid by Plaintiff and the Class, Defendants knew or should have known that the undisclosed information was material to those who purchased such products.

41.    In addition, Defendants committed numerous additional overt acts in furtherance of their conspiracy, both within and prior to four years from the date of the filing of this Complaint. Such overt acts include the illegal meetings and communications regarding Filter prices described herein.

42.    Therefore, each instance in which Defendants engaged in the conduct complained of herein and each instance in which a Class member unknowingly paid supra-competitive prices

for Filters constitutes part of a continuing violation and operates to toll any applicable statutes of

limitation. Furthermore, Defendants are estopped from relying on any statute of limitations

defense because of their unfair and deceptive conduct.

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

43.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

every allegation set forth in the preceding paragraphs of this Complaint.

44.    Beginning at a time presently unknown to Plaintiff, but at least as early as January

1, 1998 and continuing through December 31, 2005, the exact dates being unknown to Plaintiff,

Defendants and their co-conspirators entered into a continuing agreement, understanding, and

conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Filters

in the United States, in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

45.    In formulating and carrying out the alleged agreement, understanding, and

conspiracy, the Defendants and their co-conspirators did those things that they combined and

conspired to do, including but not limited to the acts, practices, and course of conduct set forth

above, and the following, among others:

- To fix, raise, maintain and stabilize the price of Filters;

- To allocate markets for Filters among themselves;

- To submit rigged bids for the award and performance of certain Filters
  contracts; and;

- To allocate among themselves and collusively reduce the production of
  Filters.

12

The combination and conspiracy alleged herein has had the following effects, among others:

- Price competition in the sale of Filters has been restrained, suppressed, and/or eliminated in the United States;

- Prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

- Those who purchased Filters directly or indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

46. Plaintiff has been injured and will continue to be injured in its business and property by paying more for Filters purchased indirectly from the Defendants and their co-conspirators than he would have paid and will pay in the absence of the combination and conspiracy, including paying more for products in which a Filter(s) is a component as a result of higher prices paid for Filters by the manufacturers of those products.

47. Plaintiff and the class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein.

## **Second Claim for Relief**

### **(Violation of the California Cartwright Act)**

48. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

49. Defendants' contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly within the State of California, and Defendant's conduct within California injured all members of the Class throughout the United States. Therefore, this

claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

50.    Beginning at a time presently unknown to Plaintiff, but at least as early as January 1, 1999, and continuing thereafter, Defendants and their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce described above in violation of Section 16720, California Business and Professional Code.  Defendants, and each of them, have acted in violation of Section 16720 to fix, raise, stabilize and maintain prices of, and allocate markets for, Filters at supra-competitive levels.

51.    The aforesaid violations of Section 16720, California Business and Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of action among the Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, Filters.

52.    For the purpose of forming and effectuating the unlawful trust, the Defendants and their co-conspirators have done those things which they combined and conspired to do, including but in no way limited to the acts, practices and course of conduct set forth above and the following:

-    to fix, raise, maintain and stabilize the price of Filters;

-    to allocate markets for Filters amongst themselves;

-    to submit rigged bids for the award and performance of certain Filters contracts; and

-    to allocate amongst themselves the production of Filters.

53.    The combination and conspiracy alleged herein has had, inter alia, the following effects:

- price competition in the sale of Filters has been restrained, suppressed and/or eliminated in the State of California and throughout the United States;

- prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels in the State of California and throughout the United States; and

- those who purchased Filters from Defendants and their co-conspirators have been deprived of the benefit of free and open competition.

54. Plaintiff and the other members of the Class paid supra-competitive, artificially inflated prices for products where Filters is a component.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property in that they paid more for products where Filters is a component than they otherwise would have paid in the absence of Defendants' unlawful conduct. As a result of Defendants' violation of Section 16720 of the California Business and Professions Code, Plaintiff seeks treble damages and the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code.

## Third Claim for Relief

### (Violation of the California Unfair Competition Law)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

57. Defendants' business acts and practices were centered in, carried out, effectuated and perfected mainly within the State of California, and Defendant's conduct within California injured all members of the Class throughout the United States.  Therefore, this claim for relief

under California law is brought on behalf of all members of the Class, whether or not they are California residents.

58.    Beginning on a date unknown to Plaintiff, but at least as early as January 1, 1999, and continuing thereafter, Defendants committed and continue to commit acts of unfair competition, as defined by Sections 17200, et seq. of the California Business and Professions Code, by engaging in the acts and practices specified above.

59.    This Claim is instituted pursuant to Sections 17203 and 17204 of the California Business and Professions Code, to obtain restitution from these Defendants for acts, as alleged herein, that violated Section 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

60.    The Defendants' conduct as alleged herein violated Section 17200.  The acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged herein, constituted a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Section 17200, et seq., including, but not limited to, the following:

The violations of Section 1 of the Sherman Act, as set forth above;

The violations of Section 16720, et seq., of the California Business and Professions Code, set above;

Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, et seq. of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

Defendants' act and practices are unfair to consumers of where products where Filters is a component in the State of California and throughout the United States, within the meaning of Section 17200, California Business and Professions Code; and

Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

61.     Plaintiff and each of the Class members are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants as a result of such business acts or practices.

62.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

63.     The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and artificially-inflated prices for products where Filters is a component. Plaintiff and the members of the class suffered injury in fact and lost money or property as a result of such unfair competition.

64.     The conduct of Defendants as alleged in this Complaint violates Section 17200 of the California Business and Professions Code.

65.     As alleged in this Complaint, Defendants and their co-conspirators have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition. Plaintiff and the members of the Class are accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business practices, pursuant to the California Business and Professions Code, Sections 17203 and 17204.

## Fourth Claim for Relief

### (Violation of State Antitrust and Unfair Competition Laws)

66.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

67.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Alabama Code §§8-10-1 et seq.

68.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

69.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

70.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Iowa Code §§553.1 et seq.

71.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

72.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

73.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

74.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

75.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

76.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

77.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

78.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

79.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

80.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

81.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of the Pennsylvania common law.

82.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

83.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

84.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

85.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 et seq.

86.    By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

87.    Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for products where Filters is a component.  As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for products where Filters is a component than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## Fifth Claim for Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

88.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

89.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

90.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§45.50.471 et seq.

91.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 et seq.

92.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 et seq.

93.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 et seq.

94.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480 et seq.

95.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §48-601 et seq.

96.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. §50-623 et seq.

97.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

98.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. §207 et seq.

99.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code §30-14-101 et seq.

100.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

101.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. §57-12-1 et seq.

102.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York Gen. Bus. Law §349 et seq.

103.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

104.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Oregon Rev. Stat. §646.605 et seq.

105.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

106.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Laws §39-5-10 et seq.

107.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code §13-11-1 et seq.

108.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vermont §2451 et seq.

109.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code §46A-6-101 et seq.

110.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyoming Stat. §40-12-105.

111. Class Members in the states listed above paid supra-competitive, artificially inflated prices for products where Filters is a component.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property in that they paid more for products where Filters is a component than they otherwise would have paid in the absence of Defendants' unlawful conduct.

## Sixth Claim for Relief

### (Unjust Enrichment and Disgorgement of Profits)

112.  Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

113.  Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

114.  Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

115.  Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully prays:

A.     that this Court declare this action to be a proper class action under Fed. R. Civ. P. 23(b)(3) on behalf of the Class as defined herein, and direct that reasonable notice of this action, as provided by Fed. R. Civ. P. 23(c)(2), be given each member of the class;

B.     that this Court declare the unlawful combination and conspiracy alleged herein to be an unreasonable restraint of trade of commerce in violation of § 1 of the Sherman Act, 15 U.S.C. § 1;

C.     that this Court enjoin, preliminarily and permanently, Defendants from continuing the unlawful combination and conspiracy alleged herein;

D.     that this Court award Plaintiff and each member of the Class damages, as provided by law, and that joint and several judgments in favor of Plaintiff and each member of the Class be entered against Defendants and each of them in an amount to be trebled in accordance with the antitrust laws;

E.     that this Court award Plaintiff and the Class the costs of this suit (including expert fees), and reasonable attorneys fees, as provided by law; and

F.     that this Court award such other and further relief as the nature of this case may require or as may be just, equitable and proper to this Court.

**JURY DEMAND**

Plaintiff demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), of all issues so triable.

**DATED**:  June 2, 2008                      Respectfully submitted,

                                             **MARK MOYNAHAN,**
                                             **Class Plaintiff,**

                                             By:    s/Paul M. Weiss
                                                     One of His Attorneys

                                             Paul M. Weiss
                                             William M. Sweetnam
                                             George K. Lang
                                             **FREED & WEISS LLC**
                                             111 West Washington Street, Suite 1331
                                             Chicago, Illinois  60602
                                             (312) 220-0000

                                             Brian Barry
                                             BriBarry1@Yahoo.com
                                             **LAW OFFICES OF BRIAN BARRY**
                                             1801 Avenue of the Stars, Suite 307
                                             Los Angeles, California 90067
                                             (310) 788-0831

                                             Avi Wagner
                                             Avi@TheWagnerFirm.com
                                             **THE WAGNER FIRM**
                                             1801 Avenue of the Stars, Suite 307
                                             Los Angeles, California 90067
                                             (310) 491-7949

                                             **Attorneys for Plaintiff**
                                             **and Proposed Indirect Purchaser Class**